JEANNETTE MARTELLO, individually; and
JYM, LLC, a Nevada limited liability
company,

      Plaintiffs,

v.                     **Case No.: 6:12-cv-01304-23GJK**

PRODUCT QUEST MANUFACTURING, LLC,
a Florida limited liability company; JOHN T.
REGAN, individually; and PRODUCT
QUEST MANUFACTURING, INC.,

      Defendants.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant

to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | **12/27/2012** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | **Completed** |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | **01/14/2013** |
| **Disclosure of Expert Reports**             **Party with burden of proof:**               **Rebuttal reports:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | **10/16/2013** **11/16/2013** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **01/03/2014** |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | **01/31/2014** |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)<br>[Court recommends 6 weeks before Trial] | **03/31/2014** |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | **06/01/2014** |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **07/01/2014** |
| **Estimated Length of Trial**   [trial days] | **Five (5)** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation**                                                     **Deadline:**<br>**Mediator:**<br>**Address:**<br><br><br><br>**Telephone:**<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **February 2014**<br>**Emery H. Rosenbluth.**<br>**1015 Maitland Ctr. Commons Blvd. Maitland, FL 32751**<br>**(321) 263-0300** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes___   No_X_**<br><br>**Likely to Agree in Future _____** |

## I. Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on **November 27, 2012 at 10:00 a.m. at GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, Florida 32801** and was attended by:

| Name | Counsel for: |
|------|--------------|
| **Jeremy S. Rogers**[2] | **Plaintiffs** |
| **Lawrence Kosto** | **Plaintiffs** |
| **Richard E. Mitchell** | **Defendants** |
| **Justin T. Marshall** | **Defendants** |

## II. Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

**The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by December 27, 2012.**

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

[2] Pursuant to Court's Order dated November 6, 2012, Mr. Rogers attended the meeting by telephone. Doc. 27.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section III below.

## III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

____ no party anticipates the disclosure or discovery of ESI in this case;

__X__ **one or more of the parties anticipate the disclosure or discovery of ESI in this case.**

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

**A. The form or forms in which ESI should be produced.**

**The parties have agreed that documents and electronically stored information shall be produced electronically in a format agreed to by the parties. At present, the parties agree as follows:**

**Disclosure or discovery of electronically stored information ("ESI") shall be produced/disclosed in electronic form with appropriate load files (e.g., producing .TIF, .PDF, or .JPG images with associated load files for use in searchable databases such as Concordance). Documents kept only in paper form may be scanned into .TIF, .PDF, or .JPG images and produced/disclosed in**

_____

[3] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

lieu of providing paper copies to the extent the producing party has scanned such paper documents into electronic images for its own use related to this case. All documents will be produced/disclosed with OCR, or otherwise made word-searchable (e.g., text extraction) by the producing party, but only to the extent the producing party has used OCR or word-searchable formats for its own use related to this case, and any such OCR data shall be produced/disclosed with appropriate database load files for the images. For the sake of clarity, a producing party will not "strip" or delete the searchable text from ESI documents during the collection or production process. Each electronic production volume will include the following components as applicable: document images (.TIF, .PDF, or .JPG format); any text files (one per document containing OCR or extracted text); and any native files (files produced/disclosed in native format, with a corresponding placeholder image).

The parties contemplate that, in limited circumstances, certain files may be produced in native format, particularly if file conversion is impracticable or cost prohibitive (e.g., large spreadsheet documents, multimedia files, database files, source code files, or any similar types of documents/files that cannot easily be utilized in .TIF, .PDF, .JPG format). The parties have agreed to consider the production of native format documents on a case-by-case basis, upon

request and alleged good cause basis for same. These documents/files will be produced/disclosed in native format, with a corresponding placeholder image, and included in a load file with the information set forth below.

The producing party need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity or spoliation exist with respect to specific documents and materials. If receiving party believes that there is such good cause, then the producing party and the receiving party shall meet and confer in good faith to determine the extent to which forensic and other data associated with the specific documents and materials should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

The parties agree that the clawback and no-waiver provisions described elsewhere in this Joint Statement apply with equal force to e-mail discovery.

C. **Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.**

The parties agree that metadata, in general, is not discoverable absent a showing of good cause. Notwithstanding that agreement, the parties agree to provide, at minimum, load files with limited metadata concerning the nature of the collected document to the extent it is available during document collection:

> Production Number Begin; Production Number End; Attachment Indicator; Attachment Production Number Begin; Attachment Production Number End; Custodian (or source); Author(s) (may include multiple entries); Recipient(s) (may include multiple entries); File Name/Title (or Subject for e-mail); File Create Date; File Modify Date; Confidentiality Designation; Original File Type (e.g., .doc, .pdf, hardcopy, etc.).

The parties also agree to consider, on a case-by-case basis, the production of additional metadata should good cause exist.

D. **The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.**

<u>Accessible ESI</u>: The parties agree that reasonably accessible sources of ESI include electronic documents stored on computer networks, hard drives, shared network drives, desktop, workstation and company-issued laptop hard drives. Each party will conduct a reasonably diligent search of those reasonably accessible sources

in which it has reason to believe relevant ESI responsive to discovery requests will be found.

Inaccessible ESI:  The Parties agree that tape, removable disk, or other media primarily used for back-up or disaster recovery purposes are not "reasonably accessible," and are not subject to production absent a showing of good cause.  Archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of a party's business operations need not be searched or produced absent a showing of good cause.  Furthermore, the parties are not required to restore archival or disaster recovery back-up tapes, and none of the parties need to deviate from any back-up schedule or other practice normally followed with regard to preservation of such materials (e.g., recycling of back-up tapes conducted in the ordinary course of a party's business operations is permitted).

The parties further agree that "deleted," "slack," "fragmented," or "unallocated" data, or random access memory (RAM) or other ephemeral data need not be preserved or produced.  The parties also agree that ESI from PDAs, cell phones, text messages, online chats, voicemails, and similar media need not be preserved or produced absent a showing of good cause.

**E.** **The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.**

      **The parties anticipate that relevant documents may be kept on central servers (e.g., file servers, e-mail servers, accounting and ERP systems), as well as on the company-issued personal machines used by one or more employees.**

**F.** **Any issues relating to preservation of discoverable ESI.**

      **The Parties understand their obligations to preserve discoverable information, and have taken affirmative steps to ensure such preservation.**

**G.** **Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.**

      1.  Inadvertent Disclosure

      **Nothing in this Report or ensuing Order shall require production of documents, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, immunity, or constitutional or statutory privacy protection (e.g., Health Insurance Portability and**

Accountability Act ("HIPPA") or the Privacy Act of 1974, or foreign laws applicable to foreign entities).  If documents, information or other material is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

If any such discovery material is inadvertently produced, the recipient of the discovery material agrees that, upon discovery or notification of such a disclosure, it will: (a) promptly return or destroy the discovery material and all copies of the discovery material in its possession; (b) delete any versions of the discovery material from any database it maintains as soon as reasonably practical; (c) retrieve all electronic and paper copies of the discovery material provided to any third parties, including experts; and (d) destroy any notes that reveal the substance of the protected information. In the event of disagreement, until such time as the disagreement is resolved, the receiving party will return the discovery material and will not review or use the discovery material or its contents for any purpose, including using the contents of the discovery material to argue that the material is not privileged.

If the substance of the protected discovery material is discussed in a deposition prior to the time of discovery or notification of the inadvertent disclosure, the parties agree that such testimony will be sealed by the court reporter upon request of the producing party and may not be used for any purpose until further order of the Court.

Within ten (10) business days after receiving notice of the inadvertent disclosure, the producing party shall provide a log that describes the basis for the claim that the discovery material is privileged or otherwise protected from disclosure. After the receipt of a privilege log, any party may dispute a claim of privilege, however, prior to any submission to the Court for an in camera review, the party disputing a claim of privilege shall provide in writing the identification of the documents for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the documents are not privileged. Within ten (10) business days, the party seeking to support the claim of privilege shall provide a written response supporting the claim of privilege (including legal support). The parties will then meet and confer in good faith as to the claims of privilege. If agreement cannot be met after five (5) business days, any party may thereafter

**move for leave of Court to submit the discovery material under seal for the Court's determination as to privilege.**

2.  Confidentiality Protections

**The parties contemplate that this action will involve the production of materials and information of a proprietary and confidential nature, and that a Confidentiality Agreement should be entered between the parties and enforced by the Court. The parties contemplate that this action will involve discovery from third-parties, and that such third-parties may request or require protection under the Confidentiality Agreement. The parties therefore request that the protections of the Confidentiality Agreement be available to third-parties, and enforced by the Court if necessary. The parties further contemplate that certain filings with the Court may include or attach materials that include confidential information, the public disclosure of which could present substantial competitive or financial harm to the producing party, and therefore contemplate that such documents may necessitate filing under seal.**

**If any motion, memoranda, or other document filed with the Court incorporates or attaches materials designated as confidential, the filing party will prepare and file a redacted**

version for filing, and prepare and file a motion for leave to file the confidential materials under seal, indicating the general nature of the materials, the confidentiality designation applied, and the party responsible for such designation. The burden of demonstrating the need for under-seal treatment of discovery materials shall remain with the producing (designating) party. The designating party shall be responsible for preparing and submitting to the Court any appropriate declaration(s) or other material necessary to demonstrate that under-seal filing is appropriate. The parties anticipate that a Confidentiality Agreement between the parties shall govern the production and handling of highly sensitive source code files and nothing herein shall be deemed an admission that a party shall produce such source code files in the absence of further protections for the handling of such source code files.

To the extent a disagreement arises regarding the propriety of a documents confidentiality designation, the parties agree to meet-and-confer in good faith in order to resolve any such dispute. Should motion practice or Court intervention be required to secure re-designation of documents, then the successful party may seek recovery of its

**attorneys' fees and costs associated with such motion practice.**

3.  No Waiver

**Nothing in this Report or ensuing Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the parties to assert any applicable discovery or trial privilege or protection.**

**Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged, work product, or similarly protected ESI discovery material (e.g., subject to privacy protections) is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.**

**Production of documents or materials by each of the parties or third-parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.**

**H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.**

**At this time, the parties have not requested that discovery of ESI be conducted in phases, except as expressly described herein.**

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each:

**None at this time.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

_ **X** _**all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.**

**IV. Agreed Discovery Plan for Plaintiffs and Defendants**

    **A. Certificate of Interested Persons and Corporate Disclosure Statement**

        This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

        Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

      **_X_ Yes**   ___ No    Amended Certificate will be filed by _____ (party) on or before _____ (date).

    **B. Discovery Not Filed —**

        The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**No further agreements, (hereinafter "NFA")**

**C. Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. **Depositions**

   **NFA**

2. **Interrogatories**

   **NFA**

3. **Document Requests**

   **NFA**

4. **Requests to Admit**

   **NFA**

### 5. Supplementation of Discovery

**NFA**

### D. Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**NFA**

### E. Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**NFA**

### F. Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal.

The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

> **The parties will continue their good faith discussions in good faith as to whether a confidentiality agreement is warranted in this case, and if not good cause exists or arises for same, the parties will attempt to reach good faith agreement on the terms and conditions thereof.**

**G. Other Matters Regarding Discovery —**

      **None.**

**V. Settlement and Alternative Dispute Resolution.**

    **A. Settlement —**

The parties agree that settlement is ____ likely _X_ **unlikely**

The parties request a settlement conference before a United States

Magistrate Judge: _X_ **yes** ____ no ____ likely to request in future

    **B. Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes _X_ no ____ likely to request in future

____ Binding ____ Non-Binding

    **C. Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative

dispute resolution:

**Informal settlement communications under Fed. R. Evid. 408.**


Respectfully submitted this 11th day of December, 2012.

**/s/   JEREMY S. ROGERS**
JEREMY S. ROGERS, ESQ.
*(Admitted Pro Hac Vice)*
jeremy.rogers@dinsmore.com
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2384   Telephone
(502) 585-2207   Facsimile
*Lead Counsel for Plaintiff*
*Jeannette Martello and JYM, LLC*

- and -

RICHARD D. SIERRA, ESQ.
Florida Bar No.: 0937029
rsierra@kostoandrotella.com
KOSTO & ROTELLA, P.A.
425 East Washington Street
Orlando, Florida 32802
(407) 425-3456   Telephone
(407) 423-9002   Facsimile
*Local Counsel for Plaintiff*
*Jeannette Martello and JYM, LLC*

**/s/   RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
JUSTIN T. MARSHALL, ESQ.
Florida Bar No.: 0086119
justin.marshall@gray-robinson.com
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880   Telephone
(407) 244-5690   Facsimile
*Lead Counsel for Defendants*
*Product Quest Manufacturing, LLC,*
*Product Quest Manufacturing, Inc.,*
*and John T. Regan*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of December, 2012, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

**/s/   RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.