UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEANNETTE MARTELLO,** individually;
and **JYM, LLC,** a Nevada limited
liability company,

**Plaintiffs,**

v.                                                         Case No.:6:12-CV-1304-ORL-22GJK

**PRODUCT QUEST**
**MANUFACTURING, LLC,** a Florida
limited liability company; **JOHN T.**
**REGAN,** individually; and **PRODUCT**
**QUEST MANUFACTURING, INC.**

**Defendants**

### DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION EXCLUDE TESTIMONY AND OPINIONS OF PLAINTIFFS' EXPERT WITNESS

Plaintiffs Jeannette Martello and JYM, LLC ("Plaintiffs") hereby submit their Sur-Reply in Support of Opposition to Opposition to Motion to Exclude Testimony and Opinions of Plaintiffs' Expert Witness ("Sur-Reply"). Defendants Product Quest Manufacturing, LLC, John T. Regan, and Product Quest Manufacturing, Inc. (collectively, "Defendants") argue that because Plaintiffs did not produce to them one e-mail attached to the November 12, 2013 report of their expert witness, Plaintiffs have been sufficiently prejudiced that Mr. Adam's report and testimony should be excluded.  Neither Defendants'' initial motion or their reply establishes sufficient prejudice for this extreme sanction.

There are several reasons why no prejudice has been shown:

1

First, the e-mail in question is **from defendant** John T. Regan **to plaintiff Jeannette Martello**. Accordingly, it is almost certainly in Defendant Regan's possession. Although Defendants now deny that such e-mail is in their possession, its contents should come as no surprise to them, as Defendant Regan drafted it.

Second, it has been established that the omission of the e-mail was in fact an innocent mistake.[1] It was also a mistake not by Plaintiffs, but by their former counsel. After having an opportunity to discuss this issue with their former counsel, Plaintiffs have provided to Defendants undeniable proof that they provided the subject e-mail to their former counsel on April 19, 2012.[2] Plaintiffs' former counsel confirmed to Plaintiff that their failure to produce the document was inadvertent.

Lastly, *Bray & Gillespie* is completely distinguishable from the facts at hand. In that case, the non-producing party was once ordered by a court to produce certain documents in April and June, 2008. *Bray & Gillespie*, 259 F.R.D. 591, 594-596 (M.D. Fla. 2009). The non-producing party did not even start to look for the documents until December 2008. Id. at 594. The non-producing party had other, additional discovery orders entered against it previously in the litigation. Id. at 594-597. The non-producing party's conduct was found to be an

---

[1] Plaintiffs submit that much of the full paragraph set forth on page 2 of the reply is a thinly veiled, irrelevant, *ad hominem* attack on Dr. Martello that should be stricken and disregarded.

[2] The parties agreed at the deposition of Dr. Martello on November 26, 2013 that the documentary proof of the date of the production would be "ATTORNEY'S EYES ONLY" and that the only waiver of attorney-client privilege would be the production of the document itself.

intentional effort to prevent the other party from seeking discovery contradicting the expert report which relied on the non-produced documents.  Id.

In this case, Plaintiff provided the e-mail in question to her counsel on April 19, 2012.  Plaintiff's counsel was to provide this documents in response to Defendants' requests for production (which response was provided in January, 2013), but counsel inadvertently failed to do so.  There is no reason to believe that Plaintiffs were playing 'hide the ball,' as it is extremely unlikely that they would even think that they could do so:  How could Plaintiffs play hide the ball with a document created by a named Defendant?  Nor has this Court entered any discovery sanctions or orders against Plaintiffs, or made any findings of wrongdoing by Plaintiffs.  Nor would there have been cause for any such finding.

## Conclusion

For the foregoing reasons, Plaintiffs request that Defendants' motion to exclude the testimony and opinions of Plaintiffs' expert be denied in its entirety.

Respectfully submitted this 2nd day of December, 2013.

/s/ JUSTIN SOBODASH
Justin Sobodash, Esq.
California Bar No.: 217450
Justin@Sobodashlaw.com
8335 W. Sunset Blvd., Suite 302
West Hollywood, CA 90069
Tel. 323.337.9010
Fax 323.656.7155

*Lead Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2013, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system.

<u>**/s/ JUSTIN SOBODASH**</u>