UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNETTE MARTELLO and JYM, LLC,

        Plaintiffs,

v.                                      Case No: 6:12-cv-1304-Orl-22GJK

PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN and PRODUCT QUEST MANUFACTURING, INC.,

        Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF PLAINTIFFS' EXPERT WITNESS (Doc. No. 38)** |
| **FILED:** | October 28, 2013 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENLARGEMENT OF DEADLINE TO DISCLOSE DEFENDANTS' EXPERT WITNESSES (Doc. No. 42)** |
| **FILED:** | November 14, 2013 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

On August 24, 2012, Plaintiffs Jeannette Martello ("Martello") and JYM, LLC ("JYM") filed a complaint in this court against Defendants Product Quest Manufacturing, LLC, John T. Regan, and Product Quest Manufacturing, Inc., asserting various claims arising out of a failed business relationship between Plaintiffs and Defendants. Doc. No. 1. In the Case Management and Scheduling Order entered in the case on December 13, 2012 (Doc. No. 29), the deadline for Plaintiffs to disclose their expert reports was set as October 16, 2013; the deadline for Defendants to disclose their expert reports was set as November 15, 2013; the discovery deadline was set as January 3, 2014; and the dispositive motions/*Daubert* deadline was set as January 31, 2014. Trial was set for the term beginning July 1, 2014.

From the record, it appears that the parties, and particularly the Plaintiffs, did not aggressively pursue discovery until October 2013. Plaintiff retained an expert witness to testify about damages, but at some point shortly before October 16, 2013, Plaintiffs realized that their expert would not be in a position to disclose his report by the expert witness by the deadline. On the day the report was due, counsel for Plaintiffs asked counsel for Defendants to agree to an extension of time for making the expert disclosure. Counsel for Defendants refused the request. Plaintiffs, rather than filing a motion requesting an extension of time to serve the report, served a "expert report" on Defendants that did not satisfy the requirement of the Federal Rules of Civil Procedure 26 in several respects. The report was in the form of a letter from the expert to Plaintiffs' counsel.

In the report, the expert stated three opinions. First, he opined that "damages for excess inventory produced and written off are $503,222." He based this opinion "on the most recent Balance Sheet." His second opinion was that "damages for lost profits on inventory written off are $179,675." He based this opinion "on the most recent Profit & Loss." His third opinion was

that "damages for unauthorized marketing expenses are $52,715." He based this opinion on the 2007 and 2008 General Ledgers. He stated that his opinions were based on "information I have received to date," but he further stated that "[t]here are additional facts and data that the plaintiff has requested from the defendant," and that he was "hoping to receive this information which may provide a basis for me to expand my damage calculations." The expert attached to his letter a statement of his hourly rates and the amount he had billed for his services to that point. He also attached copies of the documents upon which he based his preliminary opinions, a curriculum vita, and a summary of his history as an expert witness.

On October 28, 2013, Defendants' filed the pending motion to exclude the testimony and opinions of Plaintiffs' expert witness. Doc. No. 38. In the motion, Defendants argued that Plaintiffs' expert disclosure was deficient under Federal Rule of Civil Procedure 26(b)(2)(B), and that exclusion of the testimony and opinions of the expert was the appropriate sanction under Federal Rule of Civil Procedure 37(c). Plaintiffs filed an opposition to the motion on November 12, 2013. Doc. No. 39. Plaintiffs did not dispute that their disclosure was deficient, but stated that on November 12, 2013, they served Defendants with a supplemental disclosure that complied with the requirements of Rule 26. They argue that Defendants were not prejudiced by the fact that the disclosure was untimely. On November 22, 2013, Defendants filed a reply (Doc. No. 46), and on December 2, 2013, Plaintiffs filed a sur-reply (Doc. No. 49).

Under Federal Rule of Civil Procedure 26(b)(2)(B), Plaintiffs' expert witness is required to provide Defendants with a report that includes the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

>   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>   (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* "'Disclosure of expert testimony within the meaning of [Rule 26] contemplates not only the identification of the expert, but also the provision of [the expert's] written report." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008). The Eleventh Circuit has emphasized that compliance with Rule 26 "is not merely aspirational.*" OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1363, 1363 (11th Cir. 2008). Rule 26's expert disclosure rule is "intended to provide opposing parties a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese*, 527 F.3d at 1265 (quotation marks omitted).

Sanctions for violation of Rule 26(a) are set forth in Rule 37(c), which provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[1]

---

[1] The sanctions available under Rule 37(b)(2)(A)(i)-(vi) include:
    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part; and
    (vi) rendering a default judgment against the disobedient party.

*Id.*

Fed.R.Civ.P. 37(c)(1).  Here, if Plaintiffs cannot establish that their noncompliance with Rule 26 was harmless, then the court must either order exclusion of the expert's testimony and opinions, or sanction Plaintiffs under Rule 37(c)(1) in some other way.  Defendants argue that the expert's testimony should be excluded, the ultimate sanction under Rule 37.  Plaintiffs disagree.

There is no question that Plaintiffs' written expert report did not comply with the requirements of Rule 26.  Furthermore, Plaintiffs do not argue that their failure to comply was substantially justified.  Rather, Plaintiffs argue that their failure to comply with Rule 26 was harmless because Defendants were not prejudiced by their noncompliance.  They argue that this is particularly so in light of the fact that Plaintiffs' supplemented their expert report less than a month later, on November 12, 2013.  Plaintiffs have the burden of establishing that their failure was harmless.  *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009) (citation omitted) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.").  However, the exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party. *See SEC v. Huff*, No. 08–60315, 2010 WL 228000, at *3 (S.D. Fla. Jan. 13, 2010)

Rule 37(c) provide the district court wide latitude in what sanctions to impose in the event of a violation of Rule 26.  "The range of sanctions provided in Rule 37(c), from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), gives the district court leeway to best match the degree of non-compliance with the purpose of Rule 26's mandatory disclosure requirements."  *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir. 2001).

The court finds that the potential prejudice that Defendants claim they will suffer is not so severe as to warrant exclusion, especially since Plaintiffs have already remedied their failure. Accordingly, the motion (Doc. No. 38) is **DENIED**.

Defendants have moved to enlarge the deadline to disclose their expert witnesses. The motion (Doc. No. 42) is **GRANTED**. The following revised deadlines apply in this case:

| | |
|---|---|
| **Defendants' Expert Report** | **January 3, 2014** |
| **Discovery Deadline** | **January 31, 2014** |
| **Dispositive motions/*Daubert* deadline** | **February 14, 2014.** |

The court notes that both Plaintiffs and Defendants complain about other discovery problems, including difficulties with subpoenas, document production requests, the withholding of documents, and the scheduling of depositions. None of these matters previously had been brought to the attention of the court. On December 9, 2013, Defendants filed their first motion to compel related to discovery. Doc. No. 50. In the motion, Defendants state that this is the first of what they believe will be three discovery related motions they will be filing.

**The court will conduct a telephonic hearing on the first motion to compel (Doc. No. 50) on Wednesday, December 18, 2013, at 1:30 P.M., at which time the court will address the motion and all other outstanding discovery disputes. The parties shall arrange a conference call on their own and call the Courtroom at 407.835.3825 at least five (5) minutes before the hearing is to begin. The parties are cautioned that prior to the hearing, they are to communicate among themselves in good faith concerning all pending discovery disputes and attempt to resolve them amicably and in the spirit of Middle District Discovery Handbook, section I.A.1.**[2]

---

[2] "Discovery in this district should be practiced with a spirit of cooperation and civility…. Courtesy suggests that

- 7 -

**DONE** and **ORDERED** in Orlando, Florida on December 10, 2013.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

good faith consultation is appropriate before commencing action that might result in disagreement among counsel." *Id*.