**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEANETTE MARTELLO, individually;
and JYM, LLC, a Nevada limited liability
company,

       Plaintiffs,

v.

PRODUCT QUEST MANUFACTURING,      Case No. 6:12-cv-1304-Orl-22GJK
LLC, a Florida limited liability company;
JOHN T. REGAN, individually; and
PRODUCT QUEST MANUFACTURING,
INC.,

       Defendants.

_____/

**DEFENDANTS' OPPOSED MOTION FOR ONE WEEK**
**<u>ENLARGEMENT OF EXPERT DISCLOSURE DEADLINE</u>**

Pursuant to Federal Rule of Civil Procedure 16, Defendants PRODUCT

QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST

MANUFACTURING, INC. (hereinafter "Product Quest"), respectfully request this

Honorable Court to render an Order enlarging by seven (7) days Product Quest's

current expert disclosure deadline of January 3, 2014 as set forth in the Court's

Order of December 10, 2013 (Doc. 51), and in support thereof state:

Following the untimely disclosure of Plaintiffs' expert's opinions in

November, Defendants diligently sought to identify and retain a damages expert

of their own. While Defendants were able to retain an expert prior to the

rendition of the Court's Order of December 10, 2013, Plaintiffs' failure to produce

the records reviewed by their damages expert, Mr. Adams, has impaired

Defendants' experts' analysis of Mr. Adams' opinions. Defendants have a pending motion to compel the production of those records. (Doc. 50.) Further, once advised of the January 3, 2013 deadline, Defendants' expert advised that, due to the intervening holidays and the press of other matters, it will be very difficult for him to prepare a report that completely discloses his opinions on or before the current deadline of January 3, 2014.

## Applicable Law

Federal Rule of Civil Procedure 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." "Rule 16(b) does not define good cause, but the advisory committee note indicates that good cause exists if the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798 (11th Cir. 2013); (*see also* Doc. 29, p. 5).

## Argument

Defendants respectfully submit that good cause exists in support of this requested relief for the following reasons:

First, Plaintiffs did not timely disclose their expert witness, Mr. Adams', opinions. Plaintiffs served a one-page, preliminary expert report on October 16, 2013. The Court's Case Management and Scheduling Order provided:

> On or before the date set forth in the above table[, October 16, 2013,] for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

(Doc. 29, p. 3.) Because Plaintiffs preliminary expert report failed to comply with the requirements of Rule 26, Defendants' intended to rely on the self-executing sanctions on Rule 37 and the provisions of the Court's Case Management and Scheduling Order to exclude the opinions of Plaintiffs' experts. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012) (holding that opposing party could reasonably rely on Rule 37's "self-executing" sanctions especially "in view of the numerous and obvious deficiencies" in the expert's "preliminary" expert report). Upon receiving Plaintiffs' supplemental expert report on November 12, 2013, and in an abundance of caution should the Court decline to grant Defendants' motion to exclude the testimony and opinions of Plaintiffs' expert, Defendants' diligently searched for, and retained, a certified forensic accountant to serve as their damages expert in this action just prior to the Thanksgiving holiday. As Defendants' expert was only recently retained, his analysis is only in the preliminary stages, and Defendants are still seeking to obtain and provide their expert with material records for use in formulating his opinions.

Second, because Defendants' expert witness intends to rebut Mr. Adams' opinions, Defendants' expert requested access to the documents reviewed by Mr. Adams in formulating his opinions. To date, Plaintiffs have not produced those documents even though they were the subject of a *duces tecum* request noticed for production at Dr. Martello's November 26, 2013 deposition. Plaintiffs' failure to produce their records has impaired Defendants' ability to timely provide documents to their own expert for his analysis.

Third, when informed of the January 3, 2013 deadline, Defendants' expert advised that it will be difficult for him to prepare a report that completely discloses his opinions on or before January 3, 2014, given the intervening holidays and his prior commitments.

Defendants respectfully submit that, once put on notice of the previously undisclosed opinions of Mr. Adams, they have diligently sought to retain and prepare their damages expert and that good cause is present here for a short, one (1) week extension of the January 3, 2014 deadline set by the Court on December 10, 2013. Further, Plaintiffs will not suffer any prejudice if this requested relief is granted as discovery remains open through January 31, 2013, and Defendants will make their expert available for deposition prior thereto.

## Conclusion

For the foregoing reasons, Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC., respectfully request that the Court enlarge the deadline for the disclosure of Defendants' expert reports by 7 days so that the Defendants' expert reports will be due on or before January 10, 2013.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Counsel for Defendants conferred in good faith with Counsel for Plaintiffs regarding the relief requested herein, and have been informed that Plaintiffs oppose the same.

Respectfully submitted this 16th day of December, 2013.

/s/  ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

*Lead Trial Counsel for Defendants*
*Product Quest Manufacturing, LLC;*
*John T. Regan; and Product Quest*
*Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

/s/  ROBERT M. NORWAY
ROBERT M. NORWAY, ESQ.
