# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEANETTE MARTELLO, individually;
and JYM, LLC, a Nevada limited liability
company,

        Plaintiffs,

v.

PRODUCT QUEST MANUFACTURING,
LLC, a Florida limited liability company;
JOHN T. REGAN, individually; and
PRODUCT QUEST MANUFACTURING,
INC.,

        Defendants.

_____/

Case No. 6:12-cv-1304-Orl-22GJK

## DEFENDANTS' STATUS REPORT

Defendants PRODUCT QUEST MANUFACTURING, LLC, a Florida limited liability company; JOHN T. REGAN, individually; and PRODUCT QUEST MANUFACTURING, INC. (hereinafter, "Defendants" or Product Quest") respectfully submits this status report in response to the Court's January 3, 2014 Order.

On the date the Court issued its Order, counsel agreed to hold a meet and confer on Monday, January 6, 2014, to discuss the drafting of the joint status report and hold a meet and confer regarding Plaintiffs' production. The undersigned called Plaintiffs' counsel at the agreed time and was sent to voicemail. Plaintiffs' counsel now denies having agreed to hold a telephone conference. *See* Exhibit "A." The parties were able to hold a call during the afternoon of January 7, 2014; however, the lateness of the call prevented the

preparation of a joint status report. Defendants therefore submit this report in an effort to comply with the Court's Order.

**Status of the Court's Ordered Discovery**

The Court ordered Plaintiffs to "serve responses and produce all responsive documents to Defendants' requests for production in ESI format" on or before December 31, 2013. (Doc. 56, p. 2.) Prior to Plaintiffs' production, Plaintiffs refused to provide the production in a well-known litigation support format which would ensure the preservation and transfer of associated ESI, opting instead to copy Plaintiffs' records on their own and agreeing to produce emails from Dr. Martello's emails in ".pst" format.[1] *See* Exhibit "B."

Defendants received from Dr. Martello,[2] on Monday, December 30, 2014, a CD containing 875 files (the "CD Production"). All but 30 of the files produced on December 30, 2013 were email messages from Microsoft Outlook saved in ".msg" format.[3] The remaining files were ".pdf" files or excel spreadsheets. No

---

[1] A ".pst" file is the format used by Microsoft Outlook to store messages, contacts, appointments, tasks, notes, and journal entries. See https://support.microsoft.com/kb/287070. It is the default file format for Microsoft Outlook and, therefore, the format in which Plaintiffs' emails are "are kept in the usual course of business." *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

[2] Plaintiff Dr. Martello, not Plaintiffs' counsel, was the individual who forwarded the production materials to counsel for Defendants and who transferred the files via ftp. Defendants are not aware whether Plaintiffs' counsel reviewed the production prior to Dr. Martello's actions.

[3] A ".msg" file is the format used by Microsoft Outlook when a user chooses to save a single, individual email. *See* Ralph Losey, *MSG Is Bad for You*, http://floridalawfirm.com/msg. When Microsoft Outlook emails are converted from their original ".pst" format to ".msg" format, some, but not all, ESI is transferred. *See id.* Key portions of ESI are lost in the conversion process. *See id.*

ESI was produced with the files on this CD except for that which is embedded in the ".msg" files. The CD Production files were organized into folders which do not appear to correlate to any of Defendants' document requests.

From December 30, 2013 to January 1, 2014, Dr. Martello transferred, via ftp, numerous files in ".msg" format and a limited number of ".pdf" files. Most of these files appear to be duplicates of the CD Production. Dr. Martello also transferred a ".zip" file that contained additional ".msg" files and 15 files in a ".wjf" format which are not useable or accessible to Defendants.[4] The logs present in the ".wtf" files indicate that numerous emails in ".msg" format were archived in corresponding ".zip" files that have not been produced to Defendants. These files were not produced in an organized fashion and were not produced as they were kept by Plaintiffs in the usual course of business.

Plaintiffs' counsel served a privilege log on Monday, December 30, 2013, and a "revised and supplemented" privilege log on December 31, 2013. *See* Composite Exhibit "C."

Plaintiffs' have not served additional or supplemental responses or objections to Defendants' document requests. Further, Defendants are not aware of any responses from Plaintiffs in opposition to Defendants' pending motions to compel.

---

[4] The file extension ".wjf" is an acronym for "WinZip Job File". *See* http://www.fileinfo.com/extension/wjf. These files are, in effect, a computer-generated log of what files were placed in a corresponding ".zip" file.

## Status of Defendants' Motions to Compel

Upon Defendants' preliminary review of Plaintiffs' production, it is apparent that not only are most of the issues raised in Defendants' motions to compel not addressed but new issues have arisen. First, the document production is not complete. Plaintiffs have not produced communications to or from Tina Walls or Bradley Watts. The logs present in the unusable and inaccessible ".wjf" files indicate that Dr. Martello has in her possession numerous emails which were not produced by the deadline set by the Court. Moreover, Defendants' learned from Ms. Walls at her deposition on January 3, 2014, that Ms. Walls scanned and forwarded to Dr. Martello her entire file concerning Dr. Jeannette Martello Products, LLC sometime within the last two years. To Defendants' knowledge, none of the files forwarded by Ms. Walls to Dr. Martello were produced by Plaintiffs. Lastly, Plaintiffs have produced no documents responsive to the requests for production served in conjunction with the deposition notice of Dr. Martello, which are the subject of Defendants' First Motion to Compel.[5]

Second, the privilege log prepared by Plaintiffs is clearly inadequate. Plaintiffs' counsel represented to Defendants that the log presents basis for the redactions in the produced documents; however, there are many more redactions in the produced documents than entries on the privilege log. Furthermore, the log does not appear to identify emails, attachments, or other document withheld in their entirety by Plaintiffs. For example, there are no

---

[5] During the January 7, 2014 conference call, counsel for Plaintiffs represented to the undersigned counsel that Plaintiffs have made no effort to review or produce documents in response to Defendants' notice of deposition *duces tecum*.

entries in the privilege log detailing Ms. Walls' transfer of files to Dr. Martello within the last two years, which Ms. Walls testified typically would have occurred via email. The log also does not identify which assertion of privilege corresponds to which redaction, does not provide sufficient detail regarding the redacted emails, and does not indicate whether any email attachments were withheld from production by Plaintiffs. Plaintiffs also appear continue to assert claims of privilege to some of Ms. Walls and Mr. Watts communications that Defendants' contend have been waived.[6]

Third, Plaintiffs produced, for a second time, the bates stamped documents previously produced by them in early 2013. The documents produced had incomplete redactions which could be removed. Defendants immediately notified Plaintiffs of their error and are endeavoring to delete all copies of these files from their system. Given the inadequacy of Plaintiffs' privilege log and Plaintiffs' previous representations to the Court that they no longer have a complete copy of their first production, Defendants believe that all redacted documents should be reviewed by the Court in camera for a determination of privilege.

Fourth, Plaintiffs did not produce Dr. Martello's emails in the file format that they agreed to, opting instead to convert the emails from their original ".pst" format to ".msg" format. The conversion process performed by Plaintiffs did not

---

[6] Throughout the January 3, 2014 deposition of Ms. Walls, counsel for Plaintiffs objected on the basis of privilege to questions eliciting information concerning the basis of Plaintiffs' claims despite the Court's admonition at the December 18, 2013 hearing regarding the inapplicability of privilege to such information.

preserve all of the ESI associated with Dr. Martello's emails,[7] and Defendants' preliminary review of the files have revealed that some of the ".msg" files appear to be corrupted so that such files do not contain the full range of ESI usually found within ".msg" files.

In short, Defendants' pending motions to compel are not moot. The issues raised therein remain largely unresolved, and additional issues concerning the adequacy of Plaintiffs' production have arisen. Defendants intend to file with the Court a single amended motion to compel based on the meet and confer that took place on January 7, 2014.

### Defendants' Additional Discovery Issues

Defendants propounded a second set of requests for production to Plaintiffs on December 2, 2013. *See* Exhibit "D." Plaintiffs responded to Defendants' requests on December 27, 2013, and either refused to produce any documents responsive to Defendants' requests or relied on their prior document production. *See* Exhibit "E." Defendants requested a meet and confer concerning Plaintiffs' responses on December 30, 2013. To date, the parties have not been able to coordinate a date and time for this meeting.

Lastly, Defendants served Ms. Tina Walls with a subpoena for documents and for a deposition. Ms. Walls refused to provide a privilege log, refused produce the majority of her records, and refused to answer questions at her deposition on the basis of privilege. Defendants therefore believe it may be necessary to move to compel her to produce records responsive to the requests

---

[7] *See* Ralph Losey, *MSG Is Bad for You*, http://floridalawfirm.com/msg.

in the subpoena and for a continuation of her deposition.  Although this motion will be filed in the U.S. District Court for the District of Nevada, the issues raised therein will likely substantially overlap with the issues currently before the Court in Defendants' pending motions to compel.

Respectfully submitted this 7th day of January, 2014.

  /s/  ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile
*Lead Trial Counsel for Defendants*
*Product Quest Manufacturing, LLC;*
*John T. Regan; and Product Quest*
*Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

  /s/  ROBERT M. NORWAY
ROBERT M. NORWAY, ESQ.

Exhibit A

# Robert M. Norway

**From:** Justin Sobodash <justin@sobodashlaw.com>
**Sent:** Tuesday, January 07, 2014 12:08 PM
**To:** Robert M. Norway
**Cc:** Debi L. Robbins; Richard ("Rick") E. Mitchell, Esq.; Jason A. Zimmerman
**Subject:** RE: Product Quest Redaction Issue - Destruction of Uploaded Documents

Counsel:

I don't believe there was any such agreement.  Why don't we arrange an earlier time between me and either you, Mr. Mitchell, or Mr. Zimmerman so that we may comply with the Court's Order.

I await your response regarding my e-mail concerning the ESI production of yesterday evening.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

=====================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
=====================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Tuesday, January 07, 2014 8:46 AM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>, "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Jason A. Zimmerman" <Jason.Zimmerman@gray-robinson.com>
**Subject**: RE: Product Quest Redaction Issue - Destruction of Uploaded Documents

Justin:

I am shocked to hear that you do not recall agreeing on Friday, after Ms. Walls deposition, to hold a meet and confer concerning the outstanding discovery issues via telephone conference yesterday at 4 pm EST.  I will be available at 3 pm this afternoon for a call with you.  On our 3 pm call today, please be prepared to address the issues raised in Defendants' pending motions to compel, the adequacy of Plaintiffs' production, the format of the produced files, and the adequacy of Plaintiffs' privilege log.  Unfortunately, a call at that time does not provide us with sufficient time to prepare a joint submission, as directed by the Court.  Please be advised that Defendants will submit a status report on their own and explain why we are doing so.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Monday, January 06, 2014 7:21 PM
**To:** Robert M. Norway
**Cc:** Debi L. Robbins; Richard ("Rick") E. Mitchell, Esq.; Jason A. Zimmerman
**Subject:** RE: Product Quest Redaction Issue - Destruction of Uploaded Documents

Rob,

I do not recall setting a time to discuss today, but obviously we should discuss this ASAP.  I will call you at 10:30 a.m. tomorrow my time.

Best regards,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Monday, January 06, 2014 1:57 PM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>, "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Jason A. Zimmerman" <Jason.Zimmerman@gray-robinson.com>
**Subject**: RE: Product Quest Redaction Issue - Destruction of Uploaded Documents

Justin:

I called this afternoon at 4 pm as we agreed on Friday and was forwarded to your voicemail.  Would you please call me at your earliest convenience tomorrow morning so that we can discuss the Joint Status Report that the Court has ordered the parties to submit?

Thanks,

Rob N.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Monday, January 06, 2014 1:16 PM

**To:** Robert M. Norway
**Cc:** Debi L. Robbins; Richard ("Rick") E. Mitchell, Esq.; Jason A. Zimmerman
**Subject:** RE: Product Quest Redaction Issue - Destruction of Uploaded Documents
**Importance:** High

Counsel:

I am urgently attempting to respond to your concerns as set forth below. My client may be in the emergency room right now attending to patients, but I will respond as soon as possible.

Sincerely,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone: 323.337.9010
Facsimile: 323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

====================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
====================================================

**From:** "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent:** Monday, January 06, 2014 6:32 AM
**To:** "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc:** "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>, "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Jason A. Zimmerman" <Jason.Zimmerman@gray-robinson.com>
**Subject:** RE: Product Quest Redaction Issue - Destruction of Uploaded Documents

Mr. Sobodash:

We are still confirming and investigating the nature and extent of the documents produced by your client with incomplete redactions. I cannot confirm at present what documents have this problem or the extent of the problem in Plaintiffs' production. When we have done so, we will let you know.

I do not recall informing you that the documents produced by CD did not have removable redactions or that the ESI was in a format that is accessible. I recall telling you that I have not inspected the documents produced by Dr. Martello on the CD, that my staff was still trying to process the documents that were produced by Dr. Martello from Dec. 30 to Jan. 1, and that my firms computer system is not organized in a way in which I can tell whether the files with the incomplete redactions were produced by Dr. Martello on the CD or via ftp transfer.

Also, please be advised that none of the zip files produced by your client are readable, accessible, or useful. Please confirm that: (1) Plaintiffs are sending today, via overnight express, a CD containing all of the documents that were produced by Dr. Martello in the zip files in a format that is accessible; and (2) that all of the documents contained in the zip files were Microsoft Outlooks PST files.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Saturday, January 04, 2014 7:42 PM
**To:** Robert M. Norway
**Cc:** Debi L. Robbins
**Subject:** Product Quest Redaction Issue - Destruction of Uploaded Documents

Mr. Norway:

This e-mail confirms our conversation of yesterday concerning the documents produced to you, which had redactions which were removable.

From our conversation of yesterday, it is my understanding that the documents that were uploaded to your server by Dr. Martello and her assistant had redactions that could be removed. Accordingly, you agreed to destroy the documents uploaded to your server. Please confirm this is correct.

You also stated that the documents produced by CD that were redacted did not have removable redactions, and that the ESI was in the format that met your needs. Please also confirm this.

I agreed we would produce documents formerly uploaded to your server on CD. We will do so upon confirmation of the above. Please advise at your earliest convenience.

- Justin

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone: 323.337.9010
Facsimile: 323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
================================================

**Robert M. Norway**
Of Counsel
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: robert.norway@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination,

distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

.

**Robert M. Norway**
Of Counsel
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: robert.norway@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

.

**Robert M. Norway**
Of Counsel
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: robert.norway@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

.

Exhibit B

# Robert M. Norway

| | |
|---|---|
| **From:** | Robert M. Norway |
| **Sent:** | Thursday, December 26, 2013 3:50 PM |
| **To:** | 'justin@sobodashlaw.com' |
| **Cc:** | Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins |
| **Subject:** | RE:  Production specifications |

Justin:

You may find that a pre-2003 PST may not convert to a Unicode PST output.  But if it converts and Plaintiffs confirm that the produced file is accessible and contains accessible emails, what you propose should be fine.

Thanks,

Rob N.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Tuesday, December 24, 2013 2:07 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** RE: Production specifications

She used an older version of Outlook.  Apparently for Outlook 2003 and onward the standard format for .pst files is Unicode (UTF-16 little-endian).  The files are being saved in this format.  Please confirm this is acceptable.

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

==================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
==================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Monday, December 23, 2013 6:59 AM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>
**Subject**: RE: Production specifications

Justin:

I'll ask again, what email programs were used?  If Plaintiffs intend to produce the files in native format (i.e., the "form or forms in which it is ordinarily maintained" in Rule 34 jargon), Defendants need to know the program(s) used by Dr. Martello so that we know what file format to expect in the production.  For example, if Dr. Martello used Microsoft Outlook, then Defendants will expect to see the production of a PST file on December 31.

This should be a non-issue.  The Court ordered production in ESI format - meaning ESI is preserved in a useable form.  Files that have been converted from the original file format - which was the problem with Plaintiffs' original production - do not preserve the ESI associated with the emails.  None of the formats listed in your email below preserve the ESI; therefore, they are not acceptable and do not comply with the Court's Order.

If Plaintiffs are intent on handling their production on the cheap (which is ironic in view of your statement to me on October 16th that "Dr. Martello had decided to invest in this case"), then that is their choice.  But Defendants expect Plaintiffs' production to be consistent with the Court's order and in a format that fully preserves the ESI associated with each email.

Rob N.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Sunday, December 22, 2013 6:01 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** RE: Production specifications

Mr. Norway:

It appears the following formats are available for the e-mail production:

```
Text only - .txt
Outlook message - .msg
HTML - .htm (maybe .html)
```

Please promptly advise.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

===================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
===================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Sunday, December 22, 2013 11:01 AM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>
**Subject**: RE: Production specifications

Justin:

Can you let us know what email programs Dr. Martello used so I can ask my IT folks if your proposed method of production will be a problem?

Thanks,

Rob N.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Friday, December 20, 2013 11:36 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** RE: Production specifications

Rob,

Please advise as to your availability for a Rule 3.01(g) conference Monday between 10:00 a.m and 2:00 p.m. Pacific Time.  I intend to file a motion for a protective order regarding the below.  Also Monday I will file a Motion to Compel on the issues we have not resolved with respect to plaintiffs' first set of requests for production of documents.

Thank you,

Justin

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

=====================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
=====================================================

**From**: "Justin Sobodash" <justin@sobodashlaw.com>
**Sent**: Friday, December 20, 2013 3:23 PM
**To**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>

Rob,

Federal Rule of Civil Procedure 34(b)(2)(E) provides:

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

\* \* \*

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

You have refused to clarify the jargon your IT experts provided earlier, and instead told my client to hire a costly electronic discovery consultant. This is grounds for shifting the cost of the e-discovery firm to defendants. *Rowe Entertainment, Inc. v. William Morris Endeavor Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002).

We are happy to provide the documents in the manner I have stated, or in another manner pending your IT expert's clarification. If our production is not accessible to your IT experts we can provide it in another format.

We will proceed in the manner I have already described if you and your IT experts refuse to help us with an English translation.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone: 323.337.9010
Facsimile: 323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

=======================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
=======================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Friday, December 20, 2013 2:15 PM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-

**Subject**: RE: Production specifications

Justin:

I don't believe that this production method will preserve the ESI associated with the files, which is intent of the Court's order.  If Plaintiffs produce these documents on December 31 in a manner that does not preserve the original ESI or in a manner that is inaccessible, Defendants will bring the deficiencies to the Court's attention.

Rob Norway


**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Friday, December 20, 2013 4:38 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** RE: Production specifications

Rob,

The client will save the e-mails previously provided to Mr. Rogers in every file format available on her computer and we will send FedEx them to defendants on a CD.

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

==================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
==================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent:** Friday, December 20, 2013 10:25 AM
**To:** "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc:** "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>
**Subject**: RE: Production specifications

Justin:

The Court ordered Plaintiffs to produce all responsive documents to Defendants "in ESI format"  by December 31, 2013.  We expect Plaintiffs' to comply with the Court's Order.  The procedure you describe below is not a production in

ESI format.  In fact, I don't believe such a procedure would preserve ESI.  Let's do it this way:  what format do Plaintiffs' intend to produce these documents?  And does that format preserve the ESI associated with the files?

Rob N.


**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Friday, December 20, 2013 1:08 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** RE: Production specifications

Mr. Norway,

The uncomplicated version would be straightforward instructions to my client whereby she could open the e-mail account and  "save as" a _____ [particular file type] on _____  (a particular format).  I'm not going to ask my client to retain an e-discovery firm to respond to your request when the foregoing is within your ability and the ability of your information technology personnel.

If this is all you are going to give me, consider this my 3.01(g) discussion regarding the ESI production.  Please confirm you will give simplified instructions or I will move the Court for relief.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

=================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
=================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent:** Friday, December 20, 2013 10:03 AM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc:** "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>
**Subject:** RE: Production specifications

Justin:

I understand the problem, but that is as uncomplicated as I think we can make a format request for an electronic production. There are lots of e-Discovery vendors that can help prepare the production. This is a widely used format, so I am sure they will have no problem producing a production per Defendants' request.

Thanks,

Rob N.

**From:** Justin Sobodash [mailto:justin@sobodashlaw.com]
**Sent:** Friday, December 20, 2013 12:44 PM
**To:** Robert M. Norway
**Cc:** Richard ("Rick") E. Mitchell, Esq.; Debi L. Robbins
**Subject:** re: FW: Production specifications

Rob,

This needs to be in English if you want my client to go on her computer and download her old e-mails in electronic format. Please ask for instructions without tech jargon and I will immediately provide to my client. We will do everything we can.

Justin

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone: 323.337.9010
Facsimile: 323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

====================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
====================================================

**From**: "Robert M. Norway" <Robert.Norway@gray-robinson.com>
**Sent**: Friday, December 20, 2013 5:23 AM
**To**: "justin@sobodashlaw.com" <justin@sobodashlaw.com>
**Cc**: "Richard (\"Rick\") E. Mitchell, Esq." <Rick.Mitchell@gray-robinson.com>, "Debi L. Robbins" <Debi.Robbins@gray-robinson.com>
**Subject**: FW: Production specifications

Justin:

Please see below for our capabilities to receive and electronic production with ESI. Please let us know if you have any questions.

Rob N.

**From:** Steve W. Reynolds
**Sent:** Thursday, December 19, 2013 5:30 PM
**To:** Robert M. Norway
**Subject:** Production specifications

Mr. Norway,

For the receipt of an electronic production here at GR, we use a system that uses a Summation deliverable. This means that we would need what is called an @I .dii load file for any images with any included ocr/text as page level in the same directory as the images. For any metadata that may be included we would require a csv file with the preferred delimiters of pipe and caret(| and ^).

This is a very standard description of what we would need, but please let me know if you require a more detailed listing.

Thanks,
Steve

**Robert M. Norway**
Of Counsel
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: robert.norway@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.
.

**Robert M. Norway**
Of Counsel
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, FL 32801
Main: 407-843-8880 | Fax: 407-244-5690
Email: robert.norway@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.
.

Exhibit C

| | |
|---|---|
| **From:** | Justin Sobodash <justin@sobodashlaw.com> |
| **Sent:** | Monday, December 30, 2013 11:26 PM |
| **To:** | Richard ("Rick") E. Mitchell, Esq.; Robert M. Norway; Saqib Ishaq; Justin T. Marshall |
| **Subject:** | Privilege Log - Martello v. Product Quest |
| **Attachments:** | Martello Privilege Log - Product Quest Case.pdf |

Counsel:

Attached please find plaintiffs' privilege log.  It may be supplemented, but this is everything I believe we have withheld at this point.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

===================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
===================================================

Martello v. Product Quest Privilege Log
United States District Court, M.D. Fla. Case No. 6:12-cv-01304-ACC-GJK

| Description of Withheld Material | Identity of author | Date Written | Identity of Adressees/ Recipients | Present Location of Materials | Reasons Withheld |
|---|---|---|---|---|---|
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Brad Watts, accountant | Offices of plaintiffs | Attorney-client privilege, attorney work product |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Plaintiff | Offices of plaintiffs | Attorney-client privilege |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 27, 2005 | Plaintiff | Offices of Plaintiffs | Attorney-client privilege |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Plaintiff | Offices of Plaintiffs | Attorney-client privilege |
| E-mail concerning contemplated correspondence to Product Quest Concerning Joint Venture | Plaintiffs | January 8, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |

| E-mails forwarding discussions regarding joint venture | Tina Walls, Esq., former attorney for plaintiffs | January 26, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
|---|---|---|---|---|---|
| E-mails forwarding discussions regarding joint venture | Plaintiffs | January 26, 2006 | Tina Walls, Esq., former attorney for plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mails between attorney and client discussing joint venture revisions | Plaintiffs and their counsel Tina Walls, Esq. | January 25, 2006 | Plaintiffs and their counsel Tina Walls, Esq. | Offices of plaintiffs | Attorney-client privilege |
| E-mails between attorney and client discussing joint venture revisions | Plaintiffs and their counsel Tina Walls, Esq. | January 25, 2006 | Plaintiffs and their counsel Tina Walls, Esq. | Offices of plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs to their attorney regarding consent form sent by defendants | Plaintiffs | April 12, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs' attorney to plaintiff regarding consent form sent by defendants | Tina Walls, Esq. | April 12, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs to their attorney regarding | Plaintiffs | March 22, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-Client privilege |

| | | | | | |
|---|---|---|---|---|---|
| points to cover in conversation with defendants | | | | | |
| E-mail from plaintiffs' attorney to plaintiff regarding points to cover in conversation with defendants | Tina Walls, Esq. | March 22, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-Client privilege |
| E-mail from Plaintiffs' attorney to plaintiff regarding agreement negotiations | Tina Walls, Esq. | January 6, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs to their attorney regarding letter contemplated to be sent to Product Quest | Plaintiffs | January 5, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' attorney to plaintiffs regarding letter contemplated to be sent to Product Quest | Tina Walls, Esq. | January 4, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' attorney to plaintiffs regarding letter contemplated to be sent to Product Quest | Tina Walls, Esq. | April 20, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' | Tina Walls, Esq. | January 6, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client |

| | | | | | |
|---|---|---|---|---|---|
| attorney to plaintiffs concerning proposed changes in agreement | | | | | privilege |
| E-mail from Plaintiff's counsel to plaintiffs regarding drafting of agreement | Tina Walls, Esq. | January 23, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' counsel to plaintiff regarding revisions | Tina Walls, Esq. | January 10, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs to their attorney regarding ProVectin Plus | Plaintiffs | May 8, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from counsel to accountant in furtherance of analyzing split in draft joint venture agreement | Tina Walls, Esq. | December 28, 2005 | Brad Watts | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail from accountant to attorney in furtherance of analyzing split in agreement | Brad Watts | December 28, 2005 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail forwarding e-mail from Defendants to Plaintiffs to Plaitniffs' counsel | Plaintiffs | December 23, 2006 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |

| | | | | | |
|---|---|---|---|---|---|
| E-mail from Plaintiff's counsel to Plaintiff regarding entity | Tina Walls, Esq. | December 26, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail regarding entity | Plaintiffs | December 23, 2006 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail regarding entity | Tina Walls, Esq. | December 23, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |

| | |
|---|---|
| **From:** | Justin Sobodash <justin@sobodashlaw.com> |
| **Sent:** | Tuesday, December 31, 2013 5:12 PM |
| **To:** | Robert M. Norway; Richard ("Rick") E. Mitchell, Esq. |
| **Cc:** | Justin Natoli; Saqib Ishaq |
| **Subject:** | Revised Privilege Log |
| **Attachments:** | Revised Martello Privilege Log - Product Quest Case.pdf |

Counsel:

Attached please find a revised and supplemented privilege log in the Prouduct Quest matter.

Thank you,

Justin Sobodash

The Law Office of Justin Sobodash
8335 W. Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com
justin@sobodashlaw.com

==================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at 323.337.9010, and then delete the e-mail and any copies of it.
==================================================

Martello v. Product Quest Privilege Log
United States District Court, M.D. Fla. Case No. 6:12-cv-01304-ACC-GJK

| Description of Withheld Material | Identity of author | Date Written | Identity of Adressees/ Recipients | Present Location of Materials | Reasons Withheld |
|---|---|---|---|---|---|
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Brad Watts, accountant | Offices of plaintiffs | Attorney-client privilege, attorney work product |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Plaintiff | Offices of plaintiffs | Attorney-client privilege |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 27, 2005 | Plaintiff | Offices of Plaintiffs | Attorney-client privilege |
| E-mail concerning negotiation of joint venture | Tina Walls, Esq., former attorney for plaintiffs | December 28, 2005 | Plaintiff | Offices of Plaintiffs | Attorney-client privilege |
| E-mail concerning contemplated correspondence to Product Quest Concerning Joint Venture | Plaintiffs | January 8, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |

| | | | | | |
|---|---|---|---|---|---|
| E-mails forwarding discussions regarding joint venture | Tina Walls, Esq., former attorney for plaintiffs | January 26, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mails forwarding discussions regarding joint venture | Plaintiffs | January 26, 2006 | Tina Walls, Esq., former attorney for plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mails between attorney and client discussing joint venture revisions | Plaintiffs and their counsel Tina Walls, Esq. | January 25, 2006 | Plaintiffs and their counsel Tina Walls, Esq. | Offices of plaintiffs | Attorney-client privilege |
| E-mails between attorney and client discussing joint venture revisions | Plaintiffs and their counsel Tina Walls, Esq. | January 25, 2006 | Plaintiffs and their counsel Tina Walls, Esq. | Offices of plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs to their attorney regarding consent form sent by defendants | Plaintiffs | April 12, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs' attorney to plaintiff regarding consent form sent by defendants | Tina Walls, Esq. | April 12, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs to their attorney regarding | Plaintiffs | March 22, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-Client privilege |

| | | | | | |
|---|---|---|---|---|---|
| points to cover in conversation with defendants | | | | | |
| E-mail from plaintiffs' attorney to plaintiff regarding points to cover in conversation with defendants | Tina Walls, Esq. | March 22, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-Client privilege |
| E-mail from Plaintiffs' attorney to plaintiff regarding agreement negotiations | Tina Walls, Esq. | January 6, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs to their attorney regarding letter contemplated to be sent to Product Quest | Plaintiffs | January 5, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' attorney to plaintiffs regarding letter contemplated to be sent to Product Quest | Tina Walls, Esq. | January 4, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' attorney to plaintiffs regarding letter contemplated to be sent to Product Quest | Tina Walls, Esq. | April 20, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' | Tina Walls, Esq. | January 6, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client |

| | | | | | |
|---|---|---|---|---|---|
| attorney to plaintiffs concerning proposed changes in agreement | | | | | privilege |
| E-mail from Plaintiff's counsel to plaintiffs regarding drafting of agreement | Tina Walls, Esq. | January 23, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from plaintiffs' counsel to plaintiff regarding revisions | Tina Walls, Esq. | January 10, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from Plaintiffs to their attorney regarding ProVectin Plus | Plaintiffs | May 8, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail from counsel to accountant in furtherance of analyzing split in draft joint venture agreement | Tina Walls, Esq. | December 28, 2005 | Brad Watts | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail from accountant to attorney in furtherance of analyzing split in agreement | Brad Watts | December 28, 2005 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail forwarding e-mail from Defendants to Plaintiffs to Plaitniffs' counsel | Plaintiffs | December 23, 2006 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |

| E-mail from Plaintiff's counsel to Plaintiff regarding entity | Tina Walls, Esq. | December 26, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
|---|---|---|---|---|---|
| E-mail regarding entity | Plaintiffs | December 23, 2006 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail regarding entity | Tina Walls, Esq. | December 23, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail forwarding correspondence to attorney | Plaintffs | March 23, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail forwarding correspondence to attorney | Plaintffs | March 23, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing agreement | Plaintffs | March 22 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing agreement | Tina Walls, Esq. | March 22 2007 | Plaintffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing taxation / entity | Tina Walls, Esq. | February 13, 2007 | Plaintffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing taxation / entity | Plaintffs | February 13, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing trademark | Plaintffs | January 11, 2007 | Tina Walls, Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing trademark | Tina Walls, Esq. | January 12, 2007 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing LLC property | Tina Walls Esq. | December 19, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing LLC | Plaintiffs | December 19, 2006 | Tina Walls Esq. | Offices of Plaintiffs | Attorney-client |

| | | | | | |
|---|---|---|---|---|---|
| property | | | | | privilege |
| E-mail discussing LLC property | Tina Walls Esq. | December 20, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing LLC property | Plaintiffs | December 20, 2006 | Tina Walls Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing LLC property | Tina Walls Esq. | December 21, 2006 | Plaintiffs | Offices of Plaintiffs | Attorney-client privilege |
| E-mail discussing LLC property | Plaintiffs | December 21, 2006 | Tina Walls Esq. | Offices of Plaintiffs | Attorney-client privilege |
| E-mail chain discussing accounting | Plaintiffs, Tina Walls, Esq., and Brad Watts | November 1, 2006 | Plaintiffs, Tina Walls, Esq., and Brad Watts | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail chain discussing taxes | Plaintiffs, Tina Walls, Esq., and Brad Watts | October 24 and 25, 2006 | Plaintiffs, Tina Walls, Esq., and Brad Watts | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail regarding corporation formation | Diana Beckam of office of Tina Walls | February 14, 2006 | Plaintiffs | Offices of Plaintifffs | Attorney-client privilege |
| E-mail regarding corporation formation | Diana Beckam of office of Tina Walls | January 26, 2006 | Plaintiffs | Offices of Plaintifffs | Attorney-client privilege |
| E-mail regarding corporation formation | Tina Walls | December 14, 2005 | Plaintiffs | Offices of Plaintifffs | Attorney-client privilege |
| E-mail regarding invoices | Plaintffs | September 4, 2006 | Tina Walls, Esq. | Offices of Plaintifffs | Attorney-client privilege |
| E-mail forwarding Product Quest communication | Plaintiffs | June 21, 2012 | Jeremy Rogers, Esq. | Offices of Plaintifffs | Attorney-client privilege |
| E-mails | Plaintiffs | October | Jaime | Offices of | Attorney- |

| | | | | | |
|---|---|---|---|---|---|
| forwarding Product Quest communication | | 12, 2011 | Peterson, Esq. | Plaintifffs | client privilege |
| E-mail forwarding Product Quest communication | Plaintiffs | April 6, 2012 | Jeremy Rogers, Esq. | Offices of Plaintifffs | Attorney-client privilege |
| E-mail chain between Tina Walls, Brad Watts and Plaintinfs regarding Product Quest | Planitiffs, Brad Watts, and Tina Walls, Esq | .October 11 and 12, 2010 | Planitiffs, Brad Watts, and Tina Walls, Esq | Offices of Plaintiffs | Attorney-client privilege, attorney work product |
| E-mail regarding Product Quest | Plaintiffs | December 16, 2010 | Jaime Peterson, Esq. | Offices of Plaintifffs | Attorney-client privilege |
| E-mail regarding Product Quest | Plaintiffs | December 16, 2010 | Jaime Peterson, Esq. | Offices of Plaintifffs | Attorney-client privilege |

Exhibit D

**JEANNETTE          MARTELLO**,
individually; and **JYM, LLC**, a Nevada
limited liability company,

        **Plaintiffs,**

    **v.**                         **Case No.: 6:12-CV-1304-ORL-22GJK**

**PRODUCT          QUEST
MANUFACTURING, LLC,** a Florida
limited liability company; **JOHN T.
REGAN**, individually; and **PRODUCT
QUEST MANUFACTURING, INC.**,

        **Defendants.**

_____/

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS JEANNETTE MARTELLO AND JYM, LLC

Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T.

REGAN and PRODUCT QUEST MANUFACTURING, INC. (collectively

"Defendants"), pursuant to Rule 34 of the *Federal Rules of Civil Procedure,*

hereby request Plaintiffs JEANNETTE MARTELLO and JYM, LLC to timely

produce all responsive documents to the following requests at the offices of

GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, Florida 32801:

## DEFINITIONS

The term "document(s)" shall be construed in its broadest possible sense to
include any and all contracts, letters, emails, notes, reports, papers, books,
telegrams, cables, facsimiles, text messages, memoranda, communications,
invoices (including all bills and statements of account), credit memos, notations,
work papers, transcripts, minutes, minute books, stock books, stock certificates,
stock records, corporate resolutions, reports and recordings of telephone or other
conversations or of interviews or of conferences or other meetings, affidavits,
statements, manuscripts, media articles, legal papers, summaries, opinions,

reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulation, sound recordings, computer printouts, data processing input and output, microfilms, photographs, motion pictures, maps, charts, accounts, financial statements and reports, and all other records kept by electronic, photographic, or mechanical means.

The words "and" and "or" shall be construed either synonymously or as is necessary to bring within the scope of these requests any information which might be construed to be outside their scope.

As used herein, the single shall always include the plural, and the present tense shall always include the past tense.

The terms "Martello" "you" or "your" shall refer to Plaintiff JEANNETTE MARTELLO.

The term "JYM" shall refer to Plaintiff JYM, LLC.

## DOCUMENTS

1. A complete copy of Martello's entire federal tax return for the years 2007, 2008, 2009, 2010, 2011 and 2012.

2. A complete copy of Martello's entire state tax return(s) for the years 2007, 2008, 2009, 2010, 2011 and 2012.

3. A complete copy of JYM's entire federal tax return for the years 2007, 2008, 2009, 2010, 2011 and 2012.

4. A complete copy of JYM's entire state tax return(s) for the years 2007, 2008, 2009, 2010, 2011 and 2012.

5. All documents sent to, or received from, Attorney Tina Walls that refer to, relate to, or mention, in whole or in part, Mr. Todd M. Kwait's letter dated January 20, 2007, which is attached hereto as Exhibit "A."

6. All documents that refer to, relate to, or mention, in whole or in part, Mr. Todd M. Kwait's letter dated January 20, 2007, which is attached hereto as Exhibit "A."

7. A complete copy of the three (3) complaints filed on December 17, 2010 in the Alhambra Courthouse which are identified and marked with an asterisk (*) on Exhibit "B" hereto .

8. Complete copies of all written notices provided by Martello to Product Quest, Inc. pursuant to Section 8 ("Default") of the License Agreement attached hereto as Exhibit "C."

9. Complete copies of all written notices provided by Martello to Product Quest, LLC pursuant to Section 8 ("Default") of the License Agreement attached hereto as Exhibit "C."

10. Complete copies of all written notices provided by JYM to Product Quest, Inc. pursuant to Section 8 ("Default") of the License Agreement attached hereto as Exhibit "C."

11. Complete copies of all written notices provided by JYM to Product Quest, LLC pursuant to Section 8 ("Default") of the License Agreement attached hereto as Exhibit "C."

12. All communications sent to or received by Martello which refer to, relate to, or mention, the following website: www.buzzillions.com.

13. All communications sent or received by Martello which refer to, relate to, or mention, the following website: www.walgreens.com.

14. All communications sent or received by Martello which refer to, relate to, or mention, the dissolution or winding-up of Dr. Jeannette Martello Production, LLC.

15. All communications sent to or received from Bradley Watts that refer to, relate to, or mention Dr. Jeannette Martello Products, LLC.

Respectfully submitted this 2nd day of December, 2013.


**/s/ RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile
*Lead Trial Counsel for Defendants*
*Product Quest Manufacturing, LLC and*
*Product Quest Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 2nd day of December 2013 via hand-delivery, email and U.S. Mail to **RICHARD D. SIERRA, ESQ.**, Kosto & Rotella, P.A., 619 E. Washington Street, Orlando, Florida 32801 (Local Counsel for Plaintiffs); and via email and U.S. Mail to **JUSTIN SOBODASH**, **ESQ.**, 8335 W. Sunset Blvd., #302, West Hollywood, CA 90069 (Lead Counsel for Plaintiffs).


**/s/ RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092

# EXHIBIT A



**Product Quest**
MANUFACTURING, INCORPORATED

PERSONAL & CONFIDENTIAL

January 10, 2007

Ms. Tina M. Walls, Esq.
Walls Law Firm
8861 W. Sahara Avenue, Suite 220
Las Vegas, NV 89117

RE: DR. JEANNETTE MARTELLO PRODUCTS, LLC

Dear Ms. Walls:

It was a pleasure speaking with you this morning. In accordance with our discussion, the following will serve as a formal response to your letter sent to John Regan via Certified Mail on 1-8-07. I will address my responses by number coinciding with the numbers on your request.

1. With respect to your request for copies of any and all contracts with Walgreens, please note that no written contracts with Walgreens exist at this time. However, Walgreens has asked that we keep Dr. Martello's line exclusive to Walgreens in exchange for them promoting the items.

2. With respect to your request for copies of all invoices to Walgreens, invoices to Walgreens are generated electronically. We can show you totals, but invoices are no longer mailed to larger retailers. Our Controller, Marilyn Radikopf will compile a listing of these. At this time the total amount invoiced to Walgreens as of 12-31-06 is $1,161,175.10.

3. With respect for your request of copies of all purchase orders, please note that purchase orders are submitted by Walgreens electronically via EDI. We can provide a listing, but hard purchase orders are not generated by email or any other sort of transmission.

330 Carswell Avenue    *   Holly Hill, FL 32117    *   (386) 239-8787

4. With respect to your request for evidence of the costs incurred by Product Quest in the formulation, manufacturer, production and promotion of products, please note that I am enclosing a list of all componentry, packaging, chemicals, etc. that has been purchased by Product Quest in support of this launch. The grand total as of 1-4-07 is $1,294,690.71. Obviously receipts are available for inspection for these items. In addition, the promotion expenses, travel expenses, etc. total $33,180.19. A breakdown with these items is included for your review. **Please note that these costs do not include freight charges which have yet to be totaled nor do they include the costs due Product Quest pursuant to Article III, Business of Company, Paragraph 4 (c).** However, even excluding these charges which have yet to be calculated, Dr. Jeannette Martello Products LLC is currently operating at a loss.

5. With respect to your request for indication of any loans or funds advanced by Product Quest, I would refer you back to the response in your request Number 4 above.

6. With respect to your request for the number of products and units sold to Walgreens and the price paid or to be paid, this is the breakdown:
     a. We have sold 33,414 pieces of Daily Measures kits at a $14.50 cost per piece to Walgreens. That totals $484,503.00.
     b. We sold 4641 Daily Measures Displays which are packed with 4 pieces of Daily Measures per display (4 x 14.50) for a total of $269,178.00.
     c. We sold 4205 pieces of the full line display which is comprised of the following:
          4 pieces of Buffing Grains at $9.50 per piece
          4 pieces of Night Cream at $8.50 per piece
          4 pieces of Lathering Cleanser at $4.75 per piece
          Total display cost is $91.00 x 4205 = $382,655.00
     d. We sold 5018 tester units at a cost of $4.95 per unit for a total of $24,839.10
     e. This brings us to a total of $1,161,175.10 for items shipped.

Please note that at present there are additional open purchase orders totaling $431,891.10.

7. With respect to reporting by Walgreens of the number of products sold in stores, earlier this week we were informed that 11,600 pieces of Daily Measures at a cost of $49.00 per unit have been sold. We continue to monitor sales on a weekly basis. The full line of items, Buffing Grains, Night Cream, etc. have yet to hit the stores. These items should appear in the stores some time this month.

8. With respect to a financial statement, we have yet to prepare one. The company has yet to generate any revenues and will not do so until the middle of February at the earliest. We are in the process of opening up a bank account for Dr. Jeannette Martello Products, LLC. A financial statement should be forthcoming within the next 30 days.

It may make sense for Dr. Martello and myself to engage in a monthly conference call wherein I could share with her all of this information at a designated time and place. This will keep everybody in the loop.

As a final matter, I am enclosing a formal copy of the Walgreens ad from 11-26-06 and the ad for Daily Measures that appeared the week following Christmas. Walgreens is clearly actively promoting these items.

Should you have any questions or need any additional information, please do not hesitate to contact me.

Best regards,

Todd M. Kwait

cc:    John Regan
       Marilyn Radikopf

Enclosures

# DR. MARTELLO AS OF 1-4-07

| Components Ordered But Not Used | $64,087.50 |
| --- | --- |
| Completed PO's | $589,535.98 |
| Pending PO's | $435,808.75 |
| Chemcials | $205,258.48 |
| Grand Total | $1,294,690.71 |

| Item # | Date | PO# | Description | Vendor | Qty | Price | Total |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **NM-BUFFG-28** | | | | | | | |
| Pending | 12/6/2006 | 32592 | DR. MARTELLO BUFFING GRAINS IFC # 0907580O1B - SILVER FOIL BOARD | SHOREWOOD PACKAGING | 25,000 | $1.34 | $33,525.00 |
| Completed | 11/9/2006 | 32391 | DR. MARTELLO BUFFING GRAINS IFC # 0907580O1B - SILVER FOIL BOARD | SHOREWOOD PACKAGING | 47,117 | $0.98 | $46,223.19 |
| Completed | 11/9/2006 | 32391 | FILM / DIES / PLATES FOR ALL 3 IFC | SHOREWOOD PACKAGING | 1 | $8,300.00 | $8,300.00 |
| **NM-BUFFG-33** | | | | | | | |
| Completed | 12/4/2006 | 32530 | DR. MARTELLO BUFFING GRAINS WRAP LABEL 1.25OZ CLEAR ON CLEAR | CONSOLIDATED LABELS | 54,000 | .02831 | $1,528.74 |
| Completed | 12/4/2006 | 32530 | Plates | CONSOLIDATED LABELS | 1 | $55.00 | $85.00 |
| **NM-2GLAS-72** | | | | | | | |
| | 6/9/2006 | 31601 | Buffing Grains Jar | TriCor | 50,000 | $0.19 | $9,680.00 |
| | 6/9/2006 | 31600 | Buffing Grains Lid | Berlin | 50,000 | $0.03 | $1,380.00 |
| **NM-2SATB-72** | | | | | | | |
| | 9/22/2006 | 28405 | Tester Bottle | Berlin | 10,000 | $0.24 | $2,416.00 |
| | 9/22/2006 | 28405 | Tester Pump | Berlin | 10,000 | $0.25 | $2,450.00 |
| **NM-CLNS1-76** | | | | | | | |
| Pending | 12/6/2006 | 32591 | 1OZ DR. MARTELLO CLEANSER POLYFOIL SIDEWALL - 30 X 74 MM - SILKSCREEN - BLACK NC | PLASTUBE | 25,000 | .365 | $9,125.00 |
| Completed | 6/1/2006 | 31524 | 1OZ DR. MARTELLO CLEANSER POLYFOIL SIDEWALL - 30 X 74 MM - SILKSCREEN - BLACK NC | PLASTUBE | 46,512 | $0.34 | $16,000.13 |
| | | | PLATES / ARTWORK | PLASTUBE | 1 | $980.00 | $980.00 |
| **NM-CLNSR-26** | | | | | | | |
| Pending | 12/6/2006 | 32592 | DR. MARTELLO CLEANSER IFC DIE# 0607470 1A - SILVER FOIL BOARD | SHOREWOOD PACKAGING | 25,000 | .58081 | $14,522.75 |
| Completed | 11/9/2006 | 32391 | DR. MARTELLO CLEANSER IFC DIE# 0607470 1A - SILVER FOIL BOARD | SHOREWOOD PACKAGING | 50,000 | $0.43 | $21,288.50 |
| **NM-CLNSR-76** | | | | | | | |
| Pending | 12/6/2006 | 32591 | 4.2 DR. MARTELLO CLEANSER POLYFOIL SIDEWALL - 39 X 146 MM - SILKSCREEN - TUBE OR | PLASTUBE | 25,000 | .451 | $11,275.00 |
| Completed | 6/1/2006 | 31524 | 4.2 DR. MARTELLO CLEANSER POLYFOIL SIDEWALL - 39 X 146 MM - SILKSCREEN - TU | PLASTUBE | 52,518 | $0.44 | $23,002.88 |
| | 6/1/2006 | 31524 | PLATES / ARTWORK | PLASTUBE | 1 | $980.00 | $980.00 |

| Section | Status | Date | Order # | Description | Vendor | Qty | Unit | Total |
|---|---|---|---|---|---|---|---|---|
| JM-DAILY-25 | Pending | 12/7/2006 | 32484 | MORE THAN SKIN DEEP DAILY MEASURES IFC BOX | SHOREWOOD PACKAGING | 50,000 | $1.52 | $76,200.00 |
| | Pending | 12/7/2006 | 32484 | MORE THAN SKIN DEEP DAILY MEASURES CLEAR TOP | SHOREWOOD PACKAGING | 50,000 | .637 | $31,850.00 |
| | Completed | 12/4/2006 | 32553 | MORE THAN SKIN DEEP DAILY MEASURES IFC BOX | SHOREWOOD PACKAGING | 5,030 | $3.80 | $19,114.00 |
| | Completed | 12/4/2006 | 32553 | MORE THAN SKIN DEEP DAILY MEASURES CLEAR TOP | SHOREWOOD PACKAGING | 5,000 | $0.98 | $4,875.00 |
| | Completed | 12/4/2006 | 32553 | Credit per agreement with Shorewood & Mr. Reagan | SHOREWOOD PACKAGING | 1 | $5,000.00 | -$5,000.00 |
| | Completed | 8/22/2006 | 31959 | MORE THAN SKIN DEEP DAILY MEASURES IFC BOX | SHOREWOOD PACKAGING | 50,024 | $1.52 | $76,236.58 |
| | Completed | 8/22/2006 | 31959 | MORE THAN SKIN DEEP DAILY MEASURES CLEAR TOP | SHOREWOOD PACKAGING | 50,000 | $0.64 | $31,850.00 |
| | Completed | 8/22/2006 | 31959 | FILM / DIES / PLATES | SHOREWOOD PACKAGING | 1 | $6,800.00 | $6,800.00 |
| DJM-DAILY-5 | Completed | 10/19/2006 | 32160 | DAILY MEASURE 4PC DISPLAY TRAY, .060 COEX STYRENE, 18 X 12 X 2", -4", COLOR MATCHED | RELIANT GROUP | 4,644 | $3.48 | $16,161.12 |
| | | 10/19/2006 | | TOOLING | RELIANT GROUP | 1 | $2,900.00 | $2,900.00 |
| JM-DMBRO-10 | Completed | 10/18/2006 | 32248 | SKIN ESSENTIALS DAILY MEASURES BROCHURE | FLORIDA GRAPHICS | 55,000 | $0.05 | $2,736.75 |
| | Completed | 12/13/2006 | 12-8-06 | SKIN ESSENTIALS DAILY MEASURES BROCHURE IN BUNDLES OF 25 | FLORIDA GRAPHICS | 100,000 | $0.04 | $3,857.00 |
| JM-DMD8P-20 | Completed | 10/30/2006 | 32247 | MASTER SHIPPER FOR DAILY MEASURES DISPLAY | Central Fla. Box | 6,025 | $1.04 | $6,266.00 |
| QJM-DSPIN-51 | Completed | 10/24/2006 | 32279 | PACKING INSERT DAILY MEASURES DISPLAY | Central Fla. Box | 4,725 | $0.24 | $1,119.03 |
| JM-DMHDR-51 | Completed | 10/30/2006 | 32247 | SKIN ESSENTIALS DAILY MEASURES DISPLAY HEADER | Central Fla. Box | 5,170 | $1.30 | $6,721.00 |
| | Completed | 10/30/2006 | 32247 | DIES / TOOLING / ART | Central Fla. Box | 1 | $2,280.00 | $2,280.00 |
| QM-DO5BE-60 | Completed | 8/11/2006 | 31915 | DAILY MEASURE 5 PC STRIPS | LF AMERICA | 300,000 | $0.47 | $141,000.00 |
| | Pending | 11/20/2006 | 32470 | DAILY MEASURE 5 PC STRIPS | LF AMERICA | 300,000 | $0.58 | $174,000.00 |
| AJM-FLBRO-10 | Completed | 12/14/2006 | 32585 | DR. MARTELLO FULL LINE BROCHURE IN BUNDLES OF 25 | FLORIDA GRAPHICS | 125,000 | $0.05 | $6,581.25 |
| bJM-FLD5P-20 | Completed | 12/12/2006 | 32575 | DR. MARTELLO FULL LINE DISPLAY MASTER SHIPPER | Central Fla. Box | 5,250 | .975 | $5,118.75 |
| | Completed | 12/12/2006 | 32575 | DIES / TOOLING / ART | Central Fla. Box | 1 | $365.00 | $365.00 |
| MM-FLHDR-51 | Completed | 12/13/2006 | | DR. MARTELLO FULL LINE DISPLAY HEADER - FULL LABEL BOTH SIDES | Central Fla. Box | 5,000 | $1.38 | $6,900.00 |
| | | | | | | | $940.00 | $940.00 |

| Status | Date | Number | Description | Vendor | Qty | Unit Price | Total |
|---|---|---|---|---|---|---|---|
| **DJM-FLINS-51** | | | | | | | |
| Completed | 12/12/2006 | 32575 | DR. MARTELLO FULL LINE SHIPPER INSERT | Central Fla. Box | 5,250 | .402 | $2,110.50 |
| **DJM-FULTR-51** | | | | | | | |
| Completed | 11/21/2006 | 32387 | DR. MARTELLO FULL LINE TRAY .060 COEX - CUSTOM COLOR- 18 X 12 X 2-4, INCLUDES DIE C | RELIANT GROUP | 5,130 | $3.48 | $17,852.40 |
| | 11/21/2006 | 32387 | Tooling | RELIANT GROUP | 1 | $2,900.00 | $2,900.00 |
| **DJM-LIPOB-75** | | | | | | | |
| Not Used | 12/5/2006 | 32130 | #L2060 LIP VIAL SHINY SILVER BLANK | WORLD WIDE PACKAGING | 50,000 | .588 | $29,400.00 |
| | | | *For Lip Kit that was dropped from line / Too Late to cancel, were already produced | | | | |
| **DJM-NGHTC-25** | | | | | | | |
| Pending | 12/6/2006 | 32592 | DR. MARTELLO NIGHT CREAM IFC DIE# 060747Q2 SILVER FOIL BOARD | SHOREWOOD PACKAGING | 25,000 | .60356 | $15,089.00 |
| Completed | 1/8/2006 | 32391 | DR. MARTELLO NIGHT CREAM IFC DIE# 060747Q2 SILVER FOIL BOARD | SHOREWOOD PACKAGING | 47,117 | $0.44 | $20,812.52 |
| **DJM-NGHTC-77** | | | | | | | |
| Completed | 1/30/2006 | 32596 | NIGHT CREAM JAR, LID & DISC | PQ LOGISTICS | 50,000 | $1.15 | $57,500.00 |
| **DJM-TSTLB-32** | | | | | | | |
| Completed | 10/18/2006 | 32249 | TESTER LABEL FOR SKIN ESSENTIAL DAILY MEASURE - FRONT / BACK LABELS | CONSOLIDATED LABELS | 10,000 | .04452 | $445.20 |
| | 10/18/2006 | 32249 | PLATES | CONSOLIDATED LABELS | 3 | $55.00 | $165.00 |
| Completed | 12/6/2006 | 32590 | TESTER LABEL FOR SKIN ESSENTIAL DAILY MEASURE - FRONT / BACK LABELS | CONSOLIDATED LABELS | 10,000 | .04082 | $408.20 |
| **MBX-6FRST-72** | | | | | | | |
| Not Used | 9/25/2006 | | 15ML Airless Dispenser | K&G International | 50,000 | .67875 | $33,937.50 |
| | | | Freight to bring into Port of CA in order to make our due date of 12/1/06 | K&G International | 1 | $750.00 | $750.00 |
| | | | *For Lip Kit that was dropped from line / Too Late to cancel, were already produced | | | | |
| **Open Stock Shippers** | | | | | | | |
| Completed | 12/6/2006 | 32588 | Cleanser 12 Pack shipper | Corrugated Concepts | 3,201 | $0.25 | $785.75 |
| Completed | 12/6/2006 | 32588 | Buffing Grains 12 Pack Shipper | Corrugated Concepts | 3,437 | $0.27 | $944.69 |
| Completed | 12/6/2006 | 32588 | Night Cream 12 Pack Shipper | Corrugated Concepts | 2,966 | $0.23 | $681.94 |
| **NM-DMSTP-25** | | | | | | | |
| Pending | 1/4/2007 | 32772 | 5pc Strip IFC | Shorewood | 100,000 | $0.68 | $69,027.00 |
| **PQM-DAILY-20** | | | | | | | |
| Completed | 10/13/2006 | 32232 | Daily Measure Open Stock Shipper | CFB | 2,170 | $0.46 | $998.20 |
| Completed | 11/17/2006 | 32456 | Daily Measure Open Stock Shipper | CFB | 3,142 | $0.45 | $1,413.90 |
| Completed | 11/29/2006 | 32538 | Daily Measure Open Stock Shipper | CFB | 2,205 | $0.46 | $1,014.30 |
| Pending | 1/2/2007 | 32730 | Daily Measure Open Stock Shipper | CFB | 5,000 | $0.44 | $2,195.00 |
| **QM-BLKSP-60** | | | | | | | |
| Completed | 1/16/2006 | 32372 | Black Boomerang Spatula for Buffing Grains | Cosina | 50,000 | $0.03 | $1,500.00 |

**ILG-DMSLV-60**

| | | | | | | |
|---|---|---|---|---|---|---|
| Completed | 9/15/2006 | 32095 | DAILY MEASURE BLANK WHITE SLEEVE | Shorewood | 52,110 | $0.09 | $4,689.28 |
| Completed | 11/22/2006 | 32464 | DAILY MEASURE BLANK WHITE SLEEVE | Shorewood | 51,200 | $0.09 | $4,410.68 |

| Chemicals | # oz | Price per Oz | Total |
|---|---|---|---|
| Buffing Grains | - | - | $98,070.00 |
| Daily Measures | 43,520 | $1.28 | $55,705.60 |
| Night Cream | 160,128 | $0.25 | $40,672.51 |
| Lathering Cleanser | 235,008 | $0.05 | $10,810.37 |
| | | Grand Total | $205,258.48 |

| |
|---|
| PO# 32362 / 4,200 Lbs of Buffing Grains |
| 340 Gallons x 128 oz per gallon = 43,520 ozs |
| 1,251 Gallons x 128 oz per gallon = 160,128 ozs |
| 1,836 Gallons x 128oz per gallon = 235,008 ozs |

| | | | | | DR. MARTELLO EXPENSES | $33,180.19 |
|---|---|---|---|---|---|---|

**PROMOTIONAL SUPPORT**

| Nevessa Production | 11/28/2006 | Inv #9404 | Daily Measures Promo Shoot | $5,717.50 |
|---|---|---|---|---|
| Imogene Communications | 6/19/2006 | Inv #614 | Dr Martello/Walgreens Web Team | $260.00 |
| Imogene Communications | 8/21/2006 | Inv #620 | F/U Powerpoint, Ann Iosca | $52.50 |
| Imogene Communications | 9/5/2006 | Inv #625 | Editing IFC,Calls, e-mails | $175.00 |
| Imogene Communications | 9/29/2006 | Inv #630 | Plan Store events, beauty Advisors | $157.50 |
| Imogene Communications | 10/13/06 | Inv #633 | Plan full line launch, beauty Adv | $271.25 |
| Imogene Communications | 12/11/06 | Inv #645 | Woodstock, Racio, edit DVD | $840.00 |
| Walgreens | 4/3/06 | Inv #173659 | Cosmetic Supervisor Mtg | $4,000.00 |
| Piedmont | | | Display Cases | $80.00 |
| | | | | $11,533.75 |

**LEGAL**

| Roetzel & Andress | 6/16/06 | 660848 | Trademark Research | $550.00 |
|---|---|---|---|---|
| Roetzel & Andress | 3/10/06 | 645586 | Trademark Litigation | $1,125.00 |
| Roetzel & Andress | 10/13/06 | 677991 | Patent/Tral | $325.00 |
| Dean Pepe | | | Operating Agreement | $2,000.00 |
| | | | | $4,000.00 |

**TRAVEL**

| Rick Webb | 2/6/07 | | Chicago Corporate Walgreens | $3,878.75 |
|---|---|---|---|---|
| Rick Webb | 4/25/06 | | Chicago Corporate Walgreens | $1,759.88 |
| Rick Webb | 7/6/07 | | Chicago Corporate Walgreens | $1,341.71 |
| Rick Webb | 8/6/07 | | Chicago Corporate Walgreens | $2,306.75 |
| John Regan | 4/25/06 | | Chicago Corporate Walgreens | $1,771.23 |
| John Regan | 8/6/07 | | Chicago Corporate Walgreens | $1,256.80 |
| Dr Martello | 4/25/06 | | Chicago Corporate Walgreens | $1,343.64 |
| | | | | $13,656.76 |
| | | | includes PQ visit 11/05 & Corp Visit 12/05 | |

**PRODUCTION EXPENSE**

| WM Cresse | 11/21/06 | Inv #36791 | Auger Filler Hopper/Agitator Blade | $1,085.00 |
|---|---|---|---|---|
| | | | | $1,085.00 |

| DHL Freight Charges | | | | $2,904.68 |
|---|---|---|---|---|

# Only at Walgreens!

## NEW! Revolutionary Anti-Aging Skin Care

**Only at Walgreens!**

### Dr. Jeannette Martello's
# Skin Essentials™
**Daily Measures Anti-Wrinkle Serum**

Renowned plastic surgeon & leading expert in non-invasive anti-aging treatments



Use one ampule daily to reduce wrinkles dramatically

## $49
Includes 30-day supply!

- Instant results, long-term benefits
- Each ampule provides a daily dose of the anti-aging serum
- Contains Vitamins A, C and E

Walgreens is the exclusive drugstore retail

## ZENO
Clinically prove pimples disapp

*ZENO*

See Beauty tips set for details. Zeno also available at W

## NEW! Only at Walgreens!
### THE
## Pure Allure
### Crystal Collection
made with Swarovski Crystals



## European Beauty Collection

Finest prod aroun



ARTDECO   skincode

# Only at Walgreens!

**NEW**
only at Walgreens

*Dr. Jeannette Martello's*

# Skin Essentials™
**Daily Measures Anti-Wrinkle Serum**

Use one ampule daily to reduce wrinkles dramatically

## $49
Includes 30-day supply!





Renowned plastic surgeon & leading expert in non-invasive antiaging treatments

- Instant results and long-term benefits
- Each ampule contains daily dose of the anti-aging serum
- Contains Vitamins A, C and E

*Dr. Jeannette Martello's*
**Skin Essentials**
*"Instant results and long-term benefits"*
Daily Measures Anti-Wrinkle Serum

---

European Beauty Collection

Finest skin care products from around the world

# ZENO™
Clinically proven to make pimples disappear fast!



# EXHIBIT B

| Name | Case Type | Filing Date | Location | Available Imaged Documents |
|------|-----------|-------------|----------|----------------------------|
| JEANNETTE MARTELLO M.D. A PROFESSIONAL CORPORATION DBA SKIN DE | BREACH CONTRACT (Limited) | 12/30/2010 | Stanley Mosk Courthouse | |
| JEANNETTE MARTELLO M.D. APC DBA SKIN DEEP | Small Claims | 10/28/2009 | Alhambra Courthouse | |
| JEANNETTE MARTELLO M.D. APC DBA SKIN DEEP | Small Claims | 09/03/2008 | Downey Courthouse | |
| JEANNETTE MARTELLO M.D. APC DBA SKIN DEEP | Small Claims | 11/13/2006 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD.A PROF CORP MARTELLO M.D. JEANNETTE | Small Claims | 05/18/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD A PROF CORP DBA SKIN DEEP | Small Claims | 12/17/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD.A PROF CORP | Small Claims | 05/18/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD.A PROF CORP | Small Claims | 05/18/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD A PROF CORP | Small Claims | 12/17/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD.A PROF CORP MARTELLO M.D. JEANNETTE | Small Claims | 05/18/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD JD | Small Claims | 12/17/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD JD | Small Claims | 12/17/2010 | Alhambra Courthouse | |
| JEANNETTE MARTELLO MD | PERSONAL INJURY (Limited) | 10/18/2005 | Stanley Mosk Courthouse | |
| JEANNETTE MARTELLO | Premises Liablty (e.g. slip & fall (Unlimited) | 06/16/2008 | Pasadena Courthouse | |
| JEANNETTE MARTELLO | BREACH CONTRACT (Limited) | 04/08/2011 | Stanley Mosk Courthouse | |
| MARTELLO JEANNETTE M.D. J.D. | Small Claims | 01/05/2011 | Alhambra Courthouse | |
| MARTELLO JEANNETTE M.D. J.D. | Small Claims | 12/23/2010 | Alhambra Courthouse | |

# EXHIBIT C

**DR. JEANNETTE MARTELLO PRODUCTS**
**OPERATING AGREEMENT**

**EXHIBIT C**

**"LICENSE AGREEMENT"**

**THIS LICENSE AGREEMENT** ("Agreement") is entered into on the 30th day of January, 200[0] by and between DR. JEANNETTE MARTELLO individually and on behalf of JYM, LLC ("Celebrity") and DR. JEANNETTE MARTELLO PRODUCTS, LLC, ("Company"), an active Florida limited liability company and the parties state as follows;

**A. WHEREAS,** Company is in the business of developing and marketing products, particularly a line of skin care products and from time to time other products and services of the Company ("Products");

**B. WHEREAS,** Company desires to acquire the right to use the likeness, image, name, and voice of Celebrity in print, photography, recordings, video or visual works, advertising, point-of-purchase materials in connection with the marking and endorsement of the Products of the Company;

**C. WHEREAS,** Celebrity desires to endorse and promote the Products of the Company;

**D. WHEREAS,** Company desires to use Celebrity to endorse and promote the Products of the Company;

**E. WHEREAS,** Celebrity agrees to grant a license to Company to use her likeness, image, name, and voice and to provide her services to endorse and promote the Products and the Company for Walgreens drug stores under the terms and conditions of the Agreement and the "DR. JEANNETTE MARTELLO Operating Agreement" ("Operating Agreement").

**NOW, THEREFORE,** in consideration of the promises and covenant set forth hereinafter, the adequacy of which is hereby acknowledged, the parties agree as follows:

**1. GRANT OF LICENSE.** Celebrity hereby grants to Company and Company accepts a license for the term of the Company (as the term is set forth in Section 2.5 of the Operating Agreement or until legal dissolution of the Company or the earlier termination of this Agreement pursuant to Paragraph 8, whichever occurs sooner, the right to use Celebrity's goodwill, likeness, image, name or derivations thereof, and voice in print, photography, recordings, video or visual works, advertising, and point-of-purchase materials all if which shall be done only in connection with the marketing and endorsement of the Products of the Company. The uses shall be presented in a positive light and will not contain parody, disparage, defame, or otherwise subject the Celebrity to ridicule or embarrassment. All such uses shall be subject to the prior written approval of

1

Celebrity which shall not be unreasonably withheld. Celebrity grants the use and license for markets which include the United States, Canada, and international markets as set forth in their Agreement and the Operating Agreement.

**2. SERVICES OF CELEBRITY.** During the term of their Agreement, Celebrity agrees to provide services to make personal appearances (i.e., National Association of Drug Stores (NACDS) Show and/or its Annual Meeting); to make television commercials or promotional spots; attend photo shoots (including providing personal photos for advertising); attend sales presentations; attend related social events and otherwise assist in the marketing of the Products. Celebrity shall not be required to provide more than 20 days of personal appearances per calendar year. The specific days for productions and appearances shall be determined by mutual consent with regard to Celebrity's schedule; the content of the promotional segments or material subject shall be subject to the approval of the Celebrity which shall not be unreasonably withheld. During the term of the Company, the Company shall be entitled to unlimited use or reuse all materials developed or used to promote the Products or the Company (after Celebrity's approval) for all mediums of advertising commonly utilized by companies who promote products of the type promoted by Company. All materials shall be submitted to Celebrity prior to their use and Celebrity shall approve or not approve such use in writing. Facsimile communication is acceptable for submission of a proposed use and Celebrity's approval or disapproval.

Celebrity will be required from time to time to attend meetings at Customer Headquarters and/or Satellite offices at which time Celebrity will be required to discuss the Products. Notwithstanding the foregoing, any additional Celebrity participation will be subject to either mutual consent of the Parties hereto and/or the subject of a separate written Agreement.

**3. REIMBURSEMENT OF EXPENSES.** Celebrity shall be reimbursed for her actual reasonable expenses for travel, transportation, hotel, food and other necessary expenses. Celebrity shall submit a tentative budget for such expenses prior to incurring expenses and the Company shall not unreasonably withhold such reimbursement.

**4. NON-EXCLUSIVE SERVICES.** Company understands and agrees that Celebrity's services are to be provided on a non-exclusive basis to Company subject also to other professional commitments. However, Celebrity shall not allow her name to be incorporated into the name of a product in competition with Company's products unless this Agreement is terminated or if the Company fails to meet the following sales goals: total gross sales to any and all retail customers by Company achieved between May 1, 2006 and May 1, 2007 is less than five hundred thousand dollars ($500,000)

**5. OWNERSHIP RIGHTS.** Company and Celebrity agree that all right, title, and interest, including but not limited to copyrights, to any videos, recordings, still photographs, writings, or any audio or visual works made in connection with the Company or its Products that include Celebrity's likeness, name, image or voice are exclusively the property of the Company from the moment of fixation in any tangible

medium of expression, but may only be used for the purposes of marketing the Products of the Company as provided for herein and for no other purpose. Company may register copyrights in any such works in the Company's name. In the furtherance of these Agreements, Celebrity shall, upon the request and expense of Company, execute and deliver any and all papers including assignments, or any other necessary documents to perfect the Company's ownership in such works. Any intellectual property rights to be obtained by Company shall be obtained for the use of the Products only and then transferred to Celebrity upon the dissolution of the Company or earlier termination of this Agreement. Any decision to pursue litigation for the infringement of any rights set forth herein shall be mutually agreed upon by Celebrity and Company.

**6. INDEMNIFICATION.** Company agrees to indemnify and hold Celebrity harmless from any all demands, claims, actions, causes of action, assessments, losses, damages, liabilities costs and expenses resulting to or incurred by Celebrity arising in whole or part out of (a) any authorized or unauthorized sale or use by Company in connection with the name, likeness, voice or image of Celebrity; (b) the services provided by Celebrity; and (c) any claims or suits arising out the alleged defects in the Products or their use.

**7. INSURANCE.** Company shall obtain and maintain at its expense through the term hereof, standard product liability insurance naming Celebrity and Company as additional named insureds in the amount of Five Million Dollars ($5,000,000.00) for bodily injury and property damage. The parties agree to give each other prompt written notice of any demand letter, claim, suit or action against any party hereto.

**8. DEFAULT.** In the event that Company is in default of this Agreement or in the event that Product Quest Manufacturing, Inc. ("Product Quest") is in default of the Operating Agreement for the Company, Celebrity shall provide Company and Product Quest with written notice setting forth the nature of the default. Company and/or Product Quest, as the case may be, shall cure such default within forty five (45) days of receipt of notice from Celebrity. If the Company or Product Quest, as the case may be, does not cure the default within such forty five (45) day period, in addition to any other rights and remedies the Celebrity may have, Celebrity may terminate this Agreement at which time the Company's right to use the name, image, likeness or otherwise of Celebrity shall immediately terminate, including any intellectual property rights acquired as a result of the license granted to Company as a result of the Products.

**9. INCORPORATION BY REFERENCE.** The parties hereto agree to incorporate all the provisions, sections and clauses of the "DR. JEANNETTE MARTELLO PRODUCTS, LLC OPERATING AGREEMENT" into their Agreement in its entirety and vice versa.

**10. INDEPENDENT COUNSEL/CONFLICT OF INTEREST.** [The parties acknowledge that this Agreement and the Operating Agreement have been initially drafted and reviewed by the law office of Dean G. Pepe, P.A. who will be paid by the Company. In addition to the Company, Dean Pepe has also provided representation to Product Quest Manufacturing, Inc., John Regan and other Members and their companies

and this presents a conflict of interest. As such, the parties hereto, including all Members, are encouraged to seek independent counsel to review and receive legal advice prior to signing the Agreement. All parties (and the Members by their signature on the Operating Agreement) herein acknowledge and waive any conflict of interest; or have sought independent legal counsel or are waiving such right to do so.

## 11. MISCELLANEOUS.

A. <u>Notices</u>. A;; notices required to be given hereunder shall be in writing and addressed as follows. Each party may designate from time to time, another address in place of the address below set forth by notifying the other parties in the same manner as provided in this paragraph.

> If to: Celebrity
> Jeannette Martello and JYM, LLC
> Street Address 701 Fremont Ave.
> City, State, Zip South Pasadena. CA  91030
> Telephone Number 626-403-1747
> Facsimile Number 626-403-1784

> With a copy to :
> Tina M. Walls, Esq.
> Walls Law Firm
> 8861 W.  Sahara Avenue Suite 220
> Las Vegas, NV  89117
> 702.898.0009
> Fax 702.262.0080

> If to: Company
> John Regan, Manager
> 330 Carswell Avenue
> Holly Hill, Florida 32117
> (386) 239-8787
> Fax (386) 239-8393

Delivery shall be accomplished only in accordance with one of the following procedures. E-Mail communications shall not constitute notice.

1. By personal (hand) delivery to a party, and if a party is an entity, to an adult representative of such party, at the street address for the party, whereupon notice shall be deemed given upon the day of receipt or refusal to accept.

2. By the United States mail to the street address whereupon notice shall be deemed given three (3) days after deposit with the United States Postal Service by certified or registered mail, postage prepaid, with return receipt requested.

3. By a nationally recognized delivery service company to the street address with written proof of delivery, whereupon notice shall be deemed given upon the day of receipt or refusal to accept.

4. By facsimile transmission to a party's facsimile number, *provided* sender possesses written proof of successful transmission printed contemporaneously by the transmitting device, whereupon notice shall be deemed given upon the day of transmission, if transmitted before 5:00 p.m. recipient time, otherwise the next day.

In the event any applicable statute, law, rule or regulation requires notice to be delivered in a particular manner, or to a particular address for a party, such statute, law, rule or regulation shall control, unless the requirements of such statute, law, rule or regulation can be waived in which case all parties to this Agreement hereby waive such requirements.

B. <u>Attorneys' Fees</u>. If any party to this Agreement shall fail to fulfill or perform any of its covenants or obligations required by this Agreement, that party shall pay all costs, including, without limitation, reasonable attorneys' fees and expert witness fees, that may be incurred to enforce the terms, covenants, conditions and provisions of this Agreement, or that may be incurred as a result of a default under or breach of this Agreement, whether or not legal action is commenced.

C. <u>Entire Agreement: Amendment</u>. This Agreement and the Operating Agreement, including any and all exhibits attached hereto which are hereby incorporated into this Agreement by reference and made a part hereof, is the entire Agreement between the parties. There are no oral promises conditions, representations, understandings, interpretations or terms of any kind as conditions or inducements to the execution hereof or in effect between the parties. The parties make no representations or warranties to each other, except as contained in this Agreement, and any and all prior representations or statements made by any party, whether verbally or in writing, to the other or to any third person, and not expressly set forth in this Agreement are deemed to have been merged into this Agreement, it being intended that no such representations or statements shall survive the execution and delivery of this Agreement. No change or addition may be made to this Agreement except by a writing executed by the parties.

D. <u>Non-Waiver</u>. The failure in any one or more instances of a party to insist upon performance of any of the terms, covenants or conditions of this Agreement, to exercise any right or privilege in this Agreement conferred, or the waiver by said party of any non-performance of any of the terms, covenants or conditions of this Agreement, shall not be construed as a subsequent waiver of any such terms, covenants, conditions, rights or privileges, but the same shall continue and remain in full force and effect as if no such forbearance or waiver had occurred. No waiver shall be effective unless it is in writing and signed by the waiving party.

E. <u>Time of Essence/Force Majeure</u>. Time is of the essence with respect to the performance of all terms, covenants, conditions and provisions of this Agreement.

However, should either party's performance of any of its obligations under this Agreement be prevented by circumstances beyond its reasonable control, including but not limited to fire, explosion, act of war, act of God, civil commotion, the effect of any law, regulation, order, ordinance or requirement of government, or labor unrest, such party shall be excused from its performance for the duration of the event preventing performance.

F. <u>Further Assurances</u>. The parties hereto shall execute, acknowledge and deliver such other instruments and documents as may be necessary or appropriate to carry out the full intent and purpose of this Agreement.

G. <u>Assignment</u>. Neither party shall assign or transfer its rights, or delegate its duties under this Agreement without the express written consent of the other. Any assignment, transfer or delegation by either party in derogation of this provision shall constitute grounds for termination of this Agreement. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their permitted successors and assigns. An assignment shall be deemed to have occurred and shall have required the written consent of the other party wherever a party that is an entity experiences a change in ownership such that the person or persons in control of such party is different from the person or persons in control of such party as of the date of this Agreement.

H. <u>Survival</u>. Except as otherwise provided herein, all covenants, agreements, representations and warranties set forth in this Agreement or in any certificate or instrument executed or delivered pursuant to this Agreement shall survive termination and shall not merge into any assignment or other instrument executed or delivered pursuant hereto.

**IN WITNESS WHEREOF**, the parties hereto have signed this Agreement as of the day and year first written.

**COMPANY:**

_____
John T. Regan, Manager

_____
Dr. Jeannette Martello, Manager

**CELEBRITY:** 1/30/06

_____
DR. JEANNETTE MARTELLO
Individually

_____
Dr. Jeannette Martello
Manager, JYM, LLC

6

Exhibit E

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JEANNETTE MARTELLO,** individually;
and **JYM, LLC,** a Nevada limited
liability company,

**Plaintiffs,**

**v.**                                         Case No.:6:12-CV-1304-ORL-22GJK

**PRODUCT QUEST
MANUFACTURING, LLC,** a Florida
limited liability company; **JOHN T.
REGAN,** individually; and **PRODUCT
QUEST MANUFACTURING, INC.**

**Defendants**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS JEANNETTE MARTELO AND JYM, LLC

Plaintiffs Jeannette Martello and JYM, LLC ("Plaintiffs") hereby respond to the

Second Set of Requests for Production of Documents promulgated by

defendants Product Quest Manufacturing, LLC, John T. Regan, and Product

Quest Manufacturing, Inc. ("Defendants"):

**Response to Request for Production No. 1:**

Plaintiffs object that the Request calls for privileged information and documents

and documents which are protected by Plaintiffs' privacy rights.  Plaintiffs further

object that the Request seeks documents which are irrelevant.  Plaintiffs further

object that the Request is overly broad, harassing, and vexatious.  No documents

will be produced in response to this Request.

**Response to Request for Production No. 2:**

Plaintiffs object that the Request calls for privileged information and documents and documents which are protected by Plaintiffs' privacy rights. Plaintiffs further object that the Request seeks documents which are irrelevant. Plaintiffs further object that the Request is overly broad, harassing, and vexatious. No documents will be produced in response to this Request.

**Response to Request for Production No. 3:**

Plaintiffs object that the Request calls for privileged information and documents and documents which are protected by Plaintiffs' privacy rights. Plaintiffs further object that the Request seeks documents which are irrelevant. Plaintiffs further object that the Request is overly broad, harassing, and vexatious. No documents will be produced in response to this Request.

**Response to Request for Production No. 4:**

Plaintiffs object that the Request calls for privileged information and documents and documents which are protected by Plaintiffs' privacy rights. Plaintiffs further object that the Request seeks documents which are irrelevant. Plaintiffs further object that the Request is overly broad, harassing, and vexatious. No documents will be produced in response to this Request.

**Response to Request for Production No. 5:**

Plaintiffs object to the Request to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to and

without waiving such objections, Plaintiffs respond as follows:  Other than Exhibit "A," Plaintiffs are not aware of any responsive documents.

**Response to Request for Production No. 6:**

Plaintiffs object to the Request to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine.  Subject to and without waiving such objections, Plaintiffs respond as follows:  Other than Exhibit "A," Plaintiffs are not aware of any responsive documents.

**Response to Request for Production No. 7:**

Plaintiffs object that the Request seeks documents which are irrelevant.  Plaintiffs object that the Request is vexatious and harassing,  Plaintiffs object that the Request seeks publicly available documents which are equally available to Defendants.

**Response to Request for Production No. 8:**

Plaintiffs object to the Request to the extent it calls for a legal conclusion. Subject to and without waiving such objections, Plaintiffs respond as follows: Plaintiffs believe that all responsive documents have been produced.  Plaintiffs reserve their right to supplement responses to this Request.

**Response to Request for Production No. 9:**

Plaintiffs object to the Request to the extent it calls for a legal conclusion. Subject to and without waiving such objections, Plaintiffs respond as follows: Plaintiffs believe that all responsive documents have been produced.  Plaintiffs reserve their right to supplement responses to this Request.

**Response to Request for Production No. 10:**

Plaintiffs object to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving such objections, Plaintiffs respond as follows:

Plaintiffs believe that all responsive documents have been produced.  Plaintiffs

reserve their right to supplement responses to this Request.

**Response to Request for Production No. 11:**

Plaintiffs object to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving such objections, Plaintiffs respond as follows:

Plaintiffs believe that all responsive documents have been produced.  Plaintiffs

reserve their right to supplement responses to this Request.

**Response to Request for Production No. 12:**

Plaintiffs object to this Request on the grounds that it is overly broad and seeks

information which is not relevant.  Subject to and without waiving such

objections, Plaintiffs respond as follows: Plaintiffs believe that all relevant and

responsive documents have been produced.  Plaintiffs reserve their right to

supplement responses to this Request.

**Response to Request for Production No. 13:**

Plaintiffs object to this Request on the grounds that it is overly broad and seeks

information which is not relevant.  Subject to and without waiving such

objections, Plaintiffs respond as follows: Plaintiffs believe that all relevant and

responsive documents have been produced.  Plaintiffs reserve their right to

supplement responses to this Request.

**Response to Request for Production No. 14:**

Plaintiffs object to this Request on the grounds that it is overly broad and seeks information which is not relevant.  Subject to and without waiving such objections, Plaintiffs respond as follows: Plaintiffs believe that all relevant and responsive documents have been produced.  Plaintiffs reserve their right to supplement responses to this Request.

**Response to Request for Production No. 15:**

Plaintiffs object to the Request to the extent it seeks attorney-client privileged or attorney work product protected documents.  Plaintiffs further object on the grounds that the Request is overbroad.  Subject to and without waiving such objections, Plaintiffs respond as follows: Plaintiffs believe that all relevant and responsive documents have been produced.  Plaintiffs reserve their right to supplement responses to this Request.

Respectfully submitted this 27th day of December, 2013.

/s/ JUSTIN SOBODASH
Justin Sobodash, Esq.
California Bar No.: 217450
Justin@Sobodashlaw.com
8335 W. Sunset Blvd., Suite 302
West Hollywood, CA 90069
Tel. 323.337.9010
Fax 323.656.7155

*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-mail delivery this 27th day of December 2013 to **RICHARD MITCHELL, ESQ and ROBERT N. NORWAY, ESQ.**, GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, Florida 32802-3068 (Robert.Norway@gray-robinson.com) and **RICHARD D. SIERRA, ESQ.,** Kosto & Rotella, P.A. 619 E. Washington Street, Orlando, Florida 32802 (rsierra@kostoandrotella.com)

                                               **/s/ JUSTIN SOBODASH**