UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEANNETTE MARTELLO,** individually;
and **JYM, LLC,** a Nevada limited
liability company,

**Plaintiffs,**

v.  Case No.:6:12-CV-1304-ORL-22GJK

**PRODUCT QUEST
MANUFACTURING, LLC,** a Florida
limited liability company; **JOHN T.
REGAN,** individually; and **PRODUCT
QUEST MANUFACTURING, INC.**

**Defendants**

## STATEMENT OF PLAINTIFFS REGARDING DISCOVERY ISSUES

Plaintiffs Jeannette Martello and JYM, LLC ("Plaintiffs") hereby submit their report regarding discovery issues pursuant to this Court's Order of January 3, 2014 [Doc. 59] concerning the status of discovery ordered on December 18, 2013 [Doc. 56]. The report tracks the issues identified in the Court's order of December 18 ("Order").

1. The first issue addressed in the Court's Order of December 18 was resolved on such date.

2. The parties met and conferred and agreed on deposition dates.

3. On or about December 28, 2013 Plaintiffs sent by FedEx a CD containing ESI in a format that Defendants had previously indicated was readable. They followed up by uploading

1

documents on December 30 and 31, 2013 to counsel for defendants' server pursuant to instructions previously provided. Plaintiffs also provided a privilege log on December 30 and a supplemental and amended privilege log on December 31.

**ESI Production.** By an e-mail dated January 6, 2014 Defendants made their first objections to Plaintiffs that the ESI format produced was not acceptable. Defendants stated in that e-mail: "Please be advised that none of the zip files produced by your client are readable, accessible, or useful. Please confirm that: (1) Plaintiffs are sending today, via overnight express, a CD containing all of the documents that were produced by Dr. Martello in the zip files in a format that is accessible and (2) that all of the documents contained in the zip files were Outlooks PST files."

Plaintiffs responded to that e-mail later on January 6 stating: "My client has confirmed that the files were produced in an older version of PST format: Unicode (UTF-16-16 little-endian).

If your IT people are not able to access the produced e-mails, they can be forwarded within 24 hours in dot.msg format, individually, to any e-mail address you designate. If this is an

acceptable solution, please confirm and we will promptly commence sending e-mails as I suggested.

As for e-mails that require redaction, we are not presently aware of how to produce ESI to you with redactions other than as previously produced. Our IT person is researching this issue. If your IT people have a proposed solution, please promptly advise."

Defendants responded late morning on January 7, 2014 by stating:

"Your client is not correct. The e-mails that she produced to Defendant are in msg. format, not pst. Format. Also some of the msg. files appear to have been corrupted, and such e-mails do not contain all of the limited ESI that we would expect to see in a .msg file.

As we discussed last month, it is not acceptable for Dr. Martello to convert her e-mails from the format in which they are stored in their usual course of business (.pst format for Microsoft Outlook) to another format that does not retain the complete ESI for each e-mail. Plaintiffs agreed to provide Dr. Martello's e-mails in .pst format, and Defendants expect Plaintiffs to abide by that agreement.

I do not know what you are referring to in your third paragraph. We have not discussed ESI for e-mails that require redaction. The only redacted documents that we know of were produced by Plaintiffs in adobe acrobat format."

Prior to January 6, 2014, Defendants did not make Plaintiffs aware that they considered the document production to be non-compliant. Prior to that, Plaintiffs had every reason to believe the production they had worked hard to provide was compliant.

On the evening of December 23, 2013, defendants agreed that production could occur in PST format, sending an e-mail which stated in pertinent part: "For example, if Dr. Martello used Microsoft Outlook, then Defendants will expect to see the production of a PST file on December 31."

Plaintiffs responded by email of December 24: "She used an older version of Outlook. Apparently for Outlook 2003 and onward the standard file format for .pst files is Unicode (UTF-16 little-endian). The files are being saved in this format. Please confirm this is acceptable."

On December 26, Defendants responded by email: "You may find that a pre-2003 PST may not convert to a Unicode PST output. But if it converts and Plaintiffs confirm that the produced

file is accessible and contains accessible emails, what you propose should be fine."

Based on Defendants' December 26 statement, Plaintiffs saved the files in Unicode (UTF-16 little-endian) format and produced them to Defendants on December 28 and 31.

Earlier today in a conference call related to the instant report, Defendants' counsel Mr. Zimmerman advised that Unicode (UTF-16 little-endian) and .pst were two entirely different categories of files. Mr. Zimmerman suggested that Plaintiffs save the files as .pst files by selecting "File," then "Export," then "Mailbox," then "PST file" in Outlook. Based on that representation, Plaintiffs' counsel has worked persistently with Plaintiffs and their information technology personnel to try to obtain the files in .pst format. Mr. Zimmerman's suggestion was well-intentioned and Plaintiffs were grateful for it, but it did not work on Plaintiff's computer. Plaintiffs are consulting with their information technology personnel now to determine how to produce the documents in .pst format.

**Privilege Log.** In a telephone conference earlier today, Plaintiffs made their first complaint about the privilege log provided by Plaintiffs. They contended the logs were inadequate because: (1) Bates stamp numbers were missing, (2) attachments

5

to e-mails were not specifically provided, (3) redactions appearing in several documents were not separately logged, and (4) not all attorney-client communications were logged.

With respect to the Bates stamp numbers, Plaintiffs are not currently aware of how to provide ESI with Bates numbering, but are working on the issue and will address it as promptly as possible.

With respect to the attachments, Plaintiffs need time to review whether any of the logged documents had attachments.

With respect to redacted communications which appear multiple times, Plaintiffs took the position in their conference with Defendants that the same communication should not have to be separately logged if it appeared in multiple produced e-mail chains. However, upon reflection, Plaintiffs will log the communications separately when the Bates stamping issue can be resolved.

With respect to attorney-client privileged communications, Plaintiffs submit that they should not have to provide a privilege log for post-litigation communications in this lawsuit, and ask that the Court confirm the same. With respect to communications that were not redacted but entirely withheld, Plaintiffs understand that no such documents exist. While this

defies common experience, the emails are largely long strands which interweave privileged communications between Plaintiffs, their counsel, and their accountant on the one hand, and communications with Defendants and their counsel on the other.

4. With respect to Defendants' first and second motions to compel [Docs. 50 and 54], the issues presented concern the ESI production discussed above.

Respectfully submitted this 7th day of January, 2014.

/s/ JUSTIN SOBODASH
Justin Sobodash, Esq.
California Bar No.: 217450
Justin@Sobodashlaw.com
8335 W. Sunset Blvd., Suite 302
West Hollywood, CA 90069
Tel. 323.337.9010
Fax 323.656.7155

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2014, I electronically filed the foregoing with the Clerk of this Court using the ECF system.

/s/ JUSTIN SOBODASH