UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE MARTELLO, individually;
and JYM, LLC, a Nevada limited liability
company,

       Plaintiffs,

v.

PRODUCT QUEST MANUFACTURING,
LLC, a Florida limited liability company;
JOHN T. REGAN, individually; and
PRODUCT QUEST MANUFACTURING,
INC.,

       Defendants.
_____/

Case No. 6:12-cv-1304-Orl-22GJK

**DEFENDANTS' OPPOSED SECOND MOTION FOR
ENLARGEMENT OF EXPERT DISCLOSURE DEADLINE**

      Pursuant to Federal Rule of Civil Procedure 16, Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC. (hereinafter "Product Quest"), respectfully request this Honorable Court to render an Order enlarging by ten (10) days Product Quest's current expert disclosure deadline of January 10, 2014 as set forth in the Court's Order of December 18, 2013 (Doc. 56), and in support thereof state:

      Following the untimely disclosure of Plaintiffs' expert's opinions in November, Defendants diligently sought to identify and retain a damages expert of their own. Defendants sought an extension of the then pending deadline for their expert disclosure, which was granted based in part on Plaintiffs' failure to produce the records reviewed by their damages expert, Mr. Adams. Defendants

filed a motion to compel the production of those records, and the Court abated a ruling as to allow the Parties to amicably resolve their discovery disputes. (Doc. 56).

The Court, *sua sponte,* issued an Order on January 3, 2014, requesting the Parties submit a joint status report regarding the pending discovery issues. (Doc. 59). As explained more fully in Defendants' Status Report (Doc. 61), Plaintiffs have made no attempt to review or produce documents responsive to Defendants' requests, and Defendants are still unable to provide the necessary documents for their expert's review.

## Applicable Law

Federal Rule of Civil Procedure 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." "Rule 16(b) does not define good cause, but the advisory committee note indicates that good cause exists if the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798 (11th Cir. 2013); *see also* Case Scheduling and Management Order entered on December 13, 2013 (Doc. 29).

## Argument

Defendants respectfully submit that good cause exists in support of this requested relief for the following reasons.

Defendants' expert is, in part, a rebuttal witness. Hence, Defendants' expert must have access to all of the documents reviewed by Mr. Adams in formulating his opinions. To date, Plaintiffs have not produced all of the records

reviewed by Mr. Adams, even though those documents were the subject of a *duces tecum* request noticed for production at Dr. Martello's November 26, 2013 deposition and the Court's December 18, 2013 Order. Plaintiffs' failure to produce their records has impaired Defendants' ability to timely provide documents to their own expert for his analysis.

Counsel for Plaintiffs confirmed on January 7, 2014, that Plaintiffs had not produced any records in response to the *duces tecum* requests. On that day, Counsel for Plaintiffs represented to the undersigned that Plaintiffs had made no effort to review or produce the documents that were requested in the *duces tecum* portion of Dr. Martello's November 26, 2013 deposition notice. As Defendants specifically requested documents necessary for Defendants' expert to evaluate and prepare a full report in support of Defendants' defenses as well as formulate a counter-opinion as pertaining to Mr. Adams' report, Plaintiffs' failure to even attempt to produce the requested documents has caused severe hardship on Defendants.

In view of Plaintiffs' plain disregard of the Court's December 18, 2013 Order, Defendants respectfully request that the Court enlarge the disclosure deadline for Defendants' expert report from January 10, 2014, to January 20, 2014. Defendants also respectfully request that the Court consider this motion at the January 10, 2014 hearing, which was set by the Court *sua sponte*.

In sum, Defendants respectfully submit that, once put on notice of the previously undisclosed and inadequate opinions of Mr. Adams, they have diligently sought to retain and prepare their damages expert, including requesting

any and all documents reviewed by the Plaintiffs' expert. Good cause to enlarge the disclosure deadline is present here as Plaintiffs have disregarded the Court's Order directing Plaintiffs to produce documents responsive to Defendants' *duces tecum* requests. Further, Plaintiffs will not suffer any prejudice if this requested relief is granted as discovery remains open through January 31, 2014, and Defendants will disclose their expert's opinions a week prior to the date on which Defendants' expert will be deposed.[1]

## Conclusion

For the foregoing reasons, Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC., respectfully request that the Court enlarge the deadline for the disclosure of Defendants' expert reports by ten (10) days so that the Defendants' expert reports will be due on or before January 20, 2013.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Counsel for Defendants attempted to confer with counsel for Plaintiffs. Counsel for Plaintiffs represented that he was not able to attend a Rule 3.01(g) telephone conference today, and that Plaintiffs' oppose the relief requested.

---

[1] The parties have agreed that Plaintiffs may depose Defendants' expert witness on January 28, 2014.

Respectfully submitted this 9th day of January, 2014.

    /s/ ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

*Lead Trial Counsel for Defendants Product Quest Manufacturing, LLC and Product Quest Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

    /s/ ROBERT M. NORWAY
ROBERT M. NORWAY, ESQ.