UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE MARTELLO, individually;
and JYM, LLC, a Nevada limited liability
company,

       Plaintiffs,

v.

PRODUCT QUEST MANUFACTURING,
LLC, a Florida limited liability company;
JOHN T. REGAN, individually; and
PRODUCT QUEST MANUFACTURING,
INC.,

       Defendants.
_____/

Case No. 6:12-cv-1304-Orl-22GJK

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC. (collectively, "Defendants") hereby respond in opposition to Plaintiffs' Motion for Protective Order, which was filed January 23, 2014. Plaintiffs did not attempt to meet and confer with Defendants, as required by Federal Rule of Civil Procedure 37 and Local Rul e3.01(g).

And the timing of the motion is specious. It was filed just after midnight the night before the depositions of the corporate representatives of Defendants. Counsel for Defendants is now sitting in the depositions, responding to this baseless motion, instead of concentrating on defending the deposition of his clients.

Counsel for Plaintiffs also omitted material information from the motion. First, Defendants have consistently objected to Walgreens producing the confidential business information of Defendants. Defendants asked for a mechanism to review any documents that may contain such information. Counsel for Defendants said that we would <u>try</u> to propose some language on January 14, but that we would be unable to do so for at least a couple of days because of the press of other matters. Notably, Counsel for Plaintiffs never proposed any language, and never proposed a form of protective order for Defendants to review. Defendants were provided Plaintiffs' proposed protective order <u>for the first time</u> when it was filed just after midnight.[1]

Counsel for Plaintiffs also omitted the fact that he has not kept Defendants informed at all as to the status of this non-party discovery. Defendants were not informed by Plaintiffs that Walgreens would not produce documents in response to the subpoena for documents on the date called for in the subpoena. Defendants were also not informed that a representative of Walgreens would not appear for a deposition in response to a second subpoena issued by Counsel for Plaintiffs. The deposition was not cancelled by Plaintiffs, and no amended subpoena was served. Counsel for Defendants and his assistant wasted several hours the days before and the morning of the deposition trying to coordinate a call in number or video connection. The law firm where the deposition was set knew nothing about it, and Defendants did not learn that Walgreens and Plaintiffs

---

[1] It my be the same form proposed by Walgreens but the undersigned has not been able to review and analyze it.

had agreed not to go forward with the deposition until hours <u>after</u> the time set for it to begin from Walgreens' representative.

Given Counsel for Plaintiffs complete lack of communication regarding this non-party discovery, the undersigned grew concerned that Walgreens had not been informed of the Court's orders concerning the scope and conduct of discovery by Plaintiffs. The Court's Case Management and Scheduling Order is very clear that the parties cannot agree to extend discovery beyond the deadline set by the Court. Walgreens seemed to the undersigned to be under the impression that it would be able to agree to provide responses after the discovery deadline. Defendants have, on multiple occasions, explained to Counsel for Plaintiffs that the Court's orders require Plaintiffs to complete discovery, including non-party discovery, prior to the expiration of the discovery deadline. Defendants also informed Counsel for Plaintiffs that he could expedite Walgreens' responses and preparation for a deposition by narrowing the scope of the requested discovery and proposed an alternative date for the deposition that did not take place. Walgreens did not appear to be aware of Defendants' objections to an informal agreement to extend the time for Walgreens response and deposition. It is with that understanding that the undersigned emailed Walgreens' representative to inform them of Defendants' objections, all of which were known to Plaintiffs.

This is not an instance of interference. It is nothing more than Plaintiffs waiting, once again, until the last minute to engage in discovery. Plaintiffs waited for a week after Walgreens' request before asking Defendants for their

comments on January 14.  Defendants provided our initial concerns.  Plaintiffs did not follow up, and more than a week later, filed the instant motion in a desperate attempt to blame anyone but themselves for their failure to obtain discovery in support of their claims.

Defendants respectfully request that the Court deny Plaintiffs' motion.  If the Court were inclined to entertain the entry of a protective order, Defendants respectfully request the Court to abate the motion until such a time as Defendants have an opportunity to review and analyze the proposed protective order and response in detail to Plaintiffs' proposal.  Defendants also request an award of attorney's fees and costs pursuant to Rule 37 based on the lack of a meet and confer conference prior to the filing of the motion.

Respectfully submitted this 23rd day of January, 2014.

  /s/  ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

*Lead Trial Counsel for Defendants Product Quest Manufacturing, LLC; John T. Regan; and Product Quest Manufacturing, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 23rd day of January, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

                                        **/s/ ROBERT M. NORWAY**
                                        ROBERT M. NORWAY, ESQ.