UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNETTE MARTELLO,
individually; and **JYM, LLC,** a Nevada
limited liability company,

**Plaintiffs,**

v.  Case No.:6:12-CV-1304-ORL-22GJK

**PRODUCT QUEST
MANUFACTURING, LLC,** a Florida
limited liability company; **JOHN T.
REGAN,** individually; and **PRODUCT
QUEST MANUFACTURING, INC.**

**Defendants**

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

   2.1  <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1

2.2     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     "Attorneys' Eyes Only" Information or Items: All Confidential Information that the Producing Party can claim in good faith is so competitively sensitive that it is entitled to extraordinary protections and if received by the Receiving Party and/or its employees would result in the risk of serious competitive injury if disclosed, and which have been designated as **"Attorneys' Eyes Only"** information after the date of this Agreement/Order pursuant to the procedures of this Agreement/Order as set forth in paragraph 5 below.

2.5     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as **"Confidential"** and/or **"Attorneys' Eyes Only."**

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "**Confidential**" and/or "**Attorneys' Eyes Only**."

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: Attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of an opposing Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>**SCOPE**</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Manner and Timing Designations</u>. Any party producing information, documents, materials, items or things (hereinafter "producing party") shall designate at the time of production, or as soon thereafter as the producing party becomes aware of the nature of the information or materials discovered and sought to be protected hereunder, that such information, documents, materials items or things contain or include "**Confidential**" and/or "**Attorneys' Eyes Only**" information or items. Defendants may, within five days of production, designate information, documents, materials, items or things produced by a producing party as "**Confidential**" and/or "**Attorneys' Eyes Only**," during which five days, Plaintiffs will not file the information, documents, materials, items or things in court or otherwise use them publicly. The designation of Protected Material for purposes of Agreement/Order shall be made in the following manner:

    (a)    <u>Meet and Confer, Attorneys Eyes Only</u>: For information to be designated "Attorneys' Eyes Only": Prior to disclosure, a Producing Party wishing to designate Protected Material as "Attorneys' Eyes Only" shall notify the Receiving Party that it wishes to produce such Protected Material designated as such and shall give the other party a description of the Protected Materials. The parties shall use their best efforts to agree as to whether such Protected Materials will be produced subject to the "Attorneys' Eyes Only" designation. If the parties cannot agree within 10 days of the Producing

4

Case 6:12-cv-01304-ACC-GJK Document 74-2 Filed 01/23/14 Page 6 of 39 PageID 1438

Party's notification of its intent to produce the Protected Materials pursuant to the "Attorneys' Eyes Only" designation, the Producing Party shall file an appropriate motion seeking a ruling from the Court as to whether the Protected Materials shall be produced subject to the "Attorneys' Eyes Only" designation.

    (b)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): The Designating Party must affix the legend "**Confidential**" and/or "**Attorneys' Eyes Only**" at the top or bottom of the front page of each document that contains protected material in a fashion that is easily identifiable. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "**Confidential**" and "**Attorneys' Eyes Only**." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, if any, qualify for protection under this Order, then, before producing the specified documents, the Producing/Designating Party must affix the appropriate legend "**Confidential**" and/or "**Attorneys' Eyes Only**" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5

Additionally, a party may designate information, documents, materials, items or things produced by a third party as "**Confidential**" and/or "**Attorneys' Eyes Only**" by notice to all other parties within 30 (thirty) days of production by the third party that the information, document, material or item is of the type covered by this Agreement/Order.

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings:</u> Testimony or other material disclosed or to be disclosed at any deposition, hearing, or other proceeding, may be designated as "**Confidential**" and/or "**Attorneys' Eyes Only**" by: (a) indicating on the record at the deposition, hearing, or other proceeding that testimony or other material is designated as "**Confidential**" and/or "**Attorneys' Eyes Only;**" or (b) notifying all Parties in writing within thirty (30) calendar days from the date the transcript is first sent to counsel or the witness following the deposition, hearing, or other proceeding, that testimony or material is designated "**Confidential**" and/or "**Attorneys' Eyes Only.**"

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each page the legend "**Confidential**" and/or "**Attorneys' Eyes Only.**"

(d) <u>for information produced in some form other than documentary, and for any other tangible things</u>: The Producing/Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "**Confidential**" and/or "**Attorneys' Eyes Only.**" If only portions of the information or item warrant protection, the Producing/Designating Party, to the extent. practicable, shall identify the protected portions.

5.2  **Exercise of Restraint and Care in Designating Materials for Protection.** Each Designating Party must take care to limit any "**Confidential**" and/or "**Attorneys' Eyes Only**" designation to specific material that qualifies under the appropriate standards. A Designating Party also must take care to limit "**Confidential**" and/or "**Attorneys' Eyes Only**" designations to only those parts of material, documents, items or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3  **Inadvertent Failures to Designate.** An inadvertent failure to designate qualified information or items as "**Confidential**" and/or "**Attorneys' Eyes Only**" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "**Confidential**" and/or "**Attorneys' Eyes Only**" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure, going forward, that the material is treated in accordance with the provisions of this Order.

5.4  **Inadvertent Production.** If a Producing Party discovers that it has produced information subject to the attorney-client privilege and/or work product doctrine inadvertently, or in error, then the Producing Party shall be entitled to request the immediate return or destruction of such information, and the Receiving Party must

7

comply. The Receiving Party is also obligated to retrieve copies, to the extent possible, from any third parties with which it has shared the privileged or protected material. The Receiving Party shall thereafter make no use of any kind of any information contained in the privileged or protected material. A Producing Party's inadvertent production of privileged or otherwise protected materials shall not operate as a waiver of the applicable privilege.

## 6. CHALLENGING DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that tile designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a designation after considering the justification offered by the Designating Party may file

and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by a Designating Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order below. When the litigation has been terminated, at Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated **"Confidential"** only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, who by signature of their counsel of record hereto agree to be bound by the provisions of this Order;

(b) the officers, directors, House Counsel, and any agents of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who by this signature of their counsel of record hereto agree to be bound by the provisions of this Order; other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);.

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(i) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

7.3 Disclosure of "Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated **"Attorneys' Eyes Only"** only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, who by signature of their counsel of record hereto agree to be bound by the provisions of this Order;

(b) the Receiving Party's House Counsel, and legal staff working under the direct supervision of House Counsel, who agree not to disclose documents designated "Attorneys' Eyes Only" or any information or material contained in documents designated "Attorneys' Eyes Only" to anyone other than other Counsel working on the case, and who further agree to be bound by the provisions of this Order;

(c) Outside legal personnel retained by a party to work on this Litigation, including regular and temporary employees, contractors and agents and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Outside experts or consultants, who are not employees of the parties, retained to assist in the preparation of this case by any legal personnel described in subparagraph (a) above, as well as employees of such expert or consultants and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, including but not limited to, jury consultants, computer service personnel performing duties in relation

to computerized litigation or graphics systems, and their necessary personnel and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (f)    The Court, witnesses (including deponents) employed by the Producing Party or Parties, court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any;

If the Producing Party, in good faith, believes that it would cause the Producing Party competitive harm for the document to be disclosed to any party identified in Paragraph 7.3(a)-(f), the Producing Party shall notify the Receiving Party in connection with the Meet and Confer procedure set forth in Paragraph 5.1(a) above. If the parties cannot come to agreement about which parties will be permitted access to the document or information in question after 10 days, as set forth in Paragraph 5.1(a), the Producing Party shall file an appropriate motion seeking a ruling from the Court as to whether the Protected Materials shall be produced subject to the "Attorneys' Eyes Only" designation, and which parties defined in Paragraph 7.3(a)-(f) should be permitted to view the document(s) in question.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "**Confidential**" and/or "**Attorneys' Eyes Only**," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record

in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's local rules.

If a Party receives or has received Protected Material from a source other than in connection with this litigation, then the Receiving Party is not required to treat such information received from such other source as Protected Material, provided that the other source disclosing such information was not in violation of this Order and the Receiving Party has no knowledge or reason to have knowledge of such violation. Notwithstanding the foregoing, nothing in this Order shall be construed to affect any confidentiality obligation under applicable federal or state law.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Designating Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, except for Protected Material covered by the attorney-client privilege or the attorney work product doctrine, pleadings filed in this action, transcriptions, deposition, trial or hearing exhibits and discovery responses, which shall remain subject to the Protective Order as set forth in Section 4 (DURATION) above. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party may be required to submit, if requested by the Designating Party, a written certification to the Designating Party by the sixty day deadline that identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material except as otherwise allowed in this Section. If any Protected Material is filed under seal with the Court as specified in Section 10, the filing party shall move for an order for a return of such documents within the time frame set forth by Local Rule 13.05.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party or non-party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**DONE AND ORDERED** at Orlando, Florida on January 24, 2014.

*[Signature]*
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record

Presiding District Judge

16

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the US Federal Court, Middle District of Florida, case no. 6:12-CV-1304-ORL-22GJK, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where Sworn and Signed: _____

Printed Name: _____

Signature: _____