UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE MARTELLO, individually;
and JYM, LLC, a Nevada limited liability
company,

      Plaintiffs,

v.

PRODUCT QUEST MANUFACTURING,
LLC, a Florida limited liability company;
JOHN T. REGAN, individually; and
PRODUCT QUEST MANUFACTURING,
INC.,

      Defendants.
_____/

Case No. 6:12-cv-1304-Orl-22GJK

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR WITHDRAWAL OF COUNSEL AND MOTION FOR EXTENSION OF TIME

Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC. (collectively, "Defendants") hereby respond to the Motion for Withdrawal of Counsel[1] (Doc. 82) and Motion for Extension of Time to Answer Defendants' Renewed Motion for Sanctions Against Plaintiff and Alternative Motion to Compel (Doc. 83) filed by Plaintiff Jeannette Martello on February 3, 2014.[2]

Defendants note that Plaintiffs did not attempt to confer with Counsel for Defendants, as required by Local Rule 3.01(g), prior to the filing of either motion.

---

[1] Defendants construe the form document titled "Consent Order Granting Substitution of Counsel" as a motion for the Withdrawal of Plaintiffs' Counsel, Mr. Justin Sobodash.

[2] Because Plaintiffs are represented by counsel, Martello's filing of these motions violated Local Rule 2.01(d).

The burden to do so would have been minimal. Martello was deposed by Defendants on Friday, January 31, 2014, in Orlando. However, neither she nor Mr. Sobodash, who defended the deposition via teleconference, raised the possibility that Counsel would seek to withdraw or that Plaintiffs would move to extend the time to respond to Defendants' pending motion for sanctions (Doc. 81).

Defendants did not receive notice of Mr. Sobodash's withdrawal until approximately 9:00 p.m. on Sunday, February 2, 2014.[3] Subsequently, Defendants received an email from Mr. Sierra expressing his intent to withdraw as counsel for Plaintiffs as well.

While Defendants do not oppose Mr. Sobodash's withdrawal in principle, Defendants object to Plaintiffs' attempt to benefit from it by seeking an extension of the Court's long-set case management deadlines. The time for Plaintiffs' response has passed. Plaintiffs have not shown diligence or good cause to extend the deadline. *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.") Further, the dispositive and *Daubert* motion deadline is less than two weeks away. It would serve no purpose, and significantly increase Defendants' attorney's fees and costs, if a decision on the motion for sanctions were to be delayed by Plaintiffs' decision to change counsel at this late stage of the case. Instead, the Court should address and sanction Plaintiffs for the

---

[3] Thus, Plaintiffs did not comply with the notice requirement of Local Rule 2.03(b) prior to filing the motion.

serious and deliberate misconduct described in Defendants' motion as soon as possible.[4]

Respectfully submitted this 4th day of February, 2014.

/s/ ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

*Lead Trial Counsel for Defendants Product Quest Manufacturing, LLC; John T. Regan; and Product Quest Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.

/s/ ROBERT M. NORWAY
ROBERT M. NORWAY, ESQ.

---

[4] The introductory and wherefore clauses of Defendants' pending motion for sanctions states that Defendants seek a finding that Plaintiffs and Counsel for Plaintiffs engaged in vexatious and unreasonable conduct during discovery. Defendants, however, are not seeking an award of sanctions against Mr. Sobodash personally and therefore have no objection to his withdrawal as counsel of record.