UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNETTE MARTELLO and JYM, LLC,

        **Plaintiffs,**

v.                                            Case No: 6:12-cv-1304-Orl-22GJK

PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN and PRODUCT QUEST MANUFACTURING, INC.,

        **Defendants.**
_____/

**ORDER**

This cause comes on for consideration of Plaintiffs' Unopposed Motion for Substitution of Counsel (Doc. No. 90), Plaintiffs' Amended Unopposed Motion for Substitution of Counsel (Doc. No. 92), and Plaintiffs' Notice of February 2, 2014 Termination of Justin Sobodash as Counsel for Defendants (sic), filed by Plaintiffs' current counsel, Justin Sobodash, Esq. (Doc. No. 94).

As the Court previously stated, this case is in disarray. *See* Doc. No. 87 at 1. On Tuesday, March 11, 2014, the Court will hold a hearing on Plaintiffs' motion to compel (Doc. No. 67), and Defendants' two motions to compel and for sanctions (Doc. Nos. 69, 81). Doc. No. 87. In addition, the Court's order scheduling the hearing states that the Court will resolve all matters pertaining to Plaintiffs' representation. Doc. No. 87 at 1-2. The order directs all parties and their counsel, both pro hac vice and local, to appear in-person at the hearing. Doc. No. 87 at 2.

After the Court entered the order scheduling the above hearing, Plaintiffs retained Augustus Sol Invictus, Esq. to represent them. *See* Doc. Nos. 90, 92. On February 14, 2014, on behalf of Plaintiffs, Mr. Invictus filed an Unopposed Motion for Substitution of Counsel (the "Motion")

(Doc. No. 90), and an Amended Unopposed Motion for Substitution of Counsel (the "Amended Motion") (Doc. No. 92). The Motion requests that the Court substitute Mr. Invictus as counsel of record for Plaintiffs and withdraw Plaintiffs' current local counsel, Richard Douglas Sierra. Doc. No. 90. The Amended Motion requests that the Court substitute Mr. Invictus as counsel of record and withdraw Justin Sobodash, Esq., Plaintiffs' pro hac vice counsel, and Mr. Sierra, Plaintiffs' local counsel. Doc. No. 92. Based on the forgoing, the Motion (Doc. No. 90) is **DENIED as moot**.

On February 17, 2014, Mr. Sobodash filed a Notice of February 2, 2014 Termination of Justin Sobodash as Counsel for Defendants (sic) (the "Notice"). Doc. No. 94. In the Notice, Mr. Sobodash states:

> Plaintiffs terminated The Law Office of Justin Sobodash and Justin Sobodash on the evening of February 2 by emails sent to Mr. Sobodash and to defendants' counsel. Accordingly, it may not be an accurate procedural characterization of this case to state that Plaintiffs are requesting to substitute Mr. Invictus for Mr. Sobodash. Rather neither Mr. Sobodash nor his firm have been counsel of record for plaintiffs since February 2, 2014.

Doc. No. 94 at 1. Thus, Mr. Sobodash plainly believes that he is no longer counsel of record in this case based solely upon an email from his client stating that his representation has been terminated. *Id*. Mr. Sobodash is mistaken and remains counsel of record.

Local Rule 2.03(b) clearly states that "[n]o attorney, having made a general appearance under subsection (a) of this rule shall thereafter abandon the case or proceeding in which the appearance has been made, or withdraw as counsel for any party therein, except by written leave of Court. . . ." *Id*. Therefore, until the Court enters an order allowing Mr. Sobodash and/or Mr. Sierra to withdraw as counsel of record for Plaintiffs, they remain counsel of record. *Id*. In other words, unless and until the Court permits their withdrawal by written order, all orders and deadlines in this case, including the Court's order (Doc. No. 87) directing all parties and counsel

to appear in-person at the March 11, 2014 hearing, applies with equal force to Messrs. Sobodash, Sierra, and Invictus.

The Defendants' motions to compel and for sanctions (Doc. Nos. 69, 81) relate to alleged discovery failures and abuses that occurred long before Mr. Invictus appeared on behalf of Plaintiffs. Indeed, Defendants allege that Plaintiffs and Mr. Sobodash have engaged in vexatious and unreasonable conduct during discovery, including failing to comply with this Court's December 18, 2013 and January 10, 2014 orders. Doc. No. 81 at 20. Based on those alleged failures and abuses, Defendants request sanctions, including the dismissal of this case and an award of attorneys' fees and costs. *Id.* While Defendants have indicated that they "are not seeking an award of sanctions against Mr. Sobodash personally and therefore have no objection to his withdrawal as counsel of record," the Court's ability to resolve the issues raised in Defendants' motions, as well as Plaintiffs' ability to defend against the Defendants' allegations, would be frustrated if Mr. Sobodash were allowed to withdraw and, therefore, not appear at the March 11, 2014 hearing. Mr. Sobodash's appearance at the hearing may also be critical for the Court to resolve Plaintiffs' motion to compel (Doc. No. 67), which was filed by Mr. Sobodash on January 20, 2014. Furthermore, trial in this case is currently scheduled for July 1, 2014. Doc. No. 29. The Court will not permit Mr. Invictus's appearance and Messrs. Sobodash and Sierra's withdrawal to delay this case in any manner.

Based on the forgoing, it is hereby **ORDERED** that:

1. **Mr. Invictus and Mr. Sierra shall appear in-person** on Plaintiffs' behalf at the March 11, 2014 hearing;

2. **Mr. Sobodash shall appear on Plaintiffs' behalf at the March 11, 2014 hearing, but he may appear telephonically. If Mr. Sobodash appears telephonically, he**

**shall call the Courtroom at 407.835.3825 no later than 10:25 A.M. Eastern Standard Time on March 11, 2014**;

3. If any of Plaintiffs' counsel fail to appear or are unprepared to fully discuss the issues raised in both Plaintiffs' motion to compel (Doc. No. 67) and Defendants' motions to compel and for sanctions (Doc. Nos. 69, 81), the Court may impose sanctions;

4. The Motion (Doc. No. 90) is **DENIED as moot**;

5. The Court will resolve the Amended Motion (Doc. No. 92) at the March 11, 2014 hearing. **While Mr. Invictus is counsel of record for Plaintiffs, Messrs. Sobodash and Sierra shall also remain counsel of record until further order of the Court**;

6. **The parties are directed to immediately confer in a good faith effort to resolve or narrow all outstanding discovery issues, including Defendants' request for sanctions. On or before March 5, 2014, the parties shall file a joint statement identifying any issues that have been resolved or narrowed, and all remaining issues for the Court to resolve at the March 14, 2014 hearing**; and

7. **Plaintiffs' counsel shall immediately provide a copy of this order to Dr. Martello.**

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties