# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEANNETTE MARTELLO and JYM,
LLC,

        Plaintiffs,

v.                                      Case No:   6:12-cv-1304-Orl-22GJK

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

        Defendants.

_____

# ORDER

      This cause came on for consideration after oral argument and an evidentiary hearing on the

following motions filed herein:

| | |
|---|---|
| **MOTION:** | **ORE TENUS MOTION TO WITHDRAW AS ATTORNEY BY JUSTIN SOBODASH, ESQ.** |
| **FILED:** | **March 10, 2014** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.   The Court retains jurisdiction over Mr. Sobodash and the Clerk shall continue to send Mr. Sobodash electronic notice of all filings in this case.

| | |
|---|---|
| **MOTION:** | **KOSTO & ROTELLA, P.A.'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS (Doc. No. 101)** |
| **FILED:** | **March 7, 2014** |

**THEREON** it is **ORDERED** that the motion is **DENIED AS MOOT**.

| | |
|---|---|
| **MOTION:** | **AUGUSTUS SOL INVICTUS' UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS (Doc. No. 102)** |
| **FILED:** | **March 10, 2014** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **AMENDED UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL (Doc. No. 92)** |
| **FILED:** | **February 14, 2014** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

I.    <u>BACKGROUND</u>.

On March 11, 2014, the Court held an evidentiary hearing and oral argument on the following motions:

1.  Plaintiffs Jeanette Martello and JYM, LLC's Motion to Compel (Doc. No. 67);

2.  Defendants' Third Motion to Compel (Doc. No. 69);

3.  Defendants' Renewed Motion for Sanctions (Doc. No. 81);

4.  Plaintiffs' Amended Unopposed Motion for Substitution of Counsel (Doc. No. 92);

5.   Richard Sierra, Esq.'s Motion to Withdraw as Counsel (Doc. No. 101); and

6.   Augustus Sol Invictus' Unopposed Motion to Withdraw as Counsel (Doc. No. 102).

Doc. No. 103.   At the hearing, Justin Sobodash, Esq. made an unopposed oral motion to withdraw as counsel (the "Ore Tenus Motion").   This order addresses Plaintiffs' Amended Unopposed Motion for Substitution ("Mr. Invictus' Motion for Substitution") (Doc. No. 92), Richard Sierra, Esq.'s Motion to Withdraw as Counsel for Plaintiffs ("Mr. Sierra's Motion") (Doc. No. 101), Mr. Invictus' Unopposed Motion to Withdraw as Counsel for Plaintiffs ("Mr. Invictus' Motion to Withdraw") (Doc. No. 102) and Justin Sobodash, Esq.'s Ore Tenus Motion to Withdraw as Counsel for Plaintiffs ("Mr. Sobodash's Motion to Withdraw").

## II.   <u>ANALYSIS.</u>

For the reasons set forth on the record at the hearing, and after providing the parties an opportunity to raise objections, it is **ORDERED** that:

1. Mr. Invictus' Motion for Substitution (Doc. No. 92) is **GRANTED in part and DENIED in part** as follows:

   a.  The motion is **GRANTED** to the extent the Court permitted Mr. Invictus to appear at the hearing and present evidence and argument on Plaintiffs' behalf, and to the extent that at the conclusion of the hearing the Court permitted Mr. Sierra to withdraw as counsel of record for Plaintiffs; and

   b.  Otherwise, the motion is **DENIED**;

2. Mr. Sierra's Motion (Doc. No. 101) is **DENIED as moot** because the Court granted Mr. Invictus' Motion for Substitution (Doc. No. 92) as it relates to Mr. Sierra;

3. Mr. Invictus' Motion to Withdraw (Doc. No. 102) is **GRANTED** and he is relieved of his duty to continue representing Plaintiffs in this case; and

4. Mr. Sobodash's Ore Tenus Motion to Withdraw is **GRANTED in part and DENIED in part** as follows:

   a. Mr. Sobodash is relieved of his duty to continue representing Plaintiffs in this case;

   b. As set forth on the record at the hearing, the Court retains jurisdiction over Mr. Sobodash; and

   c. **The Clerk shall continue to send Mr. Sobodash electronic notice of all filings in this case**.

The Plaintiffs in this case are an individual, Dr. Martello, and a limited liability corporation, JYM, LLC. Doc. No. 1. Based upon the Court's orders above, Plaintiffs are no longer represented by counsel. This Court has repeatedly warned Plaintiffs that JYM, LLC may appear and be heard only through counsel and it may not appear *pro se*. *See* Doc. Nos. 86 at 3-4; 87 at 2 n. 2.

With respect to Dr. Martello, she is now proceeding *pro se*.[1] Local Rule 2.03(d) provides:

> Any party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court; <u>nor shall any party, having previously elected to proceed in proper person, be permitted to obtain special or intermittent appearances of counsel except upon such conditions as the Court may specify</u>.

*Id*. (emphasis added). Dr. Martello has been represented by four separate attorneys at various times during this litigation, all of whom have now been granted leave to withdraw. *See* Doc. Nos. 1 at 18; 19-20; 31-34; 90; 96-97; 99; 101-102; supra pp 1-4. As such, the Court finds that Dr. Martello has elected to proceed in proper person.[2] Moreover, she has demonstrated an ability to

---

[1] The Court will enter a separate order detailing some of Dr. Martello's other obligations as a *pro se* party.

[2] Indeed, Dr. Martello has previously filed two motions in proper person. Doc. Nos. 82-83.

prosecute this matter in her own right.[3] The trial term in this case begins in July. *See* Doc. No. 29 at 1. A review of the docket in this case reveals that there are three significant pending motions (collectively, the "Motions") that Dr. Martello has not filed a response to, *i.e.*, Defendants' Motion To Exclude Expert Reports and Testimony of Charles P. Adams (Doc. No. 91), Defendants' Motion for Summary Final Judgment (Doc. No. 93), and Defendants' Motion to Exclude Evidence and Testimony (Doc. No. 98).

Based on the forgoing, it is further **ORDERED** that:

1. Pursuant to Local Rule 2.03(d), Dr. Martello will continue to proceed in this case *pro se*;

2. All future pleadings, motions, orders, and other papers may be served on Dr. Martello at 501 Floral Park Terrace, South Pasadena, CA 91030;

3. As a *pro se* party, Dr. Martello shall comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Middle District of Florida, and the Case Management and Scheduling Order in this case (Doc. No. 29). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989);

4. On or before March 28, 2014, Dr. Martello shall file responses to the Motions at Docket Entry Numbers 91, 93, and 98; and

5. **The Clerk is directed to send Dr. Martello a copy of this order by Certified and Regular U.S. Mail at the address provided above**.

---

[3] Although she is not a member of the bar of any state, at the hearing, Dr. Martello acknowledged that she did graduate from law school.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties