

RECEIVED 2014 APR 30 PM 4:51 U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO

United States District Court

Middle District of Florida

Orlando Division

Jeannette Martello, Plaintiff, *In Pro Se*

6:12-CV-1304-ORL-22-GJK

v.

Product Quest Manufacturing, LLC; et al., Defendant(s)

## NOTICE OF DEFENDANTS' ATTORNEYS' BAD FAITH DILATORY TACTICS

### I. MEET AND CONFER

Prior to leaving for Florida, Plaintiff attempted to Meet and Confer with Defendants' attorneys so as to be in accordance with The Honorable Magistrate Judge Gregory J. Kelly's Order regarding filing either a Motion to Supplement or a Motion to Amend to submit the CD's into evidence that were previously filed with The Honorable Court. This evidence was submitted on CD's for the filed Plaintiff's Opposition to Defendants' Motion for Summary

Final Judgment; Plaintiff's Opposition to Motion to Exclude; Plaintiff's Opposition to Motion in Limine; Plaintiff's Objection to the Dismissal of JYM, LLC; Declaration of Jeannette Martello and Plaintiff's Objection to the Allowance of Withdrawal of Counsel.

On April 9, 2014, Plaintiff sent Mr. Norway an email asking when was a good time for him to Meet and Confer. This email is attached as **Exhibit 1.** Plaintiff's email was met with disdain by Mr. Norway. His email response and Plaintiff's email back to him are attached as **Exhibit 2.**

On April 11, 2014, Mr. Norway, Mr. Zimmerman and Plaintiff met over the phone for a Meet and Confer. During the Meet and Confer, Plaintiff informed Mr. Norway that she would be filing a Motion to Supplement so as to abide by The Honorable Magistrate Judge Gregory J. Kelly's Order. Mr. Norway demanded to hear Plaintiff's legal analysis for the proposed Motion. Plaintiff did not have all the case law in front of her at the time of the phone call. *Mr. Norway said that he could not have a Meet and Confer with Plaintiff until she had completed all of the legal analysis for the Motion to Supplement.* Since then, Plaintiff has spoken with another lawyer in Florida and has been informed that Mr. Norway was "playing with" her and that Mr. Norway was incorrect regarding the Meet and Confer. Apparently, a Meet and Confer has to be performed in a good faith attempt to resolve the issues of the subject Motion before getting The Court involved.

Mr. Norway also informed Plaintiff on April 11, 2014 that he would then have to confer with his client before he could Meet and Confer with her again regarding the Motion to Supplement. It appears that Mr. Norway was using this as a delay tactic so as to make it look like Plaintiff was ignoring The Honorable Magistrate Judge Gregory J. Kelly's Order.

This is not the first time that Defendants' attorneys have evaded Meet and Confer meetings that are to be held in good faith per Local Rule 3.01(g). On January 23, 2014, Plaintiff's prior attorney Justin Sobodash attempted to Meet and Confer with Defendants' attorneys. Attorney Robert Norway had agreed to Meet and Confer with Mr. Sobodash at the end of the day on January 23, 2014. Please note page 171, lines 10 to 12 of **Exhibit 3** of William Jennings' deposition. On January 23, 2014, Mr. Norway left Orange Legal where the depositions were being held. At the conclusion of Mr. Regan's deposition on January 23, 2014, Mr. Sobodash attempted to briefly Meet and Confer with Defendants' attorney Rick Mitchell. Mr. Mitchell informed Mr. Sobodash that he would not participate in a Meet and Confer because attorney Robert Norway had met and conferred with Mr. Sobodash in the past. When Mr. Sobodash attempted to find out from attorney Mitchell how to get in touch with attorney Norway, Rick Mitchell frankly ignored Mr. Sobodash and refused to answer. This is all documented in the official deposition transcript of John Regan. Note pages 99 to 101 of **Exhibit 4** of John Regan's deposition testimony. In fact, a request for a Meet and Confer emailed on April 28, 2014 was again met with disdain from attorney Robert M. Norway. **Exhibit 5.**

II. **DEFENDANTS MAILED DOCUMENTS TO GAIN AN UNFAIR TACTICAL ADVANTAGE WHEN THEY COULD HAVE BEEN HANDED PERSONALLY TO PLAINTIFF**

Plaintiff Martello has made a point of hiring David Biddle of Attorneys Legal Services to file and hand deliver legal documents to the law firm of Gray Robinson. Please see attached Affidavit that appears as **Exhibit 6.** Defendants' attorneys have not afforded Plaintiff the same

courtesy or anything close to a courtesy.

This is just a classic example of how underhanded and Defendants' bad faith tactics have been throughout this litigation. Defendants mailed legal documents to Plaintiff via first class mail on April 15, 2014 (a day *after* they represented to the Court that they mailed them out) and a day *before* Defendants' attorneys knew that she would be appearing in person in Orlando, Florida to meet with them on April 16, 2014 for the Joint Pretrial Conference.

Furthermore, Defendants' attorney Robert M. Norway mailed out via first class mail to Plaintiff's California residential address two legal documents *on the same day* that he personally met with Plaintiff on April 16, 2014. None of the documents that Defendants have filed with The Honorable Court have ever been emailed to Plaintiff. Instead, Defendants have used unseemly tactical advantages to delay receipt of all-important legal documents that require timely responses.

Plaintiff flew cross-country to attend the Joint Pretrial Conference in accordance with this Court's Case Management Scheduling Order. This meeting was scheduled for and held on April 16, 2014 in Orlando, Florida. Upon her return to California on April 18, 2014, Plaintiff found two envelopes in her residential mail box with postmark dates of April 15, 2016. Thereafter, on Monday, April 21, 2014, Plaintiff received two other documents enclosed in envelopes with postmark dates of April 16, 2014 on them. These documents and their accompanying envelopes are attached.

One document appears on the Docket report for this case as Doc. 134 and it appears to have been filed by Defendants on April 14, 2014. The document is entitled Defendants' Opposition to Plaintiff's Objection (Doc. 114) and Motion for Reconsideration (Doc. 115).

The Certificate of Service appears on page 3 of 3 and reads: "I HEREBY CERTIFY that on this 14th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system." No notice of service or mailing to Plaintiff is noted on **Exhibit 7.** A copy of the postmarked envelope clearly indicates a postmark date of April 15, 2014 (*the day before Plaintiff was to meet attorney Norway in Orlando*). The certificate of service is signed by Defendants' attorney Robert M. Norway.

The next day, on April 15, 2014 (*the day before Plaintiff was due to meet Defendants' attorneys in person*), Defendants' attorney Robert M. Norway filed Doc. 136, a Notice of Supplemental Certificate of Service for Defendants' Opposition to Plaintiff's Objection (Doc. 114) and Motion for Reconsideration (Doc. 115). Attorney Norway intentionally misrepresented a material fact when he wrote, "I further certify that on April 14, 2014, I mailed the Defendant's (sic) Opposition to Plaintiff's Objection and Motion for Reconsideration (Doc. 134) and the related notice of electronic filing by first-class mail to the following non-CM/ECF participant: Plaintiff Jeannette Martello, 501 Floral Park Terrace, Pasadena, California 91030." This April 15, 2014 notice was mailed in the envelope attached that shows a postmark date of April 15, 2014. **Exhibit 8.**

Two other documents were mailed to Plaintiff via first class mail *on the very same day* that Plaintiff met in person with Defendants' attorney Robert Norway until at least 5 p.m. on April 16, 2014. These documents are attached as **Exhibit 9** with their accompanying postmarked envelopes.

Although Plaintiff is not a CM/ECF participant, Defendants' attorneys could easily email Plaintiff a copy of the papers that they file with The Honorable Court since they have Plaintiff's email address of drmartello@gmail.com. Plaintiff has emailed copies of filings to Defendants'

attorneys in the past.

More importantly, Plaintiff would like to point out Defendants' attorneys bad faith tactics that they continue to utilize and the fact that attorney Norway intentionally misrepresented a material fact when he certified on April 15, 2014 in Doc. 136 that he mailed a copy of Defendants' Opposition to Plaintiff's Objection and Motion for Reconsideration (Doc. 134) on April 14, 2014 when the postmarked envelope clearly notes a postmark date of April 15, 2014.

While preparing this Notice on April 28, 2014, Plaintiff received April 21, 2014 filings of Doc. 139 and Doc. 140. These were represented as being mailed out on April 21, 2014. The Hasler label which appears on the envelope is a mailing system designed for offices. This was verified via a phone call to the Hasler Company. The documents and the labeled envelope are attached as **Exhibit 10.** According to Mr. Norway's representation, Doc. 139 and Doc. 140 were mailed out on April 21, 2014. If this representation is to be believed, it took *seven days* to receive Gray Robinson's mailing of these legal documents. Coincidentally, on April 28, 2014, Plaintiff also received a mailing from The Orlando Division, Middle District of Florida which was postmarked on April 24, 2014. This mailing from The Honorable Court only took only *four days* to reach California. **Exhibit 11.**

It appears that either Gray Robinson has a highly inefficient postal worker or that the documents are being kept at the law offices of Gray Robinson for three days and then finally mailed out in order to gain some advantage. Plaintiff doesn't want to believe this, but what other explanation exists for mailing out documents to Plaintiff *on the same day* that she met face-to-face with Defendants' attorneys at Gray Robinson?

Respectfully submitted,

_____
Jeannette Martello, Plaintiff, *In Pro Se*

## CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that this document entitled **Notice of Defendants' Attorneys' Bad Faith Dilatory Tactics with Exhibits.** This document and CD will be mailed via first class mail on April 30, 2014 to Defendants through their attorneys Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, *In Pro Se*
P.O. Box 914
South Pasadena, CA 91031
drmartello@gmail.com
(626) 993-8501