FILED

RECEIVED

United States District Court

Middle District of Florida

2010 APR 30 PM 4: 52

U.S. DISTRICT COURT
Orlando Division DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Jeannette Martello

Plaintiff

                                   6:12-CV-1304-ORL-22-GJK

v.

Product Quest Manufacturing, LLC; et al.,

Defendant(s)

## NOTICE OF FILING OF DECLARATION

COMES NOW the Plaintiff and gives notice that she has filed the

**Declaration of Jeannette Martello in Support of Plaintiff's Opposition to**

**Defendants' Motion for Summary Final Judgment** (Doc. 113). Plaintiff dares

not file the Exhibits alluded to in the Declaration without Leave to Supplement

granted by The Honorable Court. On April 29, 2014, after a Meet and Confer that

was held on April 11, 2014, Defendants' attorney Robert M. Norway just informed

Plaintiff that he will oppose the Motion for Leave to Supplement that will be

separately filed.

Respectfully submitted,


*Jeannette Martello*

Jeannette Martello, Plaintiff, *In Pro Se*

**DECLARATIONOF PLAINTIFF JEANNETTE MARTELLO,** *In Pro Se*

1. My name is Jeannette Martello.  I am over 18 years of age.  I am fully competent to make this declaration.  I have personal knowledge of the facts stated herein, and they are true and correct.

2. **Exhibit 1**:  I personally read and inspected the invoices produced by Defendants at the law offices of Gray Robinson.  These records were first inspected on October 30, 2013.  I then personally scanned these invoices into my computer.  Additional invoices were produced by Defendants in supplemental production.  These invoices are respectfully presented as **Exhibit 1 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

3. **Exhibit 2**:  Defendants supplied their expert, Mr. Timothy O'Toole's 127 page report with multiple exhibits differentiated by tabs.  This expert report is respectfully presented as **Exhibit 2 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

4. **Exhibit 3**:  Defendants produced a CD which contained a Quick Books file for Dr. Jeannette Martello Products, LLC on it during their initial production at the law offices of Gray Robinson.  I personally copied the Quick Books file that was contained on this CD.  I then personally opened up the Quick

Books file that was on the CD once Defendants provided the password and once I obtained a copy of the Quick Books Enterprise version of the program to open up the file produced by Defendants on the CD. I personally created an Audit Trail report with the Quick Books program on November 3, 2013 once I obtained a version of Enterprise Quick Books edition to open up the Quick Books file that I had copied from the CD produced by Defendants. The Audit Trail report I personally created with the Quick Books file produced by Defendants covered the time period from January 1, 2005 through the date of its creation, November 3, 2013. This Quick Books Audit Trail report is respectfully submitted as **Exhibit 3 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

5. <u>**Exhibit 4**</u>: Defendants produced invoices during the initial production at the law offices of Gray Robinson and in supplemental production. During the initial production, I personally scanned these invoices into my computer. These invoices are respectfully submitted as **Exhibit 4 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

6. <u>**Exhibit 5**</u>: Defendants produced this purchase order in supplemental production. This purchase order is respectfully submitted as **Exhibit 5 to Plaintiff's Opposition to Defendants' Motion for Summary Final**

Judgment.

7. <u>Exhibit 6</u>:  I personally visited the website of the Florida Secretary of State which is located at <u>www.sunbiz.org</u>.  In the search area of the website, I typed in "Product Quest Manufacturing, LLC".  Thereafter, I downloaded the Electronic Articles of Organization for Product Quest Manufacturing, LLC that were filed with the Florida Secretary of State at 8 a.m. on March 28, 2007.  These Articles of Organization are respectfully submitted as **Exhibit 6 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

8. <u>Exhibit 7</u>:  I discovered this 10 page letter written by Todd Kwait that is dated January 10, 2007.  This letter was discovered during Defendants' initial production at the law offices of Gray Robinson.  This letter is being respectfully submitted as **Exhibit 7 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

9. <u>Exhibit 8</u>:  I personally ordered an excerpt of William Jennings' deposition which was conducted on January 23, 2014 at the Orlando offices of Orange Legal.  I was in attendance during the videotaped deposition that was conducted.  The transcript was emailed to me by Orange Legal.  This deposition excerpt is being respectfully submitted as **Exhibit 8 to Plaintiff's**

Opposition to Defendants' Motion for Summary Final Judgment.

10. **Exhibit 9**:  On March 7, 2014, I personally called True Commerce EDI

software after reading excerpts from Williams Jennings' deposition

regarding purchase orders and the fact that Product Quest used the True

Commerce software for electronic data interchange.  No purchase orders

have been produced by Product Quest.  I personally spoke to Julia Welt, EDI

Sales Specialist and asked her if True Commerce purchase orders could be

saved in PDF form and printed.  Ms. Welt told me that True Commerce EDI

software purchase orders could be downloaded into PDF form and printed

out for no additional charge.  I asked Ms. Welt to email me information on

the True Commerce EDI software program.  A copy of the emails obtained

from Ms. Welt as well as email exchanges with her appear as Exhibit 9.

These emails are being respectfully submitted as **Exhibit 9 to Plaintiff's**

**Opposition to Defendants' Motion for Summary Final Judgment.**

11. **Exhibit 10**:  The three attachments to Ms. Welt's March 7, 2014 email to me

appear as Exhibit 10.  The three attachments are entitled 1) What is EDI; 2)

Intuit QuickBooks brochure and 3) Transaction Manager Demo.  These

email attachments are being respectfully submitted as **Exhibit 10 to**

**Plaintiff's Opposition to Defendants' Motion for Summary Final**

Judgment.

12. **Exhibit 11**: Email exchanges between Plaintiffs, Defendants and Walgreens appear as Exhibit 11.  These email exchanges are being respectfully submitted as **Exhibit 11 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

13. **Exhibit 12**: Ms. Boryc, Senior Legal Assistant for Walgreens wrote an email to Defendants' attorney Robert Norway on February 4, 2014.  I was copied on the email.  This email is being respectfully submitted as **Exhibit 12 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

14. **Exhibit 13**: These calculator tape copies were produced by Defendants during initial production at the law offices of Gray Robinson.  They were authenticated during the deposition of John Regan on January 23, 2014.  This calculator tape copy is being respectfully submitted as **Exhibit 13 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

15. **Exhibit 14**: This transcript of Motions Hearing was conducted on December 18, 2013 at 1:36 p.m. in front of The Honorable Magistrate Judge Paul A. Voss.  I obtained it from Court Reporter Amie Frist via email.  This

hearing transcript is being respectfully submitted as **Exhibit 14 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

16. **Exhibit 15**: I copied the Quick Books file that was provided to Plaintiffs during the initial production at the law offices of Gray Robinson. The CD contained a Quick Books file for Dr. Jeannette Martello Products, LLC. The Quick Books file was opened once Defendants provided the password and once I obtained Enterprise Quick Books version to open up the file produced by Defendants on the CD. I personally created a Profit and Loss Detail report for the time period January 2005 through December 2013 with a tailored report isolating the Freight for Walgreens Orders account of 6251. I created this report on November 4, 2013 with the Quick Books file that had been produced by Defendants on the CD that I had copied. This report is being respectfully submitted as **Exhibit 15 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

17. **Exhibit 16**: I personally ordered a partial transcript of Defendant John Regan's deposition that was conducted on January 23, 2014. I received a copy of this partial transcript from Orange Legal. This partial transcript is being respectfully submitted as **Exhibit 16 to Plaintiff's Opposition to**

**Defendants' Motion for Summary Final Judgment.**

18. **Exhibit 17**: I personally visited a Wells Fargo branch on January 14, 2014
    and ordered cancelled checks written off of the Dr. Jeannette Martello
    Products LLC account ending in 6164.  I paid $ 5 for each cancelled check
    since Defendants failed to supply these checks in production despite
    repeated requests.

    After Mr. Norway emailed me and told me that personal financial
    information was supposed to be redacted, I referred to the Federal Rules of
    Civil Procedure and redacted all account numbers except for the last 4 digits.
    These cancelled checks are being respectfully submitted as **Exhibit 17 to**
    **Plaintiff's Opposition to Defendants' Motion for Summary Final**
    **Judgment.**

19. **Exhibit 18**:  On March 17, 2014, I personally visited the website of the
    Florida Secretary of State which is located at www.sunbiz.org.  In the search
    area of the website, I typed in Derm Effects Labs, LLC.  Thereafter, I
    printed out the web pages which indicated that Derm Effects Labs, LLC had
    been administratively dissolved on September 15, 2006.  This has been
    independently verified during the deposition of John Regan.  These web
    pages are being respectfully submitted as **Exhibit 18 to Plaintiff's**

**Opposition to Defendants' Motion for Summary Final Judgment.**

20. **Exhibit 19**: I personally reviewed my emails to locate the earliest email correspondence with Christine Lunday. This email was produced in pst *file* format after Defendants changed their minds and received electronically stored information in *pst* format or native email format. This email is being respectfully submitted as **Exhibit 19 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

21. **Exhibit 20**: I personally searched all of my emails for the words Imogene Communications after Defendants produced the General Ledgers for the first time ever in late 2010. The General Ledgers revealed that a company called Imogene Communications regularly received payments from the checking account of Dr. Jeannette Martello Products, LLC. These emails are being respectfully submitted as **Exhibit 20 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

22. **Exhibit 21**: I reviewed the emails that had been sent to me by Defendant John Regan. This email was produced in *pst file format* as a result of Defendants request to receive electronically stored information in a second type of format. This email had previously been submitted in *pst format*. This email is being respectfully submitted as **Exhibit 21 to Plaintiff's**

**Opposition to Defendants' Motion for Summary Final Judgment.**

23. **Exhibit 22**: I personally reviewed my emails to look for emails that revealed that Christine Lunday performed marketing for other Product Quest skin care lines besides that of Dr. Jeannette Martello Products, LLC's skin care products.  These emails are being respectfully submitted as **Exhibit 22 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

24. **Exhibit 23**: I personally looked through my emails for any reference to Tony Bennett.  Prior to attending the Tony Bennett conference, Christine Lunday and I had dinner with my mother and with her boyfriend.  At that dinner, Christine Lunday said for us to order anything on the menu because the company was paying for the dinner.  I believed that Product Quest was paying for the dinner when she said that.  These emails are being respectfully submitted as **Exhibit 23 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

25. **Exhibit 24**: I personally looked through my emails for other agents of Product Quest who corresponded with me.  These emails are being respectfully submitted as **Exhibit 24 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

26. **Exhibit 25**: I remember that Christine Lunday had accompanied Product Quest and Walgreens on a trip to Italy. I looked for that email amongst my emails. This email is being respectfully submitted as **Exhibit 25 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

27. **Exhibit 26**: I discovered these Imogene Communications' invoices for the first time during initial production at the law offices of Gray Robinson. They were produced by Defendants. I then personally scanned these invoices into my computer. These invoices are being respectfully submitted as **Exhibit 26 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

28. **Exhibit 27**: These Christine Lunday invoices were produced by Defendants during supplemental production. I printed them out and rescanned them into the computer to make one cohesive pdf file. These invoices are being respectfully submitted as **Exhibit 27 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

29. **Exhibit 28**: I personally looked through my emails for any emails that involved Katie Steines, the marketing expert. These emails were produced by Plaintiffs. These emails are being respectfully submitted as **Exhibit 28 to**

**Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

30. **Exhibit 29**:  On March 18, 2014, I personally visited the website of the Ohio Secretary of State.  I searched for information on Ezzie Films, LLC.  Todd M. Kwait was listed as Agent/Registrant.  I printed out these pages from the internet.  These Secretary of State web pages are being respectfully submitted as **Exhibit 29 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

31. **Exhibit 30**:  I personally searched the internet on Ezzie Films, LLC.  I came across a press kit for Chasin' Gus Ghost.  I downloaded the pdf from the internet.  This press kit is being respectfully submitted as **Exhibit 30 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

32. **Exhibit 31**:  I personally looked through my emails for the one that I received from a skin care patron who complained about the cleanser produced by Product Quest for Dr. Jeannette Martello Products, LLC burning her eyes.  This email was previously produced by Plaintiffs.  This email is being respectfully submitted as **Exhibit 31 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

33. **Exhibit 32**: I personally reviewed the Defendants' Answer and Affirmative Defenses that was filed on October 22, 2012 (Doc. 25) after the Verified Complaint was filed on August 24, 2012. This Answer is being respectfully submitted as **Exhibit 32 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

34. **Exhibit 33**: I personally ordered and received a copy of the March 11, 2014 evidentiary hearing held in front of The Honorable Magistrate Judge Gregory J. Kelly. This transcript was emailed to me by Ms. Diane Peede, Federal Official Court Reporter. This hearing transcript is being respectfully submitted as **Exhibit 33 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

35. **Exhibit 34**: I personally ordered and received a copy of Defendant's expert, Mr. Timothy O'Toole's deposition that was held on January 28, 2014. This transcript was emailed to me by Orange Legal. This deposition is being respectfully submitted as **Exhibit 34 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

36. **Exhibit 35**: I personally searched through 50 to 60 boxes and reviewed vendor files at the 540 Carswell Big Blue building in Holly Hill, Florida. I tagged these financial records with post-its and asked Product Quest's Rick

Webb to have them produced. Bill Jennings of Product Quest had informed me that the production of copies of these records would follow this protocol. These vendor file financial records are being respectfully submitted as **Exhibit 35 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

37. **Exhibit 36**: These invoices were produced during initial production at the law offices of Gray Robinson. I personally reviewed these invoices. I then personally scanned these invoices into my computer. The invoices are being respectfully submitted as **Exhibit 36 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

38. **Exhibit 37**: I personally searched through 50 to 60 boxes and reviewed this vendor file financial record at the 540 Carswell Big Blue building in Holly Hill, Florida. I tagged these financial records with post-its and asked Product Quest's Rick Webb to have them produced. Bill Jennings of Product Quest had informed me that the production of copies of these records would follow this protocol. The original document had an "X" across it. For the ease of the reader, I scanned the copy in to the computer and placed a blue rectangle around the pertinent area. These LF of America documents are being respectfully submitted as **Exhibit 37 to Plaintiff's**

**Opposition to Defendants' Motion for Summary Final Judgment.**

39. **Exhibit 38**: These invoices were produced during initial production at the law offices of Gray Robinson and during supplemental production by Defendants on October 30, 2013. During the initial production, I personally scanned these invoices into my computer. For the ease of the reader, I scanned the copy in to the computer and placed a blue rectangle around the pertinent area. These invoices are being respectfully submitted as **Exhibit 38 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

40. **Exhibit 39**: I personally looked through my emails for any references to the Mutual Consent. These emails are being respectfully submitted as **Exhibit 39 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

41. **Exhibit 40**: I personally visited the website of the Florida Secretary of State which is located at www.sunbiz.org. In the search area of the website, I typed in Product Quest Manufacturing, LLC. Thereafter, I downloaded the Electronic Articles of Organization for Product Quest Manufacturing, LLC that were filed with the Florida Secretary of State at 8 a.m. on March 28, 2007. These Florida Secretary of State pages are being respectfully

submitted as **Exhibit 40 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

42. **Exhibit 41a**:  These deposit slips and receipts were produced by Defendants during supplemental production.  After Mr. Norway emailed me and told me that personal financial information was supposed to be redacted, I referred to the Federal Rules of Civil Procedure and redacted all account numbers except for the last 4 digits.  These deposit slips and receipts are being respectfully submitted as **Exhibit 41 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

43. **Exhibit 41b**:  This Excel spread sheet was produced by Defendants during supplemental production.  This Excel spread sheet is being respectfully submitted as **Exhibit 41 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

44. **Exhibit 42**:  On 6/24/2012 and 3/21/2014, I visited the website of Buzzillions.com.  I personally took a snapshot of the screen with the print screen function of the computer.  A Buzzillions.com web page with the same image and content had previously been produced in black and white.  These screen shots of Buzzillions.com web pages are being respectfully submitted as **Exhibit 42 to Plaintiff's Opposition to Defendants' Motion for**

**Summary Final Judgment.**

45. **Exhibit 43**: I personally looked through my emails for the email that referred to the "website error" regarding listing several other Product Quest products in connection with my name. This email is being respectfully submitted as **Exhibit 43 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

46. **Exhibit 44**: These purchase orders were produced by Defendants in supplemental production. For the ease of the reader, I scanned the copy in to the computer and placed a blue rectangle around the pertinent area. These purchase orders are being respectfully submitted as **Exhibit 44 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

47. **Exhibit 45**: I personally purchased Mineral Matters. Photographs were taken of the Mineral Matters products side by side with products from the Dr. Jeannette Martello Products, LLC line of products. These color photographs are being respectfully submitted as **Exhibit 45 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

48. **Exhibit 46:** I personally looked for emails from Walgreens customers regarding their actual confusion. This confusion was based on the fact that Walgreens customers thought that they were buying skin care products in the

Dr. Jeannette Martello Products, LLC line when they were actually buying

Mineral Matters, another skin care product line created by Product Quest.

These emails arebeing respectfully submitted as **Exhibit 46 to Plaintiff's**

**Opposition to Defendants' Motion for Summary Final Judgment.**

49. **Exhibit 47**: I personally searched through 50 to 60 boxes and reviewed the

financial record files at the 540 Carswell Big Blue building in Holly Hill,

Florida.  I tagged these financial records with post-its and asked Product

Quest's Rick Webb to have them produced.  Bill Jennings of Product Quest

had informed me that the production of copies of these records would follow

this protocol.  After Mr. Norway emailed me and told me that personal

financial information was supposed to be redacted, I referred to the Federal

Rules of Civil Procedure and redacted all account numbers except for the

last 4 digits.  These financial records are being respectfully submitted as

**Exhibit 47 to Plaintiff's Opposition to Defendants' Motion for Summary**

**Final Judgment.**

50. **Exhibit 48**: On 2/24/2014, I visited the website of the Ohio Secretary of

State.  I searched for information on Kwait & Associates.  I downloaded

official correspondence with the Secretary of State of Ohio as well as the

incorporating paper work for Robert J. Kwait & Associates.

**Exhibit 48**: On March 22, 2014, I personally searched the internet for Robert J. Kwait & Associates and printed out pages from the internet which included their address. These Secretary of State pages and internet web pages are being respectfully submitted as **Exhibit 48 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

51. **Exhibit 49**: On March 22, 2014, I personally searched the internet for Kingswood Records and printed out pages from the internet which included its address. These internet web pages are being respectfully submitted as **Exhibit 49 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

52. **Exhibit 50**: On March 22, 2014, I personally searched the internet for Ezzie Films, LLC and printed out pages from the internet which included its address. These internet web pages are being respectfully submitted as **Exhibit 50 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

53. **Exhibit 51**: On March 22, 2014, I searched Corporation Wiki for Robert Kwait to find out what positions he holds now and what positions he has held in the past with any of the Product Quest entities. Corporation Wiki comprises information gleaned from Secretary of State's websites

throughout the United States. These Corporation Wiki web pages are being respectfully submitted as **Exhibit 51 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

54. **Exhibit 52**: On February 24, 2014, , I searched Corporation Wiki for Todd Kwait to find out what positions he holds now and what positions he has held in the past with any of the Product Quest entities. Corporation Wiki comprises information gleaned from Secretary of State's websites throughout the United States. These Corporation Wiki web pages are being respectfully submitted as **Exhibit 52 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

55. **Exhibit 53**: I personally visited the website of the Florida Secretary of State which is located at www.sunbiz.org. In the search area of the website, I typed in Product Quest Manufacturing, LLC. Thereafter, I downloaded the Limited Liability Annual Reports for the years 2008 and 2013. These Florida Secretary of State web pages are being respectfully submitted as **Exhibit 53 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

56. **Exhibit 54**: Defendants provided these bank statements in supplemental production. After Mr. Norway emailed me and told me that personal

financial information was supposed to be redacted, I referred to the Federal Rules of Civil Procedure and redacted all account numbers except for the last 4 digits.  These bank statements are being respectfully submitted as **Exhibit 54 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

57. **Exhibit 55**:  Defendants provided these bank statements in supplemental production.  After Mr. Norway emailed me and told me that personal financial information was supposed to be redacted, I referred to the Federal Rules of Civil Procedure and redacted all account numbers except for the last 4 digits.  These bank statements are being respectfully submitted as **Exhibit 55 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

58. **Exhibit 56**:  These deposit slips and receipts were produced by Defendants during supplemental production.  After Mr. Norway emailed me and told me that personal financial information was supposed to be redacted, I referred to the Federal Rules of Civil Procedure and redacted all account numbers except for the last 4 digits.  These deposit slips and receipts are being respectfully submitted as **Exhibit 56 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

59. **Exhibit 57**: I personally ordered an excerpt of John Regan's deposition which was conducted on January 23, 2014 at the Orlando offices of Orange Legal. I was in attendance during the videotaped deposition that was conducted. The transcript was emailed to me by Orange Legal. This deposition transcript is being respectfully submitted as **Exhibit 57 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

60. **Exhibit 58**: I reviewed my emails for the email that Defendant John Regan sent to me regarding the representation that 100% of Product Quest's assets would be contributed to Product Quest Manufacturing LLC. This email was produced to Defendants and has the Bates number of JYML001943. This email is being respectfully submitted as **Exhibit 58 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment.**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Date 4/15/2014

*Jeannette Martello*

Jeannette Martello, Plaintiff, *In Pro Se*

Declaration of Jeannette Martello in Support of Plaintiff's Opposition to
Defendants' Motion for Summary Final Judgment

## CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that this document entitled **Notice of Filing of Declaration of Jeannette Martello in Support of Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment (Doc. 113).** This document will be mailed via first class mail on April 30,2014 to Defendants through their attorneys Defendants through their attorneys Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, *In Pro Se*

P.O. Box 914

South Pasadena, CA 91031

drmartello@gmail.com

(626) 993-8501