Nick Box
FILED
RECEIVED
2014 MAY -5 PM 4: 31
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
1

United States District Court

Middle District of Florida

Orlando Division

Jeannette Martello

Plaintiff, *In Pro Se*

6:12-CV-1304-ORL-22-GJK

v.

Product Quest Manufacturing, LLC; et al.,

Defendant(s)

## PLAINTIFF'S MOTION REQUESTING LEAVE TO SUPPLEMENT EXHIBITS FOR PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY FINAL JUDGMENT (DOC. 113)

### BACKGROUND

Plaintiff would like to thank The Honorable Court for allowing her to file this Motion for Leave to Supplement. Plaintiff apologizes for any delay in this filing, but she made a point of abiding by The Honorable Magistrate Judge Gregory J. Kelly's Order that instructed Plaintiff to abide by Local Rule 3.01(g)'s good faith Meet and Confer requirement prior to filing this Motion. On April 9, 2014, Plaintiff asked Defendants' attorneys to Meet and Confer with her. **Exhibit 1.** This request was met with disdain by Defendants' attorneys. **Exhibit 2.** A Meet and Confer was conducted on April 11, 2014. Defendants' attorney Robert Norway informed

Plaintiff that he would not consider our discussion a Meet and Confer until she could recite for him her full legal analysis for the Motion to Supplement. At the end of the April 11, 2014 discussion, attorney Norway told Plaintiff that he would have to confer with his client before he could conduct another Meet and Confer with her.

At a recent Meet and Confer held on April 29, 2014, Plaintiff asked attorney Norway if he had had a discussion regarding her proposed Motion to Supplement. He said that they had and that they had decided to Oppose her proposed Motion to Supplement. Plaintiff asked attorney Norway when Defendants had come to that decision regarding their opposition to Plaintiff's Motion to Supplement. Her question was met with silence. Plaintiff informed Norway that it had been no less than 18 days since their Meet and Confer that had occurred on April 11, 2014. Plaintiff asked why attorney Norway had not emailed her or responded prior to April 29, 2014. To this question, Mr. Norway did not reply. Plaintiff informed Mr. Norway that it looked like she was ignoring The Honorable Magistrate Judge Gregory J. Kelly's Order since so many days had passed. Mr. Norway did not reply to Plaintiff's observation.

## **LOCAL 3.01(g) CERTIFICATION**

*Pro Se* plaintiff participated in a Meet and Confer on April 11, 2014 with Defendants' attorneys Robert Norway and Jason Zimmerman. Defendants' attorney Norway recently informed Plaintiff on April 29, 2014 that Defendants would oppose any Motion for Leave to Supplement. Plaintiff regrets the delay in filing this Motion. She wanted to be in accordance with The Honorable Magistrate Judge Gregory J. Kelly's Order regarding Local Rule 3.01(g) and participating in a good faith Meet and Confer with Defendants prior to submitting this Motion.

## *PRO SE* PLAINTIFF PRAYS THAT THE HONORABLE COURT WILL GRANT HER LEAVE TO SUPPLEMENT

Defendants filed Exhibits four days late in support of their Motion for Summary Final Judgment without Leave to do so even though they are based in Orlando and have at least three attorneys actively working on this case. Several Middle District of Florida, Northern District of Florida and Southern District of Florida cases listed below have permitted non-*Pro Se* litigants to file Exhibits, Declarations and Affidavits well after the initial Motions were filed. *Pro Se* Plaintiff who lives in California and is representing herself through no choice of her own, prays that The Honorable Court will grant her Leave to Supplement. Specifically, Plaintiff would like to supplement Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment (Doc. 113) with Exhibits 1 through 58 that appear on the CD that is being submitted today with this Motion.

## THE IMPORTANCE OF THE EVIDENCE PLAINTIFF PRAYS TO SUPPLEMENT

According to the United States Court of Appeals for the Eleventh Circuit, the standard of review for a district court's grant of summary judgment shall be affirmed if, "after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Seff v. Broward County, Florida*, D.C. Docket No. 0:10-cv-61437-KMM (August 20, 2012) quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263-64 (11th Cir. 2010). This same United States Court of Appeals for the Eleventh Circuit declared, "[W]e 'may not weigh conflicting evidence or make credibility determinations of [our] own. If the record presents

disputed issues of fact, the court may not decide them. . ." The *Seff* Court quoting *FindWhat Investor Grp. V. FindWhat.com,* 658 F.3d 1282, 1307 (11th Cir. 2011) (citation omitted)."

The United States Court of Appeals for the Eleventh Circuit has declared that they "review a district court's grant of summary judgment de novo, viewing the facts – as supported by the evidence in the record – and reasonable inferences from those facts in the light most favorable to the nonmoving party." *Info. Sys. And Networks Corp. v. City of Atlanta,* 281 F.3d 1220, 1224 (11th Circ. 2002). "Summary judgment is only proper where no genuine issue of material fact exists." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In order for Justice to prevail and in order for The Honorable Middle District Court of Florida to make a well-informed decision based on the evidence presented, *Pro Se* Plaintiff prays that The Honorable Court will grant her leave to supplement exhibits 1 to 58 to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment (Doc. 113). *Pro Se* Plaintiff has made every good faith effort to abide by The Rules of The Court and the Rules of Florida.

## LOCAL RULES OF THE MIDDLE DISTRICT OF FLORIDA

According to the Local Rules for the Middle District of Florida, the Rules "shall be applied, construed and enforced to *avoid inconsistency* with other governing statutes and rules of court, and shall be employed to provide *fairness* and simplicity in procedure, to avoid technical and unjustified delay, *and to secure just,* expeditious and inexpensive determination of all proceedings." *Local Rule 1.01(b) United States District Court, Middle District of Florida.* The Middle District Local Rules further stress that "[T]he Court may suspend application and

enforcement of these rules, in whole or in part, *in the interests of justice in individual cases* by written order." (emphasis added).

## PLAINTIFF HAS ABIDED BY THE LOCAL RULES OF THE MIDDLE DISTRICT OF FLORIDA AND THE ADVICE OF COURTROOM CLERKS

Plaintiff has respectfully abided by Local Rule 3.03(d) which notes that "Requests for production of documents and other things…shall not be filed with the Court as a matter of course but may later be filed in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings." Prior to attending the March 11, 2014 hearing, Plaintiff personally called and spoke with the Clerk of The Honorable Judge Anne C. Conway's Courtroom who confirmed that if Exhibits are voluminous, The Court prefers that the Exhibits be presented to them on a CD. This fact was also confirmed by the Clerk of The Honorable Magistrate Judge Gregory J. Kelly's Courtroom at the completion of the March 11, 2014 hearing. Apparently, if paper documents are voluminous, the Clerks need to scan them into electronic form upon their submission. Presenting the Exhibits on a CD makes their job easier since the time-staking task of scanning is averted.

Therefore, in order to be in accordance with the opinions expressed by these Courtroom Clerks, Plaintiff has submitted Exhibits in electronic format and on CD's. The reduction of voluminous paper documents to electronic form on CD is also in accordance with Local Rule 3.03(e): "[L]itigants' counsel should utilize technology to the maximum extent possible in all phases of litigation…on computer disk."

## **PLAINTIFF ABIDED BY THE FLORIDA'S**

## **"NOTICE OF FILING" RULES**

Plaintiff researched cases and noted that the proper procedure to follow was that of a "Notice of Filing" which was also followed *by Defendants when they late filed Exhibits H through M four days after their submission of their Motion for Summary Final Judgment.* The Middle District of Florida did not appear to have Rules on "Notice of Filing" procedures to follow. Therefore, Plaintiff researched the Local Rule 5.01(d) of the Southern District of Florida which reads:

> "Notices of Filing; Form and Content. The title of a notice of filing shall include (1) the name and designation of the party (as plaintiff or defendant or the like) on whose behalf the filing is submitted, and (2) a description of the document being filed. A notice of filing shall identify by title the pleading, motion or other paper to which the document filed pertains and the purpose of the filing, such as in support of or in opposition to a pending motion or the like."

A copy of the Notice of Filings that were stricken by The Honorable Court are present as **Exhibit 3.** The Notice of Filings respectfully submitted by Plaintiff fulfill all of the requirements of Florida's "Notice of Filing" requirements as documented in the Local Rule 5.01(d) of the Southern District of Florida.

## **PLAINTIFF ABIDED BY THE FLORIDA RULES**

## **OF JUDICIAL ADMINISTRATION**

Plaintiff respectfully abided by the Florida Rules of Judicial Administration, Rule 2.520(a) that notes that electronic filing is mandatory. She also abided by Florida Rules of

Judicial Administration rule 2.520(b) that reads, "[A]ll other documents filed by electronic transmission shall be filed in a format capable of being printed in a format consistent with the provisions of this rule." Florida Rules of Judicial Administration rule 2.52(f) further reads, "[N]o clerk of court shall refuse for filing any document or paper because of noncompliance with this rule." Plaintiff filed her Exhibits through hand filing by Attorneys Legal Services. By doing so, Plaintiff followed Florida Rules of Judicial Administration Rule 2.525(d)(5) which reads:

> "when the filing involves documents in excess of 25 megabytes (25 MB) in size. For such filings, documents may be transmitted using an electronic storage medium that the clerk has the ability to accept, which may include a *CD-ROM,* flash drive, or similar storage medium." (emphasis added).

The Florida Rules of Judicial Administration Rule 2.525(c)(1) reads that "All documents that are court records, as defined in Rule 2.430(a)(1), must be filed by electronic transmission provided that (A) the clerk has the ability to accept and retain such documents." Florida Rules of Judicial Administration rule 2.525(c)(5) further reads, "[A]ny storage medium submitted under subdivision (d)(5) is filed when received by the clerk or court and the clerk shall immediately thereafter transfer the electronic documents from the storage device to the official court file." In Plaintiff's case, Florida Rules of Judicial Administration Rule 2.525(c)(5) was not followed. Plaintiff's CD's replete with Exhibits were Ordered to be stricken from the record and returned to Plaintiff.

## ISSUE OF NON-CONTEMPORANEOUS FILING OF EXHIBITS

Plaintiff would respectfully like to point out that Defendants were allowed to late file exhibits four days after they filed their Motion for Summary Final Judgment on February 14, 2014. These Exhibits were filed by Defendants with a Notice of Filing dated February 18, 2014

which is attached as **Exhibit 4.** Defendants were allowed to late file their Exhibits even though their law firm is present in Orlando, Florida; they have access to CM/ECF e-filing and they have three attorneys actively working on the case as well as a legal secretary with access to paralegals, legal assistants, technology experts and messengers.

The Honorable Court of The Middle District of Florida has permitted other non-*Pro Se* parties that have had access to CM/ECF e-filings to submit evidence, declarations and affidavits in support of various Motions well after the Motions have been filed. In one case, the Middle District of Florida allowed the Securities and Exchange Commission to file Supplemental Evidence in support of its Motion for Summary Judgment ***over a year and eight months after the Motion was filed with the Court***. *Securities and Exchange Commission v. BIH Corporation*, No. 2:10-cv-577-FtM-29DNF (M.D. Fla. September 20, 2010).

Other Middle District of Florida cases that have allowed the non-contemporaneous filing of exhibits, declarations and affidavits include, but are not limited to, the following cases: *Federal Trade Commission v. National Solutions LLC et al*, No. 6:11-cv-01131-ACC-GJK (M.D. Fla. July 11, 2011); *Lebron v. Secretary of Florida Department of Children & Families*, No. 6:11-cv-01473-MSS-DAB (M.D. Fla. Sept. 6, 2011); *Brancheau et al v. Secretary of Labor, et al*, No. 6:11-cv-01416-GAP-DAB (M.D. Fla. August 24, 2011); *Feldkamp v. Long Bay Partners*, No. 2:09-CV-253-FIM-29SPC (M.D. Fla. April 27, 2009); *In Re Tri-State Water Rights Litigation*, No. 3:07-MD-1-PAM-JRK (M.D. Fla. March 21, 2007); *Maiorano v. Santiago*, No. 6:05-cv-107-Orl-19KRS (M.D. Fla. July 15, 2006); *In Re: Accutane (Isotretinoin) Products Liability Litigation*, No. 8:04-MD-2523 (M.D. Fla. November 19, 2004); *Whitney v. XCentric Ventures, LLC*, No. 2:04-cv-47-FtM-34SPC (M.D. Fla. January 27, 2004); *Malone, et al v. City of Tampa*, No. 8:01-cv-02313 (M.D. Fla. December 5, 2001); *Public Citizen, Inc. v.*

*Pinellas County*, No. 8:01-cv-00943-SDM (M.D. Fla. May 16, 2001); *Meade v. Secretary, Army, et al*, No. 5:93-cv-01010 (M.D. Fla. November 17, 1993).

The Southern District of Florida has also allowed the non-contemporaneous filing of evidence. *Vincent v. Wells Fargo Guard Services, In.*, No. 95-1998-Civ-Moore (S.D.Fla. September 12, 1995). This represents but one of the cases from The Southern District of Florida to do so.

From a review of the cases listed above, the vast majority involved non-*Pro Se* litigants who had easy access to the CM/ECF e-filing system. In one case reviewed, *Pro Se* plaintiff Victor Manual Celorio was permitted to supplement his Motion for Summary Final Judgment. *Celorio v. Google, Inc.* No. 1:11-CV-79-SPM/GRJ, (N.D. Fla. April 27, 2011).

## EXCUSABLE NEGLECT

A review of the cases listed above reveal that none of the litigants who were permitted non-contemporaneous filings of exhibits, declarations or affidavits ever had to plead "excusable neglect." *Pro Se* Plaintiff is at a disadvantage in that she lives cross-country from the state of Florida. *Pro Se* Plaintiff has no access to the CM/ECF e-filing system and a review of the vast majority of Middle District of Florida cases reveal that *Pro Se* litigants are denied access to this e-filing system even if they move to gain access to it. This fact was confirmed via a discussion with a Judicial Assistant of The Honorable Court. Furthermore, *Pro Se* Plaintiff is a member of an arbitrary classification. She is a member of a minority class since she is Hispanic. Plaintiff prays that the Rules will not be discriminatorily applied against her when so many non-*Pro Se* litigants have been allowed to file exhibits, declarations and affidavits days, weeks, months and over a year and half after their initial Motions were filed.

Nevertheless, *Pro Se* Plaintiff will plea "excusable neglect" even though Defendants and other litigants listed above that were permitted to file exhibits, declarations and affidavits after their Motions were filed have never had to plea "excusable neglect" in order to have their filings accepted by The Honorable Court.

The United States Supreme Court has declared that "Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneeer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 381, 388, 113 S.Ct. 1489 "(1993). The Highest Court noted that "excusable neglect,' as used in several of the Federal Rules of Civil Procedure, is understood to be a somewhat "elastic concept" and "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer supra* at 392.

In the *Pioneer* case, The Highest Court overturned the precedent from the Court of Appeals for the Eleventh Circuit that "held that a party may claim 'excusable neglect' only if its 'failure to timely perform a duty was due to circumstances which were beyond [its] reasonable [c]ontrol.' " *Pioneer supra* at 384.

"The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances." *Pioneer supra* at 381. What comprises "excusable neglect" in the Eleventh Circuit? Well, the *Young* case instructs us what does not comprise "excusable neglect" in the Eleventh Circuit. *Young v. City of Palm Bay, Fla.,* 358 F.3d 859 (2004). The United States Court of Appeals for the Eleventh Circuit found that practicing attorney Tietig could not claim "excusable neglect" after he failed to file a memorandum in opposition to Defendants' Motion for Summary Judgment after he was granted

*four* extensions to do so and requested a *fifth* extension.

One could apply the *Pioneer* factors to this case. 1) Will there be any danger of prejudice to the Defendants if Plaintiff's Motion for Leave to Supplement is granted? It is highly doubtful that any danger of prejudice exists. Defendants were hand delivered copies of the Exhibits on the same day that they were filed with The Honorable Court. The majority of these exhibits were produced by Defendants during discovery. Therefore, there was no element of surprise. Additionally, Defendants were allowed to file Exhibits four days' after they filed their Motion for Summary Final Judgment even though: a) Defendants' law firm is located in Orlando, the same city as where The Honorable Court is located; b) Defendants have three attorneys working on the case including a legal secretary; c) Defendants have access to the CM/ECF e-filing system and Defendants have availability to legal assistants, paralegals and messengers as well as technology consultants. Therefore, it is highly doubtful that Defendants will be prejudiced in any way by granting Plaintiff's Motion for Leave to Supplement. On the other hand, it will be highly prejudicial for The Honorable Court to not permit *Pro Se* Plaintiff Leave to Supplement when Defendants and many non-*Pro Se* litigants have been allowed to file exhibits, declarations and affidavits in support of their Motions, days, weeks, months and even over a year and a half *after* their initial Motions were filed.

Furthermore, *Pro Se* litigant has her hands tied by not having access to the CM/ECF e-filing system. Defendants have access to the CM/ECF e-filing system 24 hours a day, seven days a week. *Pro Se* Plaintiff has access to Attorneys Legal Services 7 hours a day (3 hours ahead of Pacific Standard Time where Plaintiff lives), five days a week. Defendants have access to technology support people, an ftp site, delivery and messenger personnel, three attorneys working on the case plus a legal secretary. Defendants have access to multiple computers and a

network at their law firm. *Pro Se* Plaintiff has "me, myself and I", the U.S. Postal Service that does not guarantee overnight deliveries; FedEx that cuts off at 5:45 p.m. for East Coast deliveries and a process server who devotes as much time to her as he can considering he needs to run his business and supervise many other people. *Pro Se* Plaintiff had access to two lap top computers that has whittled down to one since one of them has died. Plaintiff does not have a network at her office.

2.) What was the length of the delay in this case? *Pro Se* Plaintiff hired Attorneys Legal Services on March 12, 2014, the day after the March 11, 2014 hearing, to aid her in Court filings and hand delivery of documents and CD's since she lives cross-country in California and has no access to the e-filing CM/ECF system. The CD's in question were filed with the Court on April 2, 2014, five days after March 28, 2014. Defendants late filed Exhibits H through M on February 18, 2014, four days after they filed their Motion for Summary Final Judgment on February 14, 2014.

3.) The reason for the delay. The reasons for the delay are itemized in a declaration filed by *Pro Se* Plaintiff on April 1, 2014 noting that not having access to the electronic filing system had made the process arduous. She noted further that she had overnighted documents, uploaded exhibits to ftp sites and hired local process servers and lawyer legal services in order to meet filing deadlines. She further noted that every single *pro se* litigant who had filed a Motion for access to the CM/ECF system had been denied access to the system. A copy of this Declaration is attached as **Exhibit 5.** Plaintiff had attempted to plan ahead and hired a local attorney legal services company on March 12, 2014 in order to meet all-important legal deadlines.

4.) Movant has acted in good faith. In fact, on the morning of March 11, 2014, Plaintiff emailed both Robert Norway and Rick Mitchell copies of her Declaration even though they

claimed that they had not been served. Plaintiff personally handed Defendants a copy of her declaration in the Courtroom prior to the March 11, 2014 hearing. Furthermore, Plaintiff personally hand delivered a large binder with the exact same contents as was provided to The Honorable Court on the morning of March 11, 2014 hearing at the law offices of Gray Robinson so as to attempt to ensure that Defendants' attorneys would receive the binder in time for them to take it to the hearing if need be. Plaintiff has emailed Defendants copies of filings in the past and has ensured that Court filings were hand delivered by Attorneys Legal Services. Defendants' attorneys have never emailed Plaintiff a single Court filing. A filing received in the mail on April 30, 2014 revealed that it now takes *eight* days for Gray Robinson mailings to reach Plaintiff even though mailings from The Honorable Court only take four days to reach her from the same city of Orlando.

## CONCLUSION

Movant has acted in good faith and she prays that The Honorable Court will grant her Leave to Supplement Exhibits to Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment (Doc. 113). If The Honorable Court grants Leave to Supplement, Plaintiff attaches Declaration of Jeannette Martello that explains how each Exhibit was obtained. **Exhibit 6.**

Respectfully submitted,

_____
Jeannette Martello, Plaintiff, *In Pro Se*

# CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that this document entitled **Plaintiff's Motion Requesting Leave to Supplement Exhibits for Plaintiff's Opposition to Defendants' Motion for Summary Final Judgment (Doc. 113).** This document and CD will be mailed via first class mail on May 5, 2014 to Defendants through their attorneys Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, *In Pro Se*

P.O. Box 914

South Pasadena, CA 91031

drmartello@gmail.com

(626) 993-8501