**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEANETTE MARTELLO, individually,

    Plaintiff,

v.

PRODUCT QUEST MANUFACTURING, LLC, a Florida limited liability company; JOHN T. REGAN, individually; and PRODUCT QUEST MANUFACTURING, INC.,

    Defendants.
_____/

Case No. 6:12-cv-1304-Orl-22GJK

**DEFENDANTS' MOTION FOR ORDER DIRECTING PLAINTIFF
TO COMPLY WITH CASE MANAGEMENT AND SCHEDULING ORDER
OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE PRETRIAL
DEADLINES AND CONTINUATION OF TRIAL**

Defendants, PRODUCT QUEST MANUFACTURING, LLC, PRODUCT QUEST MANUFACTURING, INC., and JOHN T. REGAN (collectively, "PQM"), respectfully request the Court render an Order directing Plaintiff to produce to Defendants all documents and things necessary for the preparation of a joint pretrial statement no later than 5 p.m. on May 14, 2014 or, in the alternative, an Order relieving Defendants from complying with the remaining pretrial case management deadlines and continuing trial until such time as Plaintiff complies with the prior orders of the Court, and in support states:

    1.    The Case Management and Scheduling Order directed the parties to hold a meeting to prepare a joint final pretrial statement on or before April 16, 2014 and to file such a statement on or before April 30, 2014.  (Doc. 29.)

2. The parties held a meeting on April 16, 2014. Plaintiff did not produce at that meeting her trial witness list, deposition designations, jury instructions, verdict form, voir dire questions, or any of the other materials needed to produce the joint final pretrial statement. (*See* Doc. 142.) While Plaintiff represented that she would email such materials to counsel the next day, she did not. (*Id.*)

3. Defendants therefore moved for an enlargement of the Case Management and Scheduling Order's deadline for the parties to file a joint final pretrial statement, which motion was granted by the Court. (Doc. 143.) The current deadline by which the parties must file a joint final pretrial statement is May 14, 2014.

4. Despite repeated requests from Counsel for Defendants, Plaintiff has failed to exchange all of the materials needed to prepare a joint final pretrial statement. Prior to today, Defendants received from Plaintiff only: (a) copies of Plaintiff's proposed exhibits; (b) two exhibit lists; (c) trial designations for the depositions of Mr. Timothy O'Toole and Mr. John Regan; and (d) Plaintiff's proposed voir dire questions. Today, Plaintiff provided Defendants with: (a) Plaintiff's list of expert witnesses (including summary of testimony); (b) Plaintiff's list of admitted facts; (c) Plaintiff's statement regarding applicable rules of evidence and civil procedure; (d) agreed principles of law; and (e) Plaintiff's list of contested issues of law.

5.  Plaintiff has not, however, exchanged her (a) proposed statement of the case, (b) witness list, (c) summary of the claims and damages sought, (d) other deposition designations, (e) jury instructions, or (f) proposed verdict form.

6.  Further, Plaintiff has not responded to Counsel's requests to confer pursuant to Local Rule 3.01(g) regarding her failure to exchange these materials.

## Memorandum of Law in Support of Motion

The Court may modify a case management schedule pursuant to Federal Rule of Civil Procedure 16(b)(4) for "good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note); *see also Weaver v. Mateer & Harbert, P.A.*, No. 5:09-cv-514-Oc–34TBS, 2012 WL 3065362, at *8 n.20 (M.D. Fla. July 27, 2012) (same).

Plaintiff's continued failure to exchange all of the materials needed to prepare a joint final pretrial statement prevents Defendants from comply with the Court's prior orders directing the parties to prepare and file a joint final pretrial statement. Indeed, Plaintiff has not produced the most material elements of the joint final pretrial statement. Rather than submitting serial motions to enlarge the deadline for such filing, Defendants respectfully request that the Court render an Order directing Plaintiff to produce to Defendants all documents and things necessary for the preparation of a joint pretrial statement. If the Court requires Plaintiff to produce her pretrial materials no later than 5 p.m. on May 14, 2014,

the deadline for filing a joint final pretrial statement could be enlarged to May 30, 2014.

Defendants request, in the alternative, the Court render an Order relieving Defendants from complying with the remaining pretrial case management deadlines and continuing trial until such a time as Plaintiff complies with the prior orders of the Court. Plaintiff's continued failure to exchange all of her pretrial materials materially prejudices Defendants insomuch as they cannot adequately prepare for trial in the face of Plaintiff's continued efforts to withhold disclosure of the issues and evidence that she intends to propound at trial. Further, in addition to her failure to exchange her joint final pretrial materials, Plaintiff has failed to comply with the Court's Order to produce her state and federal tax returns. (*See* Doc. 117.) As discussed previously, Plaintiff's tax returns are not only relevant to the issues raised by Plaintiff's claims and Defendants' defenses but they are also a necessary part of Plaintiff's *prima facie* case. (*See* Doc. 139, p. 5.) Without disclosure of and access to Plaintiff's tax returns, Plaintiff's actions have materially prejudiced Defendants and prevented them from adequately preparing for trial. Hence, Defendants respectfully request the Court render an Order relieving Defendants from complying with the remaining pretrial case management deadlines and continuing trial until such time as Plaintiff complies with the prior orders of the Court.

## **Conclusion**

Defendants, PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC., respectfully request

the Court render an Order directing Plaintiff to produce to Defendants all documents and things necessary for the preparation of a joint pretrial statement no later than 5 p.m. on May 14, 2014.  In the alternative, Defendants request the Court render an Order relieving Defendants from complying with the remaining pretrial case management deadlines and continuing trial until such time as Plaintiff complies with the prior orders of the Court, or any other such relief that the Court deems just, necessary, or proper.

Respectfully submitted this 6th day of May, 2014.

/s/  ROBERT M. NORWAY
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile
*Lead Trial Counsel for Defendants Product Quest Manufacturing, LLC; John T. Regan; and Product Quest Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Plaintiff Jeannette Martello, 501 Floral Park Terrace, Pasadena, California 91030.

/s/  ROBERT M. NORWAY