United States District Court
Middle District of Florida
Orlando Division

RECEIVED
2014 MAY 20 PM 4: 43
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Jeannette Martello

Plaintiff, *In Pro Se*

6:12-CV-1304-ORL-22-GJK

v.

Product Quest Manufacturing, LLC; et al.

Defendant(s)

## **PLAINTIFF'S SEPARATE FILING OF THE JOINT PRETRIAL STATEMENT'S CLAIMS AND DAMAGES SECTION**

At the Joint PreTrial Conference held between Plaintiff and Defendants' attorneys at the law offices of Gray Robinson on April 16, 2014, it was obvious Defendants' attorneys were going to play by their own Rules and not those of the Court. When attorney Robert M. Norway handed Plaintiff a copy of the Proposed Joint PreTrial Statement, she noticed the affirmative defenses of the Statute of Limitations, "notice of default" and "first sale" doctrine that appeared on the document. Plaintiff asked Norway why he included these affirmative defenses that had never been pled.

Plaintiff also pointed out that The Honorable Judge Anne C. Conway had denied Defendants' Motion to Amend the Pleadings to include one of the affirmative defenses, that of the Statute of Limitations. Attorney Norway ignored the fact that The Honorable Judge

Anne C. Conway denied their Motion to Amend and said that they would "wait and see" what the Court decided. Plaintiff informed Norway that The Honorable Court had already decided through the decision of The Honorable Judge Anne C. Conway on January 6, 2014.

Plaintiff informed Defendants' attorney that the Federal Rules of Civil Procedure 8(c) required that affirmative defenses be pled in the responsive pleading. If the affirmative defenses were not pled, or if a Motion to Amend the Pleading to add an affirmative defense was not permitted, the affirmative defense was deemed to have been waived. To this, Norway stated "that is a technical requirement." Plaintiff has never heard the Federal Rules of Civil Procedure derogatorily called a "technical requirement."

When the day to file the Joint PreTrial Statement came, on May 14, 2014, Plaintiff asked if she could be given a little bit more time to email them a word document with her Claims and Damages, Proposed Verdict Form and Proposed Jury Instructions. Plaintiff was informed by Defendants' attorney Norway that she had until 7:00 a.m. Pacific Standard Time on May 14, 2014 to file those documents or else they would file everything without her.

Nevertheless, based on email correspondence from Norway, he continued to plod along until at least 5:30 p.m. Eastern Standard Time writing the Joint PreTrial Statement, adding footnotes and arguments against Plaintiff and looking up cases to refute what Plaintiff had written for Plaintiff's portions of the Joint PreTrial Statement. Even when you take the Bar Examination (which I have taken a few times), you are required to put down your pencil when the proctor calls "TIME." Apparently, the fact that Plaintiff is representing herself *Pro Se* (not by choice), meant that Defendants could play by their own rules, demand documents

from Plaintiff without leeway and continue to write their own version of the Joint PreTrial Statement.

Plaintiff respectfully submits the Claims and Damages section of the Joint PreTrial Statement that Defendants' attorney Robert Norway refused to "cut and paste" into the submitted statement since it was 7:15 a.m. Pacific Standard Time on May 14, 2014 and Plaintiff had missed the "unilateral deadline" set by Defendants attorney Norway that he was not required to abide by.

Additionally, Plaintiff finds it highly disrespectful for Defendants to submit affirmative defenses to The Honorable Court that were never pled. In fact, Plaintiff considers it a flagrant refusal to abide by The Court's Order denying Defendants' Motion to Amend for them to submit these never pled affirmative defenses in: 1) Defendants' version of their Joint PreTrial Statement; 2) in Defendants' version of their Jury Instructions and 3) in Defendants' version of their Proposed Verdict Form.

Plaintiff desired to show no disrespect to The Honorable Court by not signing the Joint PreTrial Statement that was submitted by Defendants. Rather, Plaintiff wanted to illustrate to The Court that she was not a party to a "Joint PreTrial Statement" that so flagrantly showed disrespect to The Order of The Honorable Judge Anne C. Conway; a statement that showed disrespect to The Honorable Court and a statement that showed disrespect to Federal case law and the Federal Rules of Civil Procedure.

Respectfully submitted,

*Jeannette Martello*
Jeannette Martello, Plaintiff, *In Pro Se*

## CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that the **Plaintiff's Separate Filing of The Joint Pretrial Statement's Claims and Damages Section** will be hand delivered to Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at Gray Robinson, 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, In Pro Se

P.O. Box 914

South Pasadena, CA 91031

drmartello@gmail.com

(626) 993-8501