UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE MARTELLO, individually;

    Plaintiff,

v.

PRODUCT QUEST MANUFACTURING, LLC, a Florida limited liability company; JOHN T. REGAN, individually; and PRODUCT QUEST MANUFACTURING, INC.,

    Defendants.
_____/

Case No. 6:12-cv-1304-Orl-22GJK

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO SUPPLEMENT (DOCS. 150, 151, 152, 153, 154, and 157)

Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC. (collectively "Product Quest" or "Defendants") respectfully request this Honorable Court to render an Order denying the six (6) nearly identical motions to supplement filed by Plaintiff (Docs. 150, 151, 152, 153, 154, and 157), and in support state:

### Introduction

Plaintiff was required by Federal Rule of Civil Procedure 56 and this Court's Orders to file oppositions to Defendant's pending Motion for Summary Judgment (Doc. 93), Motion in Limine (Doc. 98), and *Daubert* Motion (Doc. 91) by March 28, 2014. That day, Plaintiff filed her opposition to Defendants' summary judgment motion (Doc. 113), along with various motions for reconsideration and objections on March 28, 2014 (Docs. 114, 115, 116). Plaintiff

Page 1

did not file her oppositions to Defendants' pending *Daubert* motion and motion in limine, however, until March 31, 2014. (Docs. 118, 119.) Plaintiff also did not serve Defendants with her motions, objections, and oppositions, or file any exhibits in support of her papers until the following week. (Doc. 122.)

The Court struck Plaintiff's belated filing of exhibits on April 7, 2014, directing Plaintiff to file a motion requesting leave to supplement her papers. (Doc. 132.) Plaintiff waited until a telephone conference held on April 11, 2014, to inform Defendants that she intended to file a motion to supplement. During that conference call, Plaintiff refused to disclose why she was unable to file her oppositions and exhibits by the Court-ordered deadline of March 28, 2014, and was unable to articulate any legal basis for her requested relief. Plaintiff was asked to call counsel for Defendants on Monday, April 14, 2014, after she had an opportunity to formulate a factual and legal basis in support of her proposed motion. Plaintiff did not call or otherwise contact defense counsel regarding her proposed motion to supplement as requested.

Having heard nothing from Plaintiff, Defendants proceeded with filing oppositions to her objection and motion to reconsider the Magistrate Judge's discovery order. (Doc. 134.) Defendants also prepared and filed their reply in support of summary judgment, arguing Plaintiff's failure to submit evidence in support of her motion and point to specific portions of the record that allegedly gave rise to a disputed issue of material fact warranted summary judgment in Defendants' favor. (Doc. 140, pp. 1–3.)

Plaintiff waited more than a week after Defendants' papers were filed before requesting, once again, a meet and confer regarding her proposed motion to supplement. Once again, Plaintiff articulated no reason why she could not meet the Court-ordered deadline of March 28, or why she did not call defense counsel on Monday, April 11, 2014, as requested.

### **Memorandum of Law in Opposition to Plaintiff's Motions**

A court "may, for good cause" grant an extension of time "upon [a] motion made after the expiration of the specified period," if "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Eleventh Circuit applies the test set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), to determine the existence of excusable neglect in the context of Rule 6(b). *See Fisher v. Office of State Attorney 13th Judicial Circuit Fla.*, 162 F. App'x 937, 940 (11th Cir. 2006).

In *Pioneer*, the Supreme Court held that the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395. Such circumstances includes "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996).

Additionally, where a party opposing summary judgment files untimely evidence in support of its opposition, the Court may exercise its discretion to

strike the untimely submission and grant summary judgment in favor of the movant. *Gary v. Georgia Dep't of Human Resources*, 206 F. App'x 849, 851 (11th Cir. 2006) (affirming the district court's striking of an untimely affidavit filed in opposition of summary judgment). In this case, Defendants respectfully submit the *Pioneer* factors weigh against Plaintiff's requested relief.

Plaintiff simply delayed too long to supplement the record. Defendants filed their reply in support of summary judgment and their oppositions to Plaintiff's other motions based on the record at the time of filing. Those motions are ripe for adjudication, and the Court may in fact have already begun expending its time and resources addressing the issues raised by the parties. It is too late for Plaintiff to add additional evidence to the record after briefing has long closed, thereby depriving Defendants of an opportunity to fully address the lack of merit of her proffered evidence.[1]

The prejudice to Defendants is most acute in connection with the exhibits Plaintiff seeks to add to her summary judgment opposition. In short, Plaintiff seeks to "dump" 59 exhibits in the record in opposition to summary judgment.[2]

---

[1] Plaintiff also makes no effort to add pinpoint citations to any of her papers, as required by the case management and scheduling order and as noted by the Magistrate Judge in the Order striking Plaintiff's prior notices. (Doc. 29, p. 6 ("Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact."); Doc. 132, p. 2 ("The response should contain pinpoint citations to those exhibits in support of the responding party's position").) The failure to add pinpoint citations unduly burdens the Court and Defendants, who cannot "efficiently and meaningfully ascertain how the exhibits relate to the arguments raised by" Plaintiff. (Doc. 132, p. 3.)

[2] The docket reflects that Plaintiff filed four compact disks with each of Doc. 150, 151, 152, 153, and 154 on May 5, 2014. Defendants received copies of Plaintiff's filings on May 8, 2014, by hand delivery, but only two compact disks

(Doc. 150.) Defendants now have no opportunity to address Plaintiff's evidentiary proffer because Plaintiff waited until after Defendants' reply was filed to move to supplement the record.

Notably, at least fifteen (15) of the exhibits contain documents not previously produced by Plaintiff during the discovery period. At least fourteen (14) exhibits consist of emails from Plaintiff's gmail account that were not produced to Defendants in electronic format, as plainly ordered by the Court.[3] Furthermore, most of the exhibits cannot be authenticated by Plaintiff and contain inadmissible hearsay, both of which renders them inappropriate for consideration on summary judgment. *See Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'"); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 911 (M.D. Fla. 1995) (noting that, "to be considered for or against summary judgment, a document must be authenticated, either by an affidavit that meets the requirements of Rule 56(e), Federal Rules of Civil Procedure, or in accord with the Federal Rules of Evidence" (citations omitted)).[4]

---

were served with each paper. To date, Defendants have not received the filings that Plaintiff certified were served via first class mail. Thus, Defendants have not been served with the additional two compact disks that Plaintiff filed with the Court. The two compact disks served on Defendants together with Doc. 150 identify 59 exhibits that Plaintiff would like to use in opposition to Defendants' summary judgment motion.

[3] These emails are the subject of Defendants' pending Motion for Sanctions. (Doc. 81.)

[4] Plaintiff contends in Doc. 150 that the "majority of these exhibits were produced by Defendants during discovery"; however, by Defendants' count, only 21 of the 59 exhibits proffered by Plaintiff in Doc. 150 contained documents produced by Defendants.

Thus, the first three (3) *Pioneer* factors—the danger of prejudice to the Defendants, the length of the delay and its potential impact on judicial proceedings—all weigh in favor of denying Plaintiff's motions to supplement.

Plaintiff's "excuse" for her delay is not clearly stated. Indeed, Plaintiff has, to date, not specifically given any reason why she was unable to timely file the exhibits with her opposition to summary judgment on March 28, 2014—relying instead on an appeal to the Court based on her *pro se* status. Plaintiff's *pro se* status alone is an insufficient basis for a finding of excusable neglect. *Pellegrino v. Marathon Bank*, 640 F.2d 696, 698 (5th Cir. Unit B 1981).[5] In *Pellegrino*, the Eleventh Circuit found no excusable neglect where a *pro se* plaintiff's notice of appeal was received by the clerk of court more than 30 days after the date of judgment. *Id.* at 697. The notice was late, in part, because the plaintiff mailed his notice from his residence in Pennsylvania to Florida, where he filed the action. *Id.* The Court noted the plaintiff was previously represented by multiple counsel, but that he had "has undertaken his own legal cause fully aware of possible consequences." *Id.* at 698. The Court also looked to the prolific filings of the *pro se* plaintiff, "comprising about 18 percent of the record on appeal," to note that the plaintiff was sufficiently aware of the importance of the court procedural rules. *Id.* Under these circumstances the Court refused to permit the plaintiff to "invoke *pro se* status as a defensive shield insulating him from the result of his own neglect." *Id*. at 699.

---

[5] This opinion is binding precedent in the Eleventh Circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

This case is on all fours with *Pellegrino*. Plaintiff has been represented by multiple counsel who have all withdrawn. She was informed by the Court at least twice, once at the March 11, 2014 hearing and again in a subsequent written order (Doc. 108), of the importance of complying with both the procedural rules and prior Court orders. Like the *pro se* plaintiff in *Pellegrino*, Plaintiff has filed an inordinate number of motions, notices, oppositions, objections, and "declarations"—twenty-six (26) by Defendants' count—in just the seventy-two (72) days that she has been proceeding *pro se* in this case.

Also like the plaintiff in *Pellegrino*, Plaintiff's filings demonstrate her understanding of the Court's procedural rules when they work in her favor, such as when she invoked the additional three (3) days provided under the federal rules to file an objection to the Magistrate Judge's discovery order. (Docs. 116, 130.) Plaintiff, a medical doctor and law school graduate, would have the Court ignore the fact that she understood the interaction of the Federal Magistrate Act, Rule 72, and the three-day extension provided under the Federal Rules, and find that she misunderstood the clear language of the case management and scheduling order, which plainly provides that oppositions to summary judgment "shall be accompanied by affidavit(s) and other evidence in the form required by Fed. R. Civ. P. 56." (Doc. 29, p. 6.) Not only is such a "mistake" implausible, it is also not the type of "mistake" that constitutes excusable neglect. *See, e.g.*, *Hansjurgens v. Bailey*, 521 F. App'x 920, 921–22 (11th Cir. 2013) (holding that a *pro se* litigant's misunderstanding of the law was not excusable neglect and noting that, although "[p]leadings filed by a *pro se* litigant are construed liberally, .

. . *pro se* litigants must nonetheless conform to procedural rules, including deadlines").

The docket also belies Plaintiff's other proffered excuses. It was within Plaintiff's power to comply with the Court's deadlines, and there is no indication that the untimely filings were merely the result of a good faith mistake. Indeed, Plaintiff timely objected to the March 18, 2014 discovery order of the Magistrate Judge without a problem, which she believed allowed her to ignore the Magistrate Judge's order to produce her tax returns. (Doc. 130.) Plaintiff also had sufficient time—as well as the wherewithal—to file two (2) motions and a notice directed at the Magistrate Judge's discovery orders on March 28, 2014, rather than filing her exhibits and all of the responses ordered by the Court. (Docs. 114, 115, 116.)

And Plaintiff's untimely filing of her exhibits is not at all similar to Defendants' lodging of original exhibits with the Court on February 18, 2014. Unlike Plaintiff, Defendants timely filed and served reproductions of the original evidence contemporaneously with their motion for summary judgment <u>and</u> informed the Court and opposing parties that the originals would be lodged with the Court. (Doc. 93, p. 20 n.37.) Defendants lodged the original exhibits with the Court on February 18, 2014—the very next business day. (Doc. 95.) Plaintiff, on the other hand, waited almost a week after the Court-ordered deadline to file and serve copies of her exhibits, leaving Defendants and the Court without any idea what the exhibits may be.

Under these circumstances, Defendants respectfully submit that Plaintiff has failed to establish sufficient excusable neglect in support of her requested relief.

### **Conclusion**

For the foregoing reasons, Defendants PRODUCT QUEST MANUFACTURING, LLC, JOHN T. REGAN, and PRODUCT QUEST MANUFACTURING, INC. respectfully request this Honorable Court to render an Order denying Plaintiff's motions to supplement (Docs. 150, 151, 152, 153, 154, and 157), along with all other relief deemed appropriate by the Court.

Respectfully submitted this 22nd day of May, 2014.

    /s/ Robert M. Norway
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ROBERT M. NORWAY, ESQ.
Florida Bar No.: 0711421
robert.norway@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

*Lead Trial Counsel for Defendants Product Quest Manufacturing, LLC; John T. Regan; and Product Quest Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2014, I electronically filed the foregoing with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Plaintiff Jeannette Martello, 501 Floral Park Terrace, Pasadena, California 91030.

                                               /s/ Robert M. Norway