NIGHT BOX FILED
RECEIVED
2014 MAY 28 PM 4: 32
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

United States District Court

Middle District of Florida

Orlando Division

Jeannette Martello

Plaintiff, *In Pro Se*

6:12-CV-1304-ORL-22-GJK

v.

Product Quest Manufacturing, LLC; et al.

Defendants

## PLAINTIFF'S SEPARATE FILING OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### Background

Plaintiff *In Pro Se* respectfully submits Proposed Jury Instructions that Defendants' attorney Robert Norway refused to accept since it was not emailed to him by 7:15 a.m. Pacific Standard Time on May 14, 2014. Plaintiff *In Pro Se* had missed the "unilateral deadline" set by Defendants attorney Norway that he was not required to abide by.

When the day to file the Joint PreTrial Statement came, on May 14, 2014, Plaintiff asked if she could be given a little bit more time to email them a word document with her Claims and Damages, Proposed Verdict Form and Proposed Jury Instructions. Plaintiff was

informed by Defendants' attorney Norway that she had until 7:00 a.m. Pacific Standard Time on May 14, 2014 to file those documents or else they would file everything without her.

Nevertheless, based on email correspondence from Norway, he continued to plod along until at least 5:30 p.m. Eastern Standard Time on May 14, 2014 writing the Joint PreTrial Statement, adding footnotes and arguments against Plaintiff and looking up cases to refute what Plaintiff had written for Plaintiff's portions of the Joint PreTrial Statement. Even when you take the Bar Examination (which I have taken a few times), you are required to put down your pencil when the proctor calls "TIME." Apparently, the fact that Plaintiff is representing herself *Pro Se* (not by choice), meant that Defendants could play by their own rules, demand documents from Plaintiff without leeway and continue to write their own version of the Joint PreTrial Statement.

## Plaintiff's Version of Jury Instructions

Plaintiff was not allowed to submit her version of the Jury Instructions for the reasons listed above. Nevertheless, Plaintiff took the time to painstakingly remove the affirmative defenses sprinkled throughout Defendants' version of the Jury Instructions so as to be in accordance with The January 6, 2014 Order of The Honorable Judge Anne C. Conway of the Middle District of Florida, Orlando Division. These affirmative defenses were also removed so as to be in accordance with The Federal Rules of Civil Procedure 8(c) with respect to affirmative defense pleading requirements. Furthermore, Plaintiff fleshed out sections on Contracts and on Trademarks so as to teach the jury the various strengths of unregistered trademarks. Plaintiff's Proposed Jury Instructions are being submitted on a **CD** for review by The Honorable Court as it sees fit.

Respectfully submitted,

_Jeannette Martello_
Jeannette Martello, Plaintiff, *In Pro Se*

## CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that the **Plaintiff's Separate Filing of Plaintiff's Proposed Jury Instructions with CD** will be hand delivered to Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at Gray Robinson, 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, In Pro Se

P.O. Box 914

South Pasadena, CA 91031

drmartello@gmail.com

(626) 993-8501