# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEANNETTE MARTELLO,

        Plaintiff,

v.                                Case No:   6:12-cv-1304-Orl-22GJK

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

        Defendants.

## ORDER

This cause comes before the Court on two Motions filed by Plaintiff Jeannette Martello ("Plaintiff"): (1) Plaintiff's Objection (Doc. No. 114) to the Magistrate Judge's Order permitting her attorney to withdraw (Doc. No. 104), and (2) Plaintiff's Motion for Reconsideration (Doc. No. 115) of this Court's Order dismissing JYM, LLC as a party (Doc. No. 105). Defendants Product Quest Manufacturing and John T. Regan ("Defendants") filed a single Memorandum in Opposition to both Motions (Doc. No. 134). For the reasons stated herein, both of Plaintiff's Motions will be denied.[1]

## I. BACKGROUND

Plaintiff has been represented by four different attorneys at various points in this litigation. Although the circumstances surrounding the departure of each one are not entirely clear, on March

---

[1] The Court will also deny Plaintiff's Motions to Supplement to add an exhibit in support of the instant Objection and Motion for Reconsideration (Doc. Nos. 151 and 152). The exhibit is nothing more than a copy of the transcript of the March 11, 2014 hearing before the Magistrate Judge. This transcript has already been filed in the record at Doc. No. 110; thus, there is no good cause to "supplement" the record with a duplicate copy.

12, 2014, the Magistrate Judge entered an Order allowing Plaintiff's most recent attorney, Augustas Sol Invictus, to withdraw. The Magistrate Judge held a hearing in which he questioned Mr. Invictus as to the basis for his Motion to Withdraw. Mr. Invictus stated that there were "professional considerations" that created a "conflict" between Plaintiff and himself. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 132:13-21.) The Magistrate Judge informed Plaintiff that she would have to proceed *pro se*, and would not stay the case to allow Plaintiff to seek out new counsel. Since that Order, no new attorney has filed a notice of appearance on behalf of Plaintiff. Against this backdrop, and in view of the rapidly approaching trial date, the undersigned entered an Order dismissing and terminating JYM, LLC as a plaintiff. (Doc. No. 105.) Local Rule 2.03(e), which provides that a corporation may appear and be heard only through counsel admitted to practice before the Middle District of Florida, mandated such dismissal. In the instant Objection and Motion, Plaintiff protests dismissal of her counsel and the resulting dismissal and termination of JYM, LLC as a party.

## II. LEGAL STANDARDS & ANALYSIS

### A. Objection to Order Permitting Withdrawal

Rule 72 permits a magistrate judge to issue orders deciding nondispositive pretrial matters. Fed. R. Civ. P. 72(a). District judges, upon a timely objection to such an order, must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider any non-dispositive pretrial matter determined by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Clear error is a highly deferential standard of review" that is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d

1325, 1350 (11th Cir. 2005) (citations and quotation marks omitted). A magistrate judge's order is contrary to law only "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citations and quotation marks omitted). District courts also have "broad discretion in reviewing a magistrate judge's" orders and may decline to consider an "argument that was not presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Permissive attorney withdrawal is a matter of discretion for the court. *Obermaier v. Driscoll*, No. 2:00-cv-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000) (citation omitted).

Mr. Invictus did not appear in this case until February 14, 2014. (*See* Doc. No. 90.) By March 10, 2014, he had already filed a Motion to withdraw. (Doc. No. 102.) According to Plaintiff, Mr. Invictus informed her of his intent to withdraw on February 28, 2014. (Doc. No. 114 at p. 2.) Thus, Mr. Invictus willingly represented Plaintiff for exactly two weeks. There is also evidence that Plaintiff sought to represent herself *pro se* before retaining Mr. Invictus, and desired an attorney only as a fig leaf to cover JYM, LLC and allow it to remain a party. (*See* Doc. No. 82 ("Jeannette Martello requests that the Court remove Mr. Justin Sobodash as counsel for both plaintiff Jeannette Martello, the individual, and plaintiff JYM, LLC. Plaintiff, Jeannette Martello would like to represent herself in pro se and maintain local counsel, Mr. Rick Sierra as the attorney for plaintiff JYM, LLC."), *stricken by* Doc. No. 86.) Based on this evidence, and the scant likelihood that prejudice to Plaintiff could have accumulated in the 26 days that Mr. Invictus represented her, the decision of the Magistrate Judge to permit Mr. Invictus to withdraw was neither clear error nor an abuse of discretion.

**B. Motion for Reconsideration**

The Court recognizes three grounds warranting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citation omitted). The moving party must meet a very high standard, presenting "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citation and quotation marks omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* Finally, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Id.* (citation and quotation marks omitted).

Plaintiff has failed to identify any change in controlling law, new evidence, or clear error or manifest injustice that would justify reconsideration. Local Rule 2.03(e) effectively demands that an unrepresented corporate party be dismissed. Plaintiff gave no assurances that she would be able to obtain representation for the corporate party following the dismissal of Mr. Invictus, and her failure to do so in the eleven weeks since the March 11 hearing demonstrates the propriety of the Court's Order of dismissal.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Jeannette Martello's Objection to the Magistrate Judge's Order permitting her attorney to withdraw (Doc. No. 114), filed March 28, 2014, is **OVERRULED**. The Magistrate Judge's March 12 Order (Doc. No. 104) is **AFFIRMED**.

2. Plaintiff's Motion for Reconsideration of the undersigned's Order dismissing JYM, LLC as a party to this action (Doc. No. 115), filed March 28, 2014, is **DENIED**.

3. Plaintiff's Motions to Supplement (Doc. Nos. 151 and 152), filed May 5, 2014, are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 29, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
drmartello@gmail.com