# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEANNETTE MARTELLO,

      Plaintiff,

v.                                          Case No:   6:12-cv-1304-Orl-22GJK

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

      Defendants.

## ORDER

This cause comes before the Court on two Motions filed by Plaintiff Jeannette Martello ("Plaintiff"): (1) Plaintiff's Objection (Doc. No. 130) to the Magistrate Judge's March 18 Order (Doc. No. 109) pertaining to the Third Motion to Compel (Doc. No. 69) filed by Defendants Product Quest Manufacturing and John T. Regan ("Defendants"), and (2) Plaintiff's Motion for Protective Order (Doc. No. 133). Both Motions pertain to Plaintiff's steadfast refusal to produce her tax returns in this case. Defendants filed Memoranda in Opposition to both Motions (Doc. Nos. 139 and 145, respectively). For the following reasons, the Court will deny both Motions.

### I. BACKGROUND

On January 20, 2014, Defendants filed their Third Motion to Compel, which sought complete copies of Plaintiff's federal and state tax returns for the years 2007-2012. (Doc. No. 69.) Plaintiff filed no response to that Motion. On March 11, 2014, the Magistrate Judge held a hearing on, among other subjects, Defendant's Third Motion to Compel. During the hearing, Magistrate Judge Kelly noted the absence of any opposition by Plaintiff; determined that, in any event, "an

objection on the basis of privilege" was inappropriate because tax returns are documents filed with governmental entities, not confidential communications; and found that the tax returns were "reasonably calculated to lead to the discovery of admissible evidence." (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 104:22-105:13.) The record contains no objections to those conclusions. Subsequent to the hearing, Magistrate Judge Kelly ordered Plaintiff to "produce to Defendants all documents responsive to Request Nos. 1-2," i.e., her tax returns, on or before Friday, March 28, 2014. (Doc. No. 109.) Plaintiff failed to comply with that deadline; instead, she filed an Objection to that Order on April 4 (Doc. No. 130) and the Motion for Protective Order on April 11 (Doc. No. 133).

## II. LEGAL STANDARDS & ANALYSIS

**A. Plaintiff's Objection to Magistrate Judge Kelly's Order**

Rule 72 permits a magistrate judge to issue orders deciding nondispositive pretrial matters. Fed. R. Civ. P. 72(a). District judges, upon a timely objection to such an order, must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider any non-dispositive pretrial matter determined by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Clear error is a highly deferential standard of review" that is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citations and quotation marks omitted). A magistrate judge's order is contrary to law only "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citations and quotation marks omitted). District courts also have "broad discretion in reviewing a magistrate

judge's" orders and may decline to consider an "argument that was not presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

In this case, Plaintiff failed to present any opposition to Defendants' Third Motion to Compel. Even assuming Plaintiff had raised the arguments in her Objection when the matter was before the Magistrate Judge, he did not err, clearly or otherwise, in ordering Plaintiff to produce her tax returns. Plaintiff presents no argument as to why her tax returns are confidential communications that should be privileged, and the returns are clearly relevant as to damages (i.e., whether Plaintiff previously derived income from her name and likeness) and reliance (i.e., relying on the allegedly deficient financial disclosures for the purpose of obtaining tax benefits). Plaintiff's Objection will be overruled and the Magistrate Judge's Order upheld.

**B. Plaintiff's Motion for Protective Order**

Plaintiff's Motion for Protective Order is woefully untimely, having been filed more than four months after Defendants first requested her tax returns, nearly three months after Defendants filed their Third Motion to Compel, more than three weeks after Magistrate Judge Kelly ordered her to produce the returns, and less than three months from the beginning of the trial term for this matter. Even if the Motion were timely, the Court has already determined that the tax returns are relevant and not privileged by virtue of overruling Plaintiff's Objection to the Magistrate Judge's Order on Defendants' Third Motion to Compel.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Jeannette Martello's Objection to the Magistrate Judge's March 18 Order (Doc. No. 130), filed April 4, 2014, is **OVERRULED**. The Magistrate Judge's Order (Doc. No. 109) is **AFFIRMED**.

2. The reference of Plaintiff's Motion for Protective Order (Doc. No. 133) to the Magistrate Judge is **WITHDRAWN**.

3. Plaintiff's Motion for Protective Order (Doc. No. 133), filed April 11, 2014, is **DENIED**.

4. On or before 5 p.m. EDT on **Wednesday, June 4, 2014**, Plaintiff **shall produce** the tax return documents identified in the Magistrate Judge's Order of March 18, 2014 (Doc. No. 109).

5. Failure to produce those documents by 5 p.m. on June 4, 2014 will immediately result in the imposition of **SANCTIONS** against Plaintiff which may result in the dismissal of this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 29, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
drmartello@gmail.com