# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEANNETTE MARTELLO,

      Plaintiff,

v.                                       Case No:   6:12-cv-1304-Orl-22GJK

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

      Defendants.

## ORDER

This cause comes before the Court *sua sponte* in light of Defendants Product Quest Manufacturing and John T. Regan's ("Defendants") Notice of Plaintiff Jeannette Martello's ("Plaintiff") Failure to Comply with Court Orders (Doc. No. 176). Defendants' Notice states that Plaintiff failed to produce her tax returns before the Court-imposed deadline of 5 p.m. EDT on June 4, 2014. Plaintiff's failure to comply with this deadline is the culmination of several months of abusive discovery practices, vexatious tactics, and brazen disregard of Court orders. The Court has considered lesser sanctions, such as striking Plaintiff's expert report or treating certain facts as admitted, but the level of misconduct present here threatens not only Defendants' ability to litigate this case, but the integrity of the Court and its Orders. Accordingly, for the reasons stated herein, the Court will dismiss this action as a sanction for Plaintiff's serious and continuing refusal to obey Court orders.

## I. BACKGROUND

The discovery problems that have plagued this case began long ago. On October 28, 2013, Defendants filed a Motion to exclude the testimony and opinions of Plaintiff's expert witness based on Plaintiff's and her then-counsel's failure to cooperate in document production and scheduling depositions. (*See* Doc. No. 38.) Magistrate Judge Zoss[1] denied that Motion, but nevertheless found that Plaintiffs' written expert report "did not comply with the requirements of Rule 26." (Doc. No. 51.) Defendants then filed two Motions to Compel. (Doc. Nos. 50 and 54.) Magistrate Judge Zoss held a hearing on these Motions, and his subsequent Order admonished Plaintiff to "serve responses and produce all responsive documents to Defendants' requests for production." (Doc. No. 56.) Failure to do so, warned Magistrate Judge Zoss, would "result in sanctions, which may include dismissal of the case for failure to prosecute." (*Id.*) Magistrate Judge Zoss abated a ruling on the first two Motions to Compel. (*Id.*)

The parties' continued failure to conduct discovery in an orderly fashion necessitated a second hearing on January 10, 2014. Following that hearing, Magistrate Judge Zoss entered another Order directing Plaintiff and her then-counsel to comply with their discovery obligations; once again, that Order clearly informed Plaintiff that if she or her then-counsel failed "to fully comply with this order, sanctions will be imposed." (Doc. No. 66.) On January 20, Defendants filed their third Motion to Compel, which sought Plaintiff's tax returns for the time period relevant to this litigation. (Doc. No. 69.) Plaintiff did not file a response of any kind to this Motion. A few days later, Defendants filed a Motion for sanctions and an alternative Motion to Compel, (Doc. No. 81); Plaintiff failed to respond to this Motion, too. By this time, Plaintiff had apparently fired

---

[1] Magistrate Judge Zoss assisted the Court during a time period when Magistrate Judge Kelly, the regularly assigned magistrate judge, was temporarily unavailable.

her attorney, Justin Sobodash, and filed a Motion to substitute her local counsel to represent the former LLC plaintiff while she represented herself in *pro se*. (Doc. No. 82.) Magistrate Judge Kelly determined that these Motions, as well as the ongoing discovery issues, required a third hearing. Between scheduling that hearing on February 13 and holding it on March 11, a new lawyer, Augustus Sol Invictus, attempted to substitute as counsel for Plaintiff and JYM, LLC, but subsequently moved to withdraw his representation. (*See* Doc. Nos. 92, 102.)

During the March 11 hearing, Mr. Invictus stated that there were "professional considerations" that created a "conflict" between Plaintiff and himself. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 132:13-21.) The Magistrate Judge allowed Mr. Invictus to withdraw, informed Plaintiff that she would have to proceed in *pro se*,[2] and notified Plaintiff that the Court would not stay the case to give her more time to seek out new counsel. Magistrate Judge Kelly also addressed the Third Motion to Compel at the March 11 hearing. After noting the absence of any opposition by Plaintiff, he determined that "an objection on the basis of privilege" was inappropriate because tax returns are documents filed with governmental entities, not confidential communications, and found that the tax returns were "reasonably calculated to lead to the discovery of admissible evidence." (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 104:22-105:13.) The record contains no objections to those conclusions. Subsequent to the hearing, Magistrate Judge Kelly ordered Plaintiff to "produce to Defendants all documents responsive to Request Nos. 1-2," i.e., her tax returns, on or before Friday, March 28, 2014. (Doc. No. 109.) Magistrate Judge Kelly also

---

[2] After the hearing, Magistrate Judge Kelly entered an Order informing Plaintiff of her obligations as a *pro se* Plaintiff. (*See* Doc. No. 108.) During the hearing, Plaintiff informed Magistrate Judge Kelly that she had earned a law degree from Boalt Hall at the University of California, Berkeley, but was not an attorney because she failed the California bar examination twice and the New York examination once. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 137:20-138:14.)

sanctioned Plaintiff and her former counsel by permitting Defendants to recover their reasonable expenses incurred in bringing the Third Motion to Compel. (*Id.*)

Plaintiff failed to comply with the March 28 deadline to produce her tax returns; instead, she filed an Objection to the Magistrate Judge's Order on April 4 (Doc. No. 130) and a frivolous Motion for Protective Order on April 11 (Doc. No. 133). The Court overruled Plaintiff's Objection and denied the Motion for Protective Order on May 30, 2014. (Doc. No. 167.) Even though Plaintiff had defied the clear Order of the Magistrate Judge for more than a month, the Court gave Plaintiff five more days to produce her tax returns or face the immediate imposition of sanctions. (*Id.*) Inexplicably, Plaintiff tried yet again to escape the Court's Order by filing an "Emergency Motion to Stay," (Doc. No. 168), and an interlocutory appeal to the Eleventh Circuit (Doc. No. 170). This Court denied the Motion to Stay, reminded Plaintiff that she remained obligated to produce her tax returns by 5 p.m. EDT on June 4, 2014, and once again advised her that "sanctions up to and including dismissal of this case" would be imposed if she failed to comply. (Doc. No. 171.) In a *per curiam* opinion issued on June 4, a panel of the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. No. 174.) In a last-gasp effort to avoid producing her returns, Plaintiff filed yet another Emergency Motion to Stay—which appeared to be a near-facsimile of her appellate brief—with respect to the Orders directing Plaintiff to produce her returns. (Doc. No. 175.) In view of the duplicative and frivolous nature of this Motion, and the Eleventh Circuit's dismissal of her appeal, the Court denied this Motion, too. (Doc. No. 177.) Shortly after the 5 p.m. deadline on June 4th, Defendants notified the Court of Plaintiff's failure to produce her tax returns. (Doc. No. 176.)

## II. LEGAL STANDARDS & ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) vests this Court with the authority to sanction a party that "fails to obey an order to provide or permit discovery." Any "evasive or incomplete disclosure" is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). If the Court determines that a party has failed to obey an order to provide or permit discovery, it has broad discretion to fashion an appropriate remedy. *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997). Rule 37(b)(2)(A), Federal Rules of Civil Procedure, provides some, but not all, of the sanctions that are available:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Thus, the Court may, if appropriate, dismiss the action or prohibit Plaintiff from introducing a designated matter into evidence. *Id*.

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). Before dismissing an action as a sanction for violating a

discovery order, the Court must consider less drastic remedies. *Men v. Marriot Int'l, Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007) (per curiam).

The facts outlined in Part I of this Order demonstrate a pattern of dilatory and duplicitous litigation tactics as well as blatant disobedience of Court orders. Plaintiff's ongoing failure to comply with the Court's orders is intentional and done in bad faith. She has ignored the imposition of one round of sanctions, and multiple threats of further sanctions, stemming from her refusal to produce her tax returns. All the while, Plaintiff knew that this case was advancing inexorably toward a July trial date. The Court gave Plaintiff as many chances to rectify the discovery violations as possible, but her intentional and ongoing refusal to do so leaves the Court with no choice but to impose the ultimate sanction and dismiss this case. No other sanction would adequately address Plaintiff's bad faith or protect the integrity of the Court and its Orders.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Jeannette Martello's Complaint (Doc. No. 1) is **DISMISSED**.

2. All pending Motions are **DENIED as moot**.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 6, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties