# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Sheryl L. Loesch                                      Sara Boswell
Clerk                                        Orlando Division Manager

**DATE:**        June 11, 2014

**TO:**          Clerk, U.S. Court of Appeals for the Eleventh Circuit

## JEANNETTE MARTELLO,

                 Plaintiff,

v.                                  Case No:  6:12-cv-1304-Orl-22GJK

## PRODUCT QUEST MANUFACTURING, LLC,
## JOHN T. REGAN and PRODUCT QUEST
## MANUFACTURING, INC.,

                 Defendants.

**U.S.C.A. Case No.:**        **not assigned yet**

- Honorable Anne C. Conway, Chief United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.

SHERYL L. LOESCH, CLERK

By:     s/R. Olsen, Deputy Clerk

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JEANNETTE MARTELLO,
individually, *In Pro Se*


                    Plaintiff,

v.

PRODUCT QUEST                          Case No. 6:12-cv-1304-Orl-22GJK
MANUFACTURING, LLC, a Florida
limited liability company; JOHN T.
REGAN, individually; and
PRODUCT QUEST
MANUFACTURING, INC.,

                    Defendants.

---

## PLAINTIFF'S NOTICE OF APPEAL


Plaintiff *In Pro Se* hereby submits a Notice of Appeal of The Honorable

Judge Anne C. Conway's Order that appears as Document 178. The Order is

attached as an **Exhibit 1.** This Order was entered on June 6, 2014, one day after a

Motion for Reconsideration was filed with The United States Court of Appeals for

the Eleventh Circuit on June 5, 2014. Stamped, received front pages of the copies

filed appear as **Exhibit 2.** Plaintiff *In Pro Se* appeals The District Court's Order of

dismissing Plaintiff Jeannette Martello's Complaint and denying all pending motions as moot.

Respectfully, The Court record does not support The Court's conclusions that "[P]laintiff's failure to comply with this deadline is the culmination of several months of abusive discovery practices, vexatious tactics, and brazen disregard of Court orders."

Rather, Plaintiff's Motion to Compel, Plaintiff's Declaration and several other papers filed with The District Court document the fraud perpetrated upon The Court by Defendants and their attorneys and "abusive discovery practices, vexatious tactics, and brazen disregard of Court orders". Plaintiff's allegations were filed with The Court, replete with documentary evidence and exhibits. Apparent gender or race bias or some other type of bias has prompted The District Court to ignore Plaintiff's allegations.

In fact, one of the last papers filed by Plaintiff on May 30, 2014 (Doc. 169) was Plaintiff's Motion for Order to Show Cause Why Defendants Should not be Held in Contempt of Court. In this Motion, Plaintiff informed the Court that Defendants conducted Plaintiff's continued deposition after they were specifically ordered not to do so. Asking for a default judgment as the ultimate sanction, Plaintiff listed a litany of no less than eleven "abusive discovery practices, vexatious tactics, and brazen disregard of Court orders" in her Motion which is

attached as **Exhibit 3 (please note pages 17 and 18 of Exhibit 3).**

Plaintiff respectfully requests that The United States Court of Appeals for the Eleventh Circuit review this Final Order of The District Court which was handed down on June 6, 2014, one day after a Motion for Reconsideration was filed with This Honorable Court.

Respectfully submitted,

*Jeannette Martello*

Jeannette Martello, Appellant, *In Pro Se*

## CERTIFICATE OF SERVICE

### Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK

I hereby certify that the **Plaintiff's Notice of Appeal** will be hand delivered to Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at Gray Robinson, 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Appellant, *In Pro Se*

P.O. Box 914

South Pasadena, CA  91031

drmartello@gmail.com

(626) 993-8501

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEANNETTE MARTELLO,

        **Plaintiff,**

v.

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

        **Defendants.**

        Case No:   6:12-cv-1304-Orl-22GJK

---

## ORDER

This cause comes before the Court *sua sponte* in light of Defendants Product Quest Manufacturing and John T. Regan's ("Defendants") Notice of Plaintiff Jeannette Martello's ("Plaintiff") Failure to Comply with Court Orders (Doc. No. 176). Defendants' Notice states that Plaintiff failed to produce her tax returns before the Court-imposed deadline of 5 p.m. EDT on June 4, 2014. Plaintiff's failure to comply with this deadline is the culmination of several months of abusive discovery practices, vexatious tactics, and brazen disregard of Court orders. The Court has considered lesser sanctions, such as striking Plaintiff's expert report or treating certain facts as admitted, but the level of misconduct present here threatens not only Defendants' ability to litigate this case, but the integrity of the Court and its Orders. Accordingly, for the reasons stated herein, the Court will dismiss this action as a sanction for Plaintiff's serious and continuing refusal to obey Court orders.

## I. BACKGROUND

The discovery problems that have plagued this case began long ago. On October 28, 2013, Defendants filed a Motion to exclude the testimony and opinions of Plaintiff's expert witness based on Plaintiff's and her then-counsel's failure to cooperate in document production and scheduling depositions. (*See* Doc. No. 38.) Magistrate Judge Zoss[1] denied that Motion, but nevertheless found that Plaintiffs' written expert report "did not comply with the requirements of Rule 26." (Doc. No. 51.) Defendants then filed two Motions to Compel. (Doc. Nos. 50 and 54.) Magistrate Judge Zoss held a hearing on these Motions, and his subsequent Order admonished Plaintiff to "serve responses and produce all responsive documents to Defendants' requests for production." (Doc. No. 56.) Failure to do so, warned Magistrate Judge Zoss, would "result in sanctions, which may include dismissal of the case for failure to prosecute." (*Id.*) Magistrate Judge Zoss abated a ruling on the first two Motions to Compel. (*Id.*)

The parties' continued failure to conduct discovery in an orderly fashion necessitated a second hearing on January 10, 2014. Following that hearing, Magistrate Judge Zoss entered another Order directing Plaintiff and her then-counsel to comply with their discovery obligations; once again, that Order clearly informed Plaintiff that if she or her then-counsel failed "to fully comply with this order, sanctions will be imposed." (Doc. No. 66.) On January 20, Defendants filed their third Motion to Compel, which sought Plaintiff's tax returns for the time period relevant to this litigation. (Doc. No. 69.) Plaintiff did not file a response of any kind to this Motion. A few days later, Defendants filed a Motion for sanctions and an alternative Motion to Compel, (Doc. No. 81); Plaintiff failed to respond to this Motion, too. By this time, Plaintiff had apparently fired

---

[1] Magistrate Judge Zoss assisted the Court during a time period when Magistrate Judge Kelly, the regularly assigned magistrate judge, was temporarily unavailable.

her attorney, Justin Sobodash, and filed a Motion to substitute her local counsel to represent the former LLC plaintiff while she represented herself in *pro se*. (Doc. No. 82.) Magistrate Judge Kelly determined that these Motions, as well as the ongoing discovery issues, required a third hearing. Between scheduling that hearing on February 13 and holding it on March 11, a new lawyer, Augustus Sol Invictus, attempted to substitute as counsel for Plaintiff and JYM, LLC, but subsequently moved to withdraw his representation. (*See* Doc. Nos. 92, 102.)

During the March 11 hearing, Mr. Invictus stated that there were "professional considerations" that created a "conflict" between Plaintiff and himself. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 132:13-21.) The Magistrate Judge allowed Mr. Invictus to withdraw, informed Plaintiff that she would have to proceed in *pro se*,[2] and notified Plaintiff that the Court would not stay the case to give her more time to seek out new counsel. Magistrate Judge Kelly also addressed the Third Motion to Compel at the March 11 hearing. After noting the absence of any opposition by Plaintiff, he determined that "an objection on the basis of privilege" was inappropriate because tax returns are documents filed with governmental entities, not confidential communications, and found that the tax returns were "reasonably calculated to lead to the discovery of admissible evidence." (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 104:22-105:13.) The record contains no objections to those conclusions. Subsequent to the hearing, Magistrate Judge Kelly ordered Plaintiff to "produce to Defendants all documents responsive to Request Nos. 1-2," i.e., her tax returns, on or before Friday, March 28, 2014. (Doc. No. 109.) Magistrate Judge Kelly also

---

[2] After the hearing, Magistrate Judge Kelly entered an Order informing Plaintiff of her obligations as a *pro se* Plaintiff. (*See* Doc. No. 108.) During the hearing, Plaintiff informed Magistrate Judge Kelly that she had earned a law degree from Boalt Hall at the University of California, Berkeley, but was not an attorney because she failed the California bar examination twice and the New York examination once. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 137:20-138:14.)

sanctioned Plaintiff and her former counsel by permitting Defendants to recover their reasonable expenses incurred in bringing the Third Motion to Compel. (*Id.*)

Plaintiff failed to comply with the March 28 deadline to produce her tax returns; instead, she filed an Objection to the Magistrate Judge's Order on April 4 (Doc. No. 130) and a frivolous Motion for Protective Order on April 11 (Doc. No. 133). The Court overruled Plaintiff's Objection and denied the Motion for Protective Order on May 30, 2014. (Doc. No. 167.) Even though Plaintiff had defied the clear Order of the Magistrate Judge for more than a month, the Court gave Plaintiff five more days to produce her tax returns or face the immediate imposition of sanctions. (*Id.*) Inexplicably, Plaintiff tried yet again to escape the Court's Order by filing an "Emergency Motion to Stay," (Doc. No. 168), and an interlocutory appeal to the Eleventh Circuit (Doc. No. 170). This Court denied the Motion to Stay, reminded Plaintiff that she remained obligated to produce her tax returns by 5 p.m. EDT on June 4, 2014, and once again advised her that "sanctions up to and including dismissal of this case" would be imposed if she failed to comply. (Doc. No. 171.) In a *per curiam* opinion issued on June 4, a panel of the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. No. 174.) In a last-gasp effort to avoid producing her returns, Plaintiff filed yet another Emergency Motion to Stay—which appeared to be a near-facsimile of her appellate brief—with respect to the Orders directing Plaintiff to produce her returns. (Doc. No. 175.) In view of the duplicative and frivolous nature of this Motion, and the Eleventh Circuit's dismissal of her appeal, the Court denied this Motion, too. (Doc. No. 177.) Shortly after the 5 p.m. deadline on June 4th, Defendants notified the Court of Plaintiff's failure to produce her tax returns. (Doc. No. 176.)

## II. LEGAL STANDARDS & ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) vests this Court with the authority to sanction a party that "fails to obey an order to provide or permit discovery." Any "evasive or incomplete disclosure" is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). If the Court determines that a party has failed to obey an order to provide or permit discovery, it has broad discretion to fashion an appropriate remedy. *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997). Rule 37(b)(2)(A), Federal Rules of Civil Procedure, provides some, but not all, of the sanctions that are available:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Thus, the Court may, if appropriate, dismiss the action or prohibit Plaintiff from introducing a designated matter into evidence. *Id.*

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). Before dismissing an action as a sanction for violating a

discovery order, the Court must consider less drastic remedies. *Men v. Marriot Int'l, Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007) (per curiam).

The facts outlined in Part I of this Order demonstrate a pattern of dilatory and duplicitous litigation tactics as well as blatant disobedience of Court orders. Plaintiff's ongoing failure to comply with the Court's orders is intentional and done in bad faith. She has ignored the imposition of one round of sanctions, and multiple threats of further sanctions, stemming from her refusal to produce her tax returns. All the while, Plaintiff knew that this case was advancing inexorably toward a July trial date. The Court gave Plaintiff as many chances to rectify the discovery violations as possible, but her intentional and ongoing refusal to do so leaves the Court with no choice but to impose the ultimate sanction and dismiss this case. No other sanction would adequately address Plaintiff's bad faith or protect the integrity of the Court and its Orders.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      Plaintiff Jeannette Martello's Complaint (Doc. No. 1) is **DISMISSED**.

2.      All pending Motions are **DENIED as moot**.

3.      The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 6, 2014.

ANNE C. CONWAY
United States District Judge

- 6 -

Copies furnished to:

Counsel of Record
Unrepresented Parties

# EXHIBIT 2

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUN 05 2014
ATLANTA, GA.

| | | |
|---|---|---|
| JEANNETTE MARTELLO, | ) | |
| Plaintiff—Movant, *In Pro Se* | ) | No. 14-12410-A |
| | ) | |
| v. | ) | D.C. No. 6:12-cv-1304-Orl- |
| | ) | ACC-GJK |
| PRODUCT QUEST et al | ) | (M.D. Fla.) |
| Defendants—Respondents | ) | |
| | ) | |
| | ) | |

MOTION FOR RECONSIDERATION OF DISMISSAL OF APPEAL

AND REQUEST FOR IMMEDIATE STAY OF DISTRICT COURT

CASE 6:12-cv-1304-Orl-ACC-GJK

IMMEDIATE STAY DECISION REQUESTED

BECAUSE TRIAL TERM BEGINS JULY 1, 2014

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

JUN 0 5 2014

ATLANTA, GA.

| | |
|---|---|
| JEANNETTE MARTELLO, | ) |
| Plaintiff—Appellant/Movant, *In Pro Se* | ) No. 14-12410-A |
| | ) |
| v. | ) D.C. No. 6:12-cv-1304-Orl- |
| | ) ACC-GJK |
| PRODUCT QUEST et al | ) (M.D. Fla.) |
| Defendants—Respondents | ) |
| | ) |

## MOTION FOR RECONSIDERATION OF DISMISSAL OF APPEAL

## AND REQUEST FOR IMMEDIATE STAY OF

## DISTRICT COURT CASE 6:12-cv-1304-Orl-ACC-GJK

This Motion for Reconsideration is respectfully being submitted in

accordance with The United States Court of Appeals for the Eleventh Circuit Rule

27-2. Plaintiff *In Pro Se* incorporates by reference the Emergency Motion for Stay

Pending Appeal and Immediate Stay Pending Resolution of This Motion that was

Rev. 2/11

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CIVIL APPEAL STATEMENT

U.S. COURT OF APPEALS
RECEIVED
CLERK

JUN 0 5 2014

ATLANTA, GA.

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: _____ **14-12410-A**

| Caption: | |
|---|---|
| Jeannette Martello vs. Product Quest et al | District and Division:   Middle District of Florida |
| | Name of Judge:   Judge Anne C. Conway |
| | Nature of Suit:   breach/contract, TM infring/ |
| | Date Complaint Filed:   8/24/2012 |
| | District Court Docket Number:   6:12-cv-01304 |
| | Date Notice of Appeal Filed:   5/30/2014 |
| | ☐ Cross Appeal   ☐ Class Action |
| | Has this matter previously been before this court? |
| | ☒Yes  ☐No |
| | If Yes, provide |
| | (a)   Caption:   Martello vs. Product Quest et al |
| | (b)   Citation:   6:12-cv-01304 |
| | (c)   Docket Number:   14-12410-A |

| | Attorney Name | Mailing Address | Telephone, Fax, and Email |
|---|---|---|---|
| For Appellant:<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Jeannette Martello, In Pro Se | 501 Floral Park Terrace<br>South Pasadena, CA  91030 | 626-993-8501<br>fax (855) 775-4833<br>drmartello@gmail.com |
| For Appellee:<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | Rick Mitchell and Robert<br>Norway, Gray Robinson PA | 301 E. Pine Street, Suite<br>1400, Orlando, FL<br>32802-3068 | 407-843-8880<br>fax (407) 244-5690<br>robert.norway@gray-<br>robinson.com and<br>rick.mitchell@gray-robinson.<br>com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☒ Federal Question | ☐ Final Judgment,<br>28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$_____ |
| ☒ Diversity | | ☐ Default Judgment | |
| ☒ US Plaintiff | ☒ Interlocutory Order,<br>28 USC 1292(a)(1) | ☐ Summary Judgment | Amount Sought by Defendant:<br>$_____ |
| ☒ US Defendant | ☐ Interlocutory Order Certified,<br>28 USC 1292(b) | ☐ Judgment/Bench Trial | Awarded:<br>$_____ |
| | ☐ Interlocutory Order,<br>Qualified Immunity | ☐ Judgment/Jury Verdict | to _____ |
| | | ☐ Judgment/Directed Verdict/NOV | Injunction:<br>☐ TRO |
| | ☐ Final Agency Action (Review) | ☐ Injunction | ☐ Preliminary   ☐ Granted<br>☐ Permanent    ☐ Denied |
| | ☐ 54(b) | ☒ Other ____ collateral order | |

Page 2                                          11th Circuit Docket Number: _____

Based on your present knowledge:

(1)  Does this appeal involve a question of First Impression?   ☒Yes   ☐No
     What is the issue you claim is one of First Impression?   right to privacy and right to counsel as collateral orders

(2)  Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☐Yes   ☒No

     If Yes, provide
     (a)  Case Name/Statute
     (b)  Citation
     (c)  Docket Number if unreported

(3)  Is there any case now pending or about to be brought before this court or any other court or administrative agency that
     (a)  Arises from substantially the same case or controversy as this appeal?   ☐Yes   ☒No
     (b)  Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐Yes   ☒No

     If Yes, provide
     (a)  Case Name
     (b)  Citation
     (c)  Docket Number if unreported
     (d)  Court or Agency

(4)  Will this appeal involve a conflict of law
     (a)  Within the Eleventh Circuit?   ☐Yes   ☒No
     (b)  Among circuits?   ☐Yes   ☒No

     If Yes, explain briefly:

(5)  Issues proposed to be raised on appeal, including jurisdictional challenges:

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS ____5th____ DAY OF _____June_____, ___2014___.

_____Jeannette Martello_____        _Jeannette Martello_
NAME OF COUNSEL (Print)                     SIGNATURE OF COUNSEL

*Please ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b):  (a) judgments and orders appealed
from or sought to be reviewed; (b) any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board,
commission, or officer; (c) any report and recommendation adopted by an order; (d) findings and conclusions of an administrative law judge
when appealing a court order reviewing an agency determination; (e) any agency docket sheet or record index.*



**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

CLERK

JUN 05 2014

**CERTIFICATE OF SERVICE**

_Jeannette Martello_ v. _Product Quest Manufacturing, et al_  Appeal No. _14-12410-A_

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. You may use this form to fulfill this requirement. _Please type or print legibly._

I hereby certify that on (date), _June 5, 2014_

a true and correct copy of the foregoing (title of filing) MOTION FOR RECONSIDERATION OF DISMISSAL OF APPEAL AND REQUEST FOR IMMEDIATE STAY OF DISTRICT COURT CASE 6:12-cv-1304-Orl-ACC-GJK

via electronic service vial e-mail **and**

with first class postage prepaid, has been (check one)
x. deposited in the U.S. Mail

and properly addressed to the persons whose names and addresses are listed below:

Augustus Sol Invictus, Imperium, P.A. , 390 N. Orange Ave., Orlando, FL 32801, ainvictuslaw@gmail.com

Richard Mitchell and Robert Norway, GrayRobinson, PA, 301 E. Pine St., Suite 1400, P.O. Box 3068, Orlando, FL 32802-3068, mitchell@gray-robinson.com and Robert.norway@gray-robinson.com

Justin Sobodash, The Law Office of Justin Sobodash, 8335 West Sunset Blvd., West Hollywood, CA 90069 Justin@sobodashlaw.com

_Richard  Benito_
Your Name (please print)

Your Signature

_Please complete and attach this form to the original document and to any copies you are filing with the court, and to all copies you are serving on other parties to the appeal._

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF SERVICE**

_Jeannette Martello_ vs. _Product Quest Manufacturing, et al_   Appeal No. _14-12410-A_

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** _Please type or print legibly._

I hereby certify that on (date), _June 5, 2014_

a true and correct copy of the foregoing (title of filing) MOTION FOR RECONSIDERATION OF DISMISSAL OF APPEAL AND REQUEST FOR IMMEDIATE STAY OF DISTRICT COURT CASE 6:12-cv-1304-Orl-ACC-GJK

via electronic service vial e-mail **and**

with first class postage prepaid, has been (check one)
_x_ deposited in the U.S. Mail

and properly addressed to the persons whose names and addresses are listed below:

Augustus Sol Invictus, Imperium, P.A. , 390 N. Orange Ave., Orlando, FL 32801, ainvictuslaw@gmail.com

Richard Mitchell and Robert Norway, GrayRobinson, PA, 301 E. Pine St., Suite 1400, P.O. Box 3068, Orlando, FL 32802-3068, rmitchell@gray-robinson.com and Robert.norway@gray-robinson.com

Justin Sobodash, The Law Office of Justin Sobodash, 8335 West Sunset Blvd., West Hollywood, CA 90069 Justin@sobodashlaw.com

Jeannette Martello
**Your Name (please print)**

**Your Signature**

_Please complete and attach this form to the original document and to any copies you are filing with the court, and to all copies you are serving on other parties to the appeal._

# EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNETTE MARTELLO,
individually, *In Pro Se*

       Plaintiff,

v.

PRODUCT QUEST
MANUFACTURING, LLC, a Florida
limited liability company; JOHN T.
REGAN, individually; and
PRODUCT QUEST
MANUFACTURING, INC.,

       Defendants.

Case No. 6:12-cv-1304-Orl-22GJK

---

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT

## STATEMENT OF FACTS

Defendants filed a Motion to Continue Plaintiff's deposition on January 20,

2014 (Doc 68) **Exhibit 1.** By Order dated January 21, 2014, The Honorable

Magistrate Judge Paul A. Voss denied Defendants' Motion for Enlargement of

Time to File Amended Motions to Compel and for Order Setting the Continued

Deposition of Plaintiff Jeannette Martello (Doc. 73) **Exhibit 2.** Defendants

willfully and deliberately disobeyed The Court's Order not to continue Plaintiff's January 22, 2014 deposition.

Defendants' contumacious conduct occurred outside of the presence of the Court. Therefore, Plaintiff respectfully submits this Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt.

According to the Eleventh Circuit Court of Appeals, if there is "no fact in dispute. A hearing is unnecessary." *Mercer v. Mitchell*, 908 F. 2d 763, 768 (11th Cir. 1990) citing *International Business Machines v. United States*, 493 F.2d 112 119-120 (2d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed. 2d 774 (1974); *New York State National Organization for Women v. Terry*, 732 F. Spp. 388 (S.D.N.Y. 1990) and *Parker Pen Co. v. Greenglass*, 206 F. Supp. 796, 797 (S.D.N.Y. 1962).

No facts are in dispute. The Court Order of January 21, 2014 was clear and precise. Defendants were denied a continuation of "Martello's January 22, 2014 deposition until a date certain, which Defendants request that the court unilaterally set." Page 2 of **Exhibit 2**. Defendants did not conduct Plaintiff's deposition on January 22, 2014. In violation of The Court's Order, Defendants continued Plaintiff's deposition until January 31, 2014.

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 19 of 39 PageID 6723
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 3 of 23 PageID 6398

3

## STATEMENT OF FACTS

Plaintiff, a traveling doctor, who schedules shifts with agencies months in advance was prepared to appear for her January 22, 2014 deposition.  In an email dated December 19, 2013, Defendants' attorney Norway noted, "[W]e will set the continuation of Dr. Martello's deposition on Jan. 22."  A copy of this email confirmation is attached as **Exhibit 3.**

In order to be available for the January 22, 2014, Plaintiff modified her work schedule accordingly and cancelled work shifts that had been offered to her. Plaintiff was working in North Dakota , a state that has such a need for medical coverage that Plaintiff has been flown cross-country in the past to cover a single 12 hour shift.  Accommodating the January 22, 2014 deposition was no small feat. Only two flights per day exist for the trip from North Dakota to Florida and flights out of North Dakota are regularly cancelled due to the ferociously frigid temperatures.  Plaintiff made travel plans December 2013, relying on Defendants representation that her deposition would go forward on January 22,2014.

On January 20, 2014, Defendants filed a Motion to Continue Plaintiff's January 22, 2014.  This Motion was denied by The Honorable Court on January 21, 2014.  Plaintiff had already flown in from North Dakota for the January 22, 2014 deposition.  She was ready and available to be deposed on January 22, 2014

Case 6:12-cv-01304-ACC-GJK Document 178-1 Filed 05/30/14 Page 20 of 30 PageID 6324
Case 6:12-cv-01304-ACC-GJK Document 189 Filed 05/30/14 Page 4 of 23 PageID 6393

4

and she had paid for attorney Sobodash's plane flights for him to be present in Orlando.

Even though everything was set for Plaintiff's January 22, 2014 deposition to proceed as planned and The Honorable Court had denied Defendants' Motion to Continue, Defendants' attorneys refused to conduct her deposition.

After Defendants' Motion for a Continuation of Plaintiff's deposition was denied, the following email correspondence between Defendants' attorneys and Plaintiff's attorney Sobodash ensued. All of the emails are from January 21, 2014 and are attached as **Exhibit 4:**

- Norway wrote to Sobodash in an email at 12:53 p.m. EST: "[W]e have an outstanding request for the continuation of Martello's deposition. Will Plaintiffs' (sic) produce her?"

- Sobodash responded to Norway at 12:57 p.m. EST: "Dr. Martello is appearing for her deposition tomorrow and we will not agree to a continuance."

- Norway answered Sobodash's email at 1:06 p.m. EST: "Yesterday, you agreed that the Jan. 22 deposition will not go forward. It is cancelled, and Defendants expect your and your client's cooperation in re-setting it. *If Plaintiffs refuse to produce Dr. Martello for a continuation of*

Case 6:12-cv-01304-ACC-GJK Document 173-1 Filed 05/30/14 Page 21 of 39 PageID 4625
Case 6:12-cv-01304-ACC-GJK Document 169 Filed 05/30/14 Page 5 of 23 PageID 4400

5

*her deposition, that will be another grounds added to Defendants motion for sanctions."* (emphasis added).

- Sobodash responded to Norway's threat at 1:39 p.m. EST:

  *"The Court's order of today provides that there will be no extension of time. . .* You sought an extension yesterday afternoon. Clearly it was not your understanding that we had granted an extension. *We can and will produce Dr. Martello tomorrow for her noticed deposition.* Plaintiffs reserve all of their rights." *(emphasis added)*

- Defendants' attorney Mitchell responded in an email from 2:09 p.m. EST:

  "Hi Justin, *we never served a notice of deposition for tomorrow* and you agreed to provide us with an alternative date for same. Hence, *please spare us any further protestations about producing your client for an un-noticed deposition."* *(emphasis added)*

- In response, Sobodash wrote to Mitchell at 3:12 p.m. EST:

  "Dr. Martello will appear for her continued deposition tomorrow morning at 10:00 a.m."

- Defendants' attorney Mitchell sent the final email regarding Plaintiff's January 22, 2014 deposition at 3:47 p.m. EST:

Case 6:12-cv-01304-ACC-CJK Document 178-1 Filed 06/30/14 Page 27 of 39 PageID 6726
Case 6:12-cv-01304-ACC-CJK Document 169 Filed 05/30/14 Page 6 of 23 PageID 6401

6

"Hi Justin, you're on notice of our position, objection and lack of
participation."

Plaintiff's January 22, 2014 un-noticed[1] deposition never proceeded even
though she had amended her work schedule and flown in from North Dakota
specifically for the deposition. As a result of Defendants' attorneys' contumacious
conduct, Plaintiff lost wages for an entire 12 hour shift that she could have worked
in North Dakota. Plaintiff was also forced to change attorney Sobodash's flights
yet again.

In direct violation of The Court's Order, Defendants continued her
deposition until the afternoon of January 31, 2014. A copy of the Orange Legal
invoice for her continued deposition is attached as **Exhibit 5** and clearly shows a
job date of 1/31/2014. Although Plaintiff had already sat for 6 hours and 34
minutes during her first deposition on November 26, 2013, Defendants' attorney
Norway deposed Plaintiff for over two and a half hours on January 31, 2014. This
continued deposition violated Federal Rules of Civil Procedure 30(d)(1) which
limits a deposition to "1 day of 7 hours" unless "otherwise stipulated or ordered by
the court."

Furthermore, since Defendants insisted on this continued deposition on the
final day of discovery, Plaintiff was forced to prematurely curtail her inspection of

---

[1] Defendants' attorney Mitchell documented that they failed to provide notice to Plaintiff of the January
22, 2014 deposition which is a violation of Federal Rules of Civil Procedure 30(b).

Case 6:12-cv-01304-ACC-GJK Document 179-1 Filed 06/11/14 Page 23 of 39 PageID 6727
Case 6:12-cv-01304-ACC-GJK Document 169 Filed 05/30/14 Page 7 of 23 PageID 6402

7

the 50 to 60 boxes of vendor files in Holly Hill, Florida to drive down in the rain to

Orlando. This meant that Plaintiff was deprived of at least 5 hours of inspection

time since she was required to report for her deposition in Orlando at 1:30 p.m. on

January 31, 2014. Normally, Plaintiff was allowed to inspect Holly Hill records

until 5 p.m each business day during the final week of discovery.


## MEMORANDUM OF LAW IN SUPPORT OF MOTION

"The judicial contempt power is a potent weapon which should not be used

if the court's order upon which the contempt was founded is vague or ambiguous."

*In re Baum,* 606 F.2d 592, 593 (5th Cir. 1979) quoting *International*

*Longshoreman's Association v. Philadelphia Marine Trade Association,* 389 U.S.

64, 76; *Ford v. Kammerer,* 450 F.2d 279 (3rd Cir. 1971). The Court's order "must

set forth in specific detail an unequivocal command." *In re Baum supra* at 593

quoting *H.K. Porter Co., Inc. v. National Friction Products Corp.,* 568 F.2d 24, 27

(7th Cir. 1977). The Honorable Magistrate Judge Paul A. Voss's order was clear

and concise: Defendants were not to continue Plaintiff's January 22nd deposition.

Contempt is committed when a person "violates an order of a court requiring

in specific and definite language that a person do or refrain from doing an act." *In*

*re Baum* citing *Baumrin v. Cournoyer,* D. Mass. 1978, 448 F.Supp. 225, 227;

*Lichenstein v. Lichenstein,* 3 Cir., 1970, 425 F.2d 1111, 1113. The Court's Order

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 24 of 39 PageID 6728
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 8 of 23 PageID 6403

8

"must set forth in specific detail an unequivocal command." *H.K. Porter Co., Inc. v. National Friction Products Corp.*, 7th Cir. 1977, 568 F.2d 24, 27. The Court's Order of January 21, 2014 which denied Defendants' Motion for a Continuance of Plaintiff's January 22, 2014 could not have been more specific, definite, detailed and unequivocal.

Defendants violated a specific and unequivocal order denying the continuation of Plaintiff's deposition that was scheduled for January 22, 2014. Defendants directly violated The Court's Order of January 21, 2014 denying a continuation of Plaintiff's deposition by 1) not conducting the deposition on January 22, 2014 and 2) by continuing Plaintiff's deposition until January 31, 2014.

An order or a judgment of a court normally must be complied with promptly. *In Grand Jury Proceedings*, 601 F.2d 168, 169 (5th Cir. 1979). The legislative history of Section 636(b)(1)(A) reveals that Congress contemplated that review of a magistrate's ruling by a dissatisfied party "would normally be obtained by motion duly served, noticed and filed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1262, n. 5 (M.D. Fla. 2013). Defendants should have appealed the underlying order rather than disobey it. *Mercer v. Mitchell*, 908 F. 2d 763, fn 8 (11th Cir. 1990) citing *Gompers v. Buck's Stove Range*, 221 U.S. 418, 451, 31 S.Ct. 492, 502, 55 L.Ed. 797 (1911).

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 25 of 39 PageID 6729
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 9 of 23 PageID 6404

9

Instead, Defendants flouted and willfully disobeyed The Court's Order by continuing Plaintiff's January 22nd deposition to January 31, 2014.

## Sanctions Are Warranted

"Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65, 100 S. Ct. 2455, 2463, 65 L.Ed. 2d 488 (1980).

"Disobedience of a court order unequivocally merits punishment save in instances in which compliance would necessarily result in an 'an irrevocable and permanent surrender of a constitutional right.' " *Kleiner v. First National Bank of Atlanta*, 751 F. 2d 1193 (11th Circ. 1985) quoting *In Grand Jury Proceedings* at 169.[2]

The civil contempt power may be used for one of two reasons: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses suffered." *United States v. United Mine Workers*, 330 U.S. 258, 303-304, 67 S. Ct. 677, 701, 91 L.Ed. 884 (1947). The sanctions may not be

---

[2] This is the reason why Plaintiff appealed the ruling that she turn over her tax returns since the United States Supreme Court has ruled that a fundamental right to privacy is implied in the Constitution. Justice William Douglas wrote that a broad right to privacy could be found in the "penumbras" (shadows) of the expressed protections of the Bill of Rights. *Griswold v. Connecticut*, 381 U.S. 479,85 S. Ct. 1678,14 L. Ed. 2d 510,1965 U.S.

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 26 of 39 PageID 6730
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 10 of 23 PageID 6405

10

any greater or more onerous than is necessary to ensure compliance. *Mercer supra* at 768. Since Defendants failed to comply with The Court's order and the bell can't be unrung, sanctions are warranted to punish Defendants and to compensate Plaintiff for losses suffered.

A civil contempt sanction should serve the purpose of coercing compliance. In no situation is the Court left without authority to act when Defendants appear to be flouting judicial authority. *Mercer* at 769. The *Mercer* Court stressed the need to address two questions: 1) whether Defendants acted diligently to comply with The Court's Order and 2) whether circumstances had changed. Defendants did not act diligently to comply with The Court's Order and the circumstances had not changed when Defendants willfully and in bad faith continued Plaintiff's January 22nd deposition. Attorney Sobodash stressed to Defendants that Plaintiff would show up for her scheduled deposition so as to abide by The Court's Order denying a continuation. In response, attorney Norway had the nerve to ***threaten Plaintiffs with sanctions*** for not participating in Defendants' conspiracy of contumacious conduct:

> "If Plaintiffs refuse to produce Dr. Martello for a continuation of her deposition, that will be another grounds added to Defendants motion for sanctions." Email from 1:09 p.m. EST

A finding of contempt is the "appropriate response" in face of Defendants' deliberate noncompliance with The Court's Order. *Mercer* citing *Newman v.*

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 27 of 39 PageID 6731
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 11 of 23 PageID 6406

11

*Alabama,* 683 F.2d 1312 (11ᵗʰ Cir. 1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed. 2d 346 (1983). That Defendants "were able to comply with the Court's Order cannot be seriously argued." *Mercer supra* at 779. Defendants deliberately disobeyed The Court's Order and a finding of contempt is the appropriate response.

"Supreme Court decisions regarding the proper scope of summary contempt authority have based upon a balancing of values. When the issue has arisen, the Court has weighed the specific due process right implicated in the circumstances of the case against the accepted justifications for summary contempt proceedings. Should the value of process weigh more heavily than the need for summary procedures, the Court has moved to protect accused contemnor and to correspondingly limit the contempt power. Should the value of process weigh less heavily in the circumstances of the case, the Court has refused to place additional limitations on contempt authority." *Mercer supra* at 777. The value of process weighs less heavily in this case and no limitations should be placed on The Court's contempt authority unto Defendants.

### The Power to Punish and To Deter Errant Lawyers

Case 6:12-cv-01304-ACC-GJK Document 178-1 Filed 06/11/14 Page 28 of 39 PageID 6732
Case 6:12-cv-01304-ACC-GJK Document 189 Filed 05/30/14 Page 12 of 23 PageID 6407

12

"The power of judicial sanction is great. The consequence of its exercise may be severe. This is properly so because of the magnitude of the interest served, the orderly administration of justice-the rule of law itself. But a concomitant of that power is a great caution and an abiding concern that the rule upon which the law is to operate be clearly articulated. As the majority notes this is particularly so with respect to lawyers because upon a lawyer's understanding depend the rights of many, and the trial lawyer is an advocate." *Kleiner v. First National Bank of Atlanta,* 751 F. 2d 1193 (11th Circ. 1985).

"The inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Flaksa v. Little River Construction Co.,* 389 F. 2d 885, 888 (5th Cir. 1968); see *Miranda v. Southern Pacific Transportation Co.,* 710 F. 2d 416 (9th Cir. 1983); Note, Civil Procedure – Power of Federal Courts to Discipline Attorneys for Delay in Pre-trial Procedure, 38 Notre Dame L. 158, 161-166 (19630).

The "authority of a court over officers of its bar is at least as great as its power over litigants." *Roadway Express,* 447 U.S. at 766, 100 S.Ct. at 2464 (citing Flaksa). Such sanctions include the assessment of attorneys' fees and costs, disqualification of counsel. *Flaksa,* 389 F. 2d at 887; and monetary penalties payable to the clerk of the court. *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 29 of 39 PageID 6733
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 13 of 23 PageID 6408

13

B 1981); *Woodham v. American Cystoscope Co.*, 335 F. 2d 551, 557 & n. 15 (5th Cir. 1964).

### Plaintiff Requests that the January 31, 2014 Continued Deposition be Ruled Inadmissible and Defendants' Motion for Summary Final Judgment be Denied

Defendants continued Plaintiff's un-noticed January 22nd deposition in violation of a "specific and definite" Court Order. Defendants have had the audacity to file Trial Exhibits 67 through 74 with The Court that were introduced and authenticated at the continued deposition of January 31, 2014. A copy of Defendants' Final Trial Exhibit list is attached as **Exhibit 6.**

Defendants have flouted judicial authority. They have had the nerve to submit exhibits from the continued deposition that was conducted in violation of The Court's Order. Exhibits 72, 73 and 74 from the illegally continued deposition appear as Exhibits I, J and K in support of Defendants' Motion for Summary Final Judgment. The yellow labels from the January 31, 2014 deposition can clearly be noted in the right lower hand corner. **Exhibit 7.**

According to the *Mims* Court, "depositions taken without proper notice may be found to be inadmissible." *Mims v. Central Manufacturers Mutual Insurance Co.*, 5th Cir. 1949, 178 F.2d 56, 59. See generally 4 Moore, Federal Practice 26.69. Surely, depositions continued in violation of a Court Order should be found to be inadmissible. Since Defendants have intentionally disobeyed the authority of The

Case 6:12-cv-01304-ACC-GJK Document 178-1 Filed 06/11/14 Page 20 of 39 PageID 6734
Case 6:12-cv-01304-ACC-GJK Document 169 Filed 05/30/14 Page 14 of 23 PageID 6409

14

Court, Plaintiff respectfully requests that Plaintiff's January 31st continued deposition (including all of the Exhibits introduced and authenticated during that deposition) be found inadmissible.

Plaintiff also respectfully requests that The Court deny Defendants' Motion for Summary Final Judgment as a sanction for their disobedient behavior. Defendants had the audacity to submit Exhibits 72, 73 and 74 in support of their Motion for Summary Final Judgment even though these Exhibits were introduced and authenticated during the January 31, 2014 continued deposition which violated The Court's Order.

### Plaintiff Respectfully Requests the Most Extreme Sanction of Default

The most severe in the spectrum of sanctions (default) "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 277, 278, 49 L.Ed. 2d 747 (1976) (per curiam).

The Honorable Court may find that default in favor of Plaintiff may be the most appropriate sanction given the fact that this is not the first instance of Defendants' misconduct which has consisted of:

Case 6:12-cv-01304-ACC-GJK Document 178-1 Filed 06/17/14 Page 31 of 39 PageID 6785
Case 6:12-cv-01304-ACC-GJK Document 189 Filed 05/30/14 Page 15 of 23 PageID 6416

15

1) Lying to The Honorable Magistrate Judge Gregory J. Kelly and The Honorable Magistrate Judge Paul A. Voss. The instances of which have been previously cited by Plaintiff.

2) <u>**Newly Discovered Instances of Lying**</u>: Defendants' attorney Norway denied that they had an unredacted copy of Tina Walls' 2007 demand letter yet they produced a complete copy of the letter during Plaintiff's November 26, 2013.

- Defendants' attorney Norway denied that they had a copy of the demand letter during the January 10, 2014 hearing in front of The Honorable Magistrate Judge Paul A. Voss which appears as **Exhibit 8**:

   MR. NORWAY: *"We have not – we do not have a copy of the final version of that demand letter, the version that was sent.* We know that the demand letter was sent by Tina Walls, the attorney in Nevada. We know that Miss Walls has testified on the 3rd that she provided a copy of her files to Dr. Martello over the last few years. And so far as we could tell, upon review, that letter has never been provided to us by plaintiffs." *(emphasis added)*. Page 5 lines 14 to 22 of January 10, 2014 hearing.

   This perjurious testimony continues on page 6 lines 23 to 25 to Page 7 lines 1 to 10:

   "MR. NORWAY: Of course, you know, you run into the problem, you don't know what you don't know. But we do know from the deposition testimony of Dr. Martello that she– and that there are Emails and other communications and faxes that follow-up on this demand letter issue that were sent by Miss Walls to our client. And those letters haven't been produced. Those faxes haven't been produced. And the –

   *THE COURT: Do you have copies of those from your client?*

   *MR. NORWAY: No, we do not, Your Honor.*

   *THE COURT: The demand letter either?*

Case 6:12-cv-01304-ACC-GJK  Document 178-1  Filed 06/17/14  Page 37 of 39 PageID 6726
Case 6:12-cv-01304-ACC-GJK  Document 189  Filed 03/30/14  Page 16 of 23 PageID 6411

16

*MR. NORWAY: No, we do not, Your Honor."*

Throughout the March 11, 2014 hearing conducted in front of The Honorable Magistrate Judge Gregory J. Kelly, Defendants denied possessing a copy of Tina Walls' January 5, 2007 demand letter. In fact, Defendants' Motion for Sanctions was partly based on the fact that Defendants claimed that Plaintiff never produced a copy of the demand letter.

Defendants have been lying to The Court all along. During Plaintiff's November 26, 2013 deposition, attorney Rick Mitchell produced an unredacted copy of the Tina Walls' demand letter and presented it to Plaintiff as Exhibit 13. Testimony regarding the demand letter is present on page 108 line 25 through page 113 line 20 of Exhibit 9. A copy of the unredacted demand letter which was identified as Exhibit 13 during Plaintiff's November 26, 2013 deposition is attached as **Exhibit 10.** The unredacted demand letter has the exact same contents as the letter produced by Plaintiff during discovery which is attached as **Exhibit 11.** Defendants have lied to The Court for months regarding their need to obtain Tina Walls' demand letter that has been in their possession throughout.

In fact, at the April 16, 2014 Trial Exhibit exchange, Norway handed Plaintiff a copy of the unredacted Tina Walls' demand letter as a potential Trial Exhibit. The letter is not Bates stamped and clearly indicates that it was sent "[V]ia fax, first class mail and certified mail, return receipt." Ultimately,

Case 6:12-cv-01304-ACC-GJK Document 179-1 Filed 06/11/14 Page 33 of 39 PageID 6737
Case 6:12-cv-01304-ACC-GJK Document 169 Filed 05/30/14 Page 17 of 23 PageID 6412

17

Defendants chose not to include this unredacted letter as one of their Trial

Exhibits. The reason for doing so is obvious. . .they were hoping not to be caught

perpetrating a fraud upon The Court.

3) Filing an Answer in October 2012 that denies the existence of a written Walgreens vendor contract the existence of which was confirmed during the March 11, 2014 hearing.

4) Not producing a single Walgreens purchase order since the 2007 demand and in response to Plaintiff's multiple requests even though a True Commerce software EDI sales specialist confirmed that all EDI purchase orders can be saved in pdf format and printed.

5) Interfering with Walgreens' Rule 45 subpoena

6) Skeletonizing Walgreens' 2500 paged vendor file to 119 redacted pages without documentation for such document dismemberment.

7) Concealing 2006 financial records and vendor files when over $ 1.2 million in expenses were claimed in 2006.

8) Altering invoices after a litigation hold should have been placed on all documents as of December 15, 2010.

9) Creating two different Quick Books accounts as documented by Quick Books' Audit Trail report function.

10) Failing to produce a single bank statement for Product Quest entities through which DJMP expenses were charged for the years of 2006 through 2008. A handful of bank statements from 2009 and 2010 were produced.

11) Failing to produce complete DJMP bank statements and cancelled checks due to the fact that these documents would cost Defendants $ 5 a

Case 6:12-cv-01304-ACC-GJK   Document 179-1   Filed 06/11/14   Page 34 of 39 PageID 6738
Case 6:12-cv-01304-ACC-GJK   Document 169   Filed 05/30/14   Page 18 of 23 PageID 6413

18

copy.  This was after Defendants' attorney Norway represented that Product Quest produced $ 100 million a year and had facilities in 5 to 7 different states.

### Plaintiff Respectfully Requests Compensation for Losses Suffered

In good faith, Plaintiff flew from North Dakota to Orlando to appear for her January 22, 2014.  As a result of Defendants' contemptuous conduct, Plaintiff lost a 12 hour shift of income and lost money because she had to change the travel reservations for attorney Sobodash.  Furthermore, Plaintiff lost more than 5 hours of time that she could have spent plodding through the 50 to 60 boxes that Defendants had her inspect in order to find receipts to back up the millions of dollars of expenses that they claimed.  To say that Plaintiff has suffered economic losses is an understatement.  To prove her damages, Plaintiff will provide to The Court receipts if The Court so desires.

### Stiff Monetary Penalties

Since default is available for purposes of deterrence, "stiff monetary penalties would certainly be appropriate, at least as long as they did not equal or exceed the damages which would be awarded" in default.  See Comment, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv. L. Rev. 1033, 1048 & n. 90 (1978); Renfrew, Discovery Sanctions:  A Judicial Perspective, 67 Calif. L. Rev. 264, 278 (1979).

Case 6:12-cv-01304-ACC-GJK  Document 179-1  Filed 06/11/14  Page 35 of 39 PageID 6739
Case 6:12-cv-01304-ACC-GJK  Document 169  Filed 05/30/14  Page 19 of 23 PageID 6414

19

The *Kleiner* Court found that "[I]n view of counsel's arrogance and the millions of dollars that hung in the balance, the size of the fine assessed by the court was entirely commensurate with the willfulness and gravity of counsel's misconduct." The *Kleiner* Court opined that "[U]nless severe sanctions are imposed. . . the deterrent function of sanctions will not be achieved." Renfrew, *supra* at 643.

Defendants' attorneys have been arrogant and played by their own rules instead of by those of The Court. The damages in this case amount to millions of dollars. Stiff monetary penalties would serve as a deterrent.

### Plaintiff Respectfully Requests Disqualification of Counsel

Plaintiff has been forced to represent herself *In Pro Se* through no desire of her own. Defendants' attorneys' willful and intentional disobedience of The Court's Order and other bad faith discovery misconduct should warrant disqualification of counsel.

The Eleventh Circuit follows a two-part test for disqualification of counsel:

1. Although there need not be proof of actual wrongdoing, "there must be at least a reasonable possibility that some specifically identifiable impropriety did occur."

2. "A Court must also find that the likelihood of public suspicion or obloquy outweighs the social interest which will be served by a

Case 6:12-cv-01304-ACC-GJK Document 178-1 Filed 06/11/14 Page 36 of 39 PageID 6740
Case 6:12-cv-01304-ACC-GJK Document 169 Filed 05/30/14 Page 20 of 23 PageID 6415

20

lawyer's continued participation in a particular case." *Kleiner supra* quoting *United States v. Hobson*, 672 F.2d 825, 828 (11th Circ. 1982) (quoting *Woods v. Covington County Bank*, 537 F.2d 804, 813 & n. 12 (5th Cir. 1976), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 7 L.Ed.2d 166 (1982).

According to the Eleventh Circuit Court of Appeals, "once the preceding requirements are satisfied, a court can order disqualification based solely on past improprieties without regard for future taint affecting the outcome of the proceeding." *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).

With respect to prong one and the impropriety requirement, Defendants continued Plaintiff's January 22nd deposition against The Court's Order.

With respect to prong two, "there is a strong competing interest in securing the obedience to mandates of the court which is necessary to secure the orderly administration of the laws." *United States v. Dinitz*, 538 F.2d 1214, 1219 & n. 6 (5th Cir. 1976) (en banc), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977).

## Conclusion

Practicing attorneys from a large, reputable Orlando law firm should

be held to a higher standard. Attorneys Robert Norway and Rick Mitchell knew full well that they were violating a direct Court Order when they continued Plaintiff's deposition. Instead of conducting Plaintiff's deposition on January 22, 2014, they continued it until January 31, 2014. When Plaintiff's attorney Sobodash and Plaintiff attempted to follow The Court's Order and report for the deposition on January 22, 2014, Defendants' attorney Norway had the nerve to threaten Plaintiffs with sanctions for not cooperating with their contemptuous conspiracy. Plaintiff respectfully requests a hearing on this matter.

Respectfully submitted,

Jeannette Martello, Plaintiff, *In Pro Se*

<u>CERTIFICATE OF SERVICE</u>

<u>Martello vs. Product Quest et al, Case number 6:12-cv-1304-Orl-22GJK</u>

I hereby certify that the Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt with CD will be hand delivered to Mr. Robert Norway and Mr. Rick Mitchell of the law firm of Gray Robinson at their offices located at Gray Robinson, 301 E. Pine Street, Suite 1400, Orlando, Florida 32801.

*Jeannette Martello*

Jeannette Martello, Plaintiff, In Pro Se

P.O. Box 914

South Pasadena, CA 91031

drmartello@gmail.com

(626) 993-8501

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNETTE MARTELLO,

           Plaintiff,

v.                                     Case No:   6:12-cv-1304-Orl-22GJK

PRODUCT QUEST
MANUFACTURING, LLC, JOHN T.
REGAN and PRODUCT QUEST
MANUFACTURING, INC.,

           Defendants.

---

## ORDER

This cause comes before the Court *sua sponte* in light of Defendants Product Quest Manufacturing and John T. Regan's ("Defendants") Notice of Plaintiff Jeannette Martello's ("Plaintiff") Failure to Comply with Court Orders (Doc. No. 176). Defendants' Notice states that Plaintiff failed to produce her tax returns before the Court-imposed deadline of 5 p.m. EDT on June 4, 2014. Plaintiff's failure to comply with this deadline is the culmination of several months of abusive discovery practices, vexatious tactics, and brazen disregard of Court orders. The Court has considered lesser sanctions, such as striking Plaintiff's expert report or treating certain facts as admitted, but the level of misconduct present here threatens not only Defendants' ability to litigate this case, but the integrity of the Court and its Orders. Accordingly, for the reasons stated herein, the Court will dismiss this action as a sanction for Plaintiff's serious and continuing refusal to obey Court orders.

## I. BACKGROUND

The discovery problems that have plagued this case began long ago. On October 28, 2013, Defendants filed a Motion to exclude the testimony and opinions of Plaintiff's expert witness based on Plaintiff's and her then-counsel's failure to cooperate in document production and scheduling depositions. (*See* Doc. No. 38.) Magistrate Judge Zoss[1] denied that Motion, but nevertheless found that Plaintiffs' written expert report "did not comply with the requirements of Rule 26." (Doc. No. 51.) Defendants then filed two Motions to Compel. (Doc. Nos. 50 and 54.) Magistrate Judge Zoss held a hearing on these Motions, and his subsequent Order admonished Plaintiff to "serve responses and produce all responsive documents to Defendants' requests for production." (Doc. No. 56.) Failure to do so, warned Magistrate Judge Zoss, would "result in sanctions, which may include dismissal of the case for failure to prosecute." (*Id.*) Magistrate Judge Zoss abated a ruling on the first two Motions to Compel. (*Id.*)

The parties' continued failure to conduct discovery in an orderly fashion necessitated a second hearing on January 10, 2014. Following that hearing, Magistrate Judge Zoss entered another Order directing Plaintiff and her then-counsel to comply with their discovery obligations; once again, that Order clearly informed Plaintiff that if she or her then-counsel failed "to fully comply with this order, sanctions will be imposed." (Doc. No. 66.) On January 20, Defendants filed their third Motion to Compel, which sought Plaintiff's tax returns for the time period relevant to this litigation. (Doc. No. 69.) Plaintiff did not file a response of any kind to this Motion. A few days later, Defendants filed a Motion for sanctions and an alternative Motion to Compel, (Doc. No. 81); Plaintiff failed to respond to this Motion, too. By this time, Plaintiff had apparently fired

---

[1] Magistrate Judge Zoss assisted the Court during a time period when Magistrate Judge Kelly, the regularly assigned magistrate judge, was temporarily unavailable.

her attorney, Justin Sobodash, and filed a Motion to substitute her local counsel to represent the former LLC plaintiff while she represented herself in *pro se*. (Doc. No. 82.) Magistrate Judge Kelly determined that these Motions, as well as the ongoing discovery issues, required a third hearing. Between scheduling that hearing on February 13 and holding it on March 11, a new lawyer, Augustus Sol Invictus, attempted to substitute as counsel for Plaintiff and JYM, LLC, but subsequently moved to withdraw his representation. (*See* Doc. Nos. 92, 102.)

During the March 11 hearing, Mr. Invictus stated that there were "professional considerations" that created a "conflict" between Plaintiff and himself. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 132:13-21.) The Magistrate Judge allowed Mr. Invictus to withdraw, informed Plaintiff that she would have to proceed in *pro se*,[2] and notified Plaintiff that the Court would not stay the case to give her more time to seek out new counsel. Magistrate Judge Kelly also addressed the Third Motion to Compel at the March 11 hearing. After noting the absence of any opposition by Plaintiff, he determined that "an objection on the basis of privilege" was inappropriate because tax returns are documents filed with governmental entities, not confidential communications, and found that the tax returns were "reasonably calculated to lead to the discovery of admissible evidence." (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 104:22-105:13.) The record contains no objections to those conclusions. Subsequent to the hearing, Magistrate Judge Kelly ordered Plaintiff to "produce to Defendants all documents responsive to Request Nos. 1-2," i.e., her tax returns, on or before Friday, March 28, 2014. (Doc. No. 109.) Magistrate Judge Kelly also

---

[2] After the hearing, Magistrate Judge Kelly entered an Order informing Plaintiff of her obligations as a *pro se* Plaintiff. (*See* Doc. No. 108.) During the hearing, Plaintiff informed Magistrate Judge Kelly that she had earned a law degree from Boalt Hall at the University of California, Berkeley, but was not an attorney because she failed the California bar examination twice and the New York examination once. (Mar. 11, 2014 Hr'g Tr. (Doc. No. 110) 137:20-138:14.)

sanctioned Plaintiff and her former counsel by permitting Defendants to recover their reasonable expenses incurred in bringing the Third Motion to Compel. (*Id.*)

Plaintiff failed to comply with the March 28 deadline to produce her tax returns; instead, she filed an Objection to the Magistrate Judge's Order on April 4 (Doc. No. 130) and a frivolous Motion for Protective Order on April 11 (Doc. No. 133). The Court overruled Plaintiff's Objection and denied the Motion for Protective Order on May 30, 2014. (Doc. No. 167.) Even though Plaintiff had defied the clear Order of the Magistrate Judge for more than a month, the Court gave Plaintiff five more days to produce her tax returns or face the immediate imposition of sanctions. (*Id.*) Inexplicably, Plaintiff tried yet again to escape the Court's Order by filing an "Emergency Motion to Stay," (Doc. No. 168), and an interlocutory appeal to the Eleventh Circuit (Doc. No. 170). This Court denied the Motion to Stay, reminded Plaintiff that she remained obligated to produce her tax returns by 5 p.m. EDT on June 4, 2014, and once again advised her that "sanctions up to and including dismissal of this case" would be imposed if she failed to comply. (Doc. No. 171.) In a *per curiam* opinion issued on June 4, a panel of the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. No. 174.) In a last-gasp effort to avoid producing her returns, Plaintiff filed yet another Emergency Motion to Stay—which appeared to be a near-facsimile of her appellate brief—with respect to the Orders directing Plaintiff to produce her returns. (Doc. No. 175.) In view of the duplicative and frivolous nature of this Motion, and the Eleventh Circuit's dismissal of her appeal, the Court denied this Motion, too. (Doc. No. 177.) Shortly after the 5 p.m. deadline on June 4th, Defendants notified the Court of Plaintiff's failure to produce her tax returns. (Doc. No. 176.)

## II. LEGAL STANDARDS & ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) vests this Court with the authority to sanction a party that "fails to obey an order to provide or permit discovery." Any "evasive or incomplete disclosure" is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). If the Court determines that a party has failed to obey an order to provide or permit discovery, it has broad discretion to fashion an appropriate remedy. *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997). Rule 37(b)(2)(A), Federal Rules of Civil Procedure, provides some, but not all, of the sanctions that are available:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Thus, the Court may, if appropriate, dismiss the action or prohibit Plaintiff from introducing a designated matter into evidence. *Id.*

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). Before dismissing an action as a sanction for violating a

discovery order, the Court must consider less drastic remedies. *Men v. Marriot Int'l, Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007) (per curiam).

The facts outlined in Part I of this Order demonstrate a pattern of dilatory and duplicitous litigation tactics as well as blatant disobedience of Court orders. Plaintiff's ongoing failure to comply with the Court's orders is intentional and done in bad faith. She has ignored the imposition of one round of sanctions, and multiple threats of further sanctions, stemming from her refusal to produce her tax returns. All the while, Plaintiff knew that this case was advancing inexorably toward a July trial date. The Court gave Plaintiff as many chances to rectify the discovery violations as possible, but her intentional and ongoing refusal to do so leaves the Court with no choice but to impose the ultimate sanction and dismiss this case. No other sanction would adequately address Plaintiff's bad faith or protect the integrity of the Court and its Orders.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.   Plaintiff Jeannette Martello's Complaint (Doc. No. 1) is **DISMISSED**.

2.   All pending Motions are **DENIED as moot**.

3.   The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 6, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

APPEAL, CLOSED

# U.S. District Court
## Middle District of Florida (Orlando)
### CIVIL DOCKET FOR CASE #: 6:12-cv-01304-ACC-GJK

Martello et al v. Product Quest Manufacturing,
LLC et al
Assigned to: Chief Judge Anne C. Conway
Referred to: Magistrate Judge Gregory J. Kelly
Case in other court: USCA, 14-12410
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 08/24/2012
Date Terminated: 06/06/2014
Jury Demand: Both
Nature of Suit: 190 Contract:
Other
Jurisdiction: Diversity

## Plaintiff

**Jeannette Martello**
*individually*

represented by **Jeannette Martello**
P.O. Box 914
South Pasadena, CA 91031
PRO SE

**Augustus Sol Invictus**
Imperium, P.A.
Suite 2300
390 N. Orange Ave.
Orlando, Fl 32801
407/479-7049
Fax: 407/343-4449
Email: ainvictuslaw@gmail.com
*TERMINATED: 03/13/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Douglas Sierra**
Kosto & Rotella, PA
619 E Washington St
PO Box 113
Orlando, FL 32802-0113
407/425-3456
Fax: 407/423-9002
Email:
rick.sierra@kostoandrotella.com
*TERMINATED: 03/13/2014*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy S. Rogers**
Dinsmore & Shohl, LLP
Suite 2500
101 S 5th St
Louisville, KY 40202
502/540-2384
Fax: 502/585-2207
Email:
jeremy.rogers@dinsmore.com
*TERMINATED: 03/26/2013*
*PRO HAC VICE*

**Justin Sobodash**
The Law Office of Justin
Sobodash
Suite 302
8335 West Sunset Blvd.
West Hollywood, CA 90069
323-337-9010
Fax: 323-656-7155
Email: Justin@Sobodashlaw.com
*TERMINATED: 03/13/2014*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JYM, LLC**
*a Nevada limited liability*
*company*
*TERMINATED: 03/13/2014*

represented by **Augustus Sol Invictus**
(See above for address)
*TERMINATED: 03/13/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Sobodash**
(See above for address)
*TERMINATED: 03/13/2014*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard Douglas Sierra**

(See above for address)
*TERMINATED: 03/13/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy S. Rogers**
(See above for address)
*TERMINATED: 03/26/2013*
*PRO HAC VICE*

## V.

### Defendant

**Product Quest
Manufacturing, LLC**
*a Florida limited liability
company*

represented by **Richard E. Mitchell**
GrayRobinson, PA
301 E Pine St - Ste 1400
PO Box 3068
Orlando, FL 32802-3068
407/843-8880 Ext 6274
Fax: 407/244-5690
Email: rmitchell@gray-
robinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M. Norway**
GrayRobinson, PA
301 E Pine St - Ste 1400
PO Box 3068
Orlando, FL 32802-3068
407/843-8880
Fax: 407-244-5690
Email: Robert.Norway@gray-
robinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Marshall**
GrayRobinson, PA
301 E Pine St - Ste 1400
PO Box 3068
Orlando, FL 32802-3068
407/843-8880

Fax: 407/244-5690
Email: justin.marshall@gray-robinson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John T. Regan**
*individually*

represented by **Richard E. Mitchell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M. Norway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Product Quest
Manufacturing, Inc.**

represented by **Richard E. Mitchell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M. Norway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Justin Sobodash**

represented by **Justin Sobodash**
The Law Office of Justin
Sobodash
3110 Main St., Suite 205
Santa monica, CA 90405-5353
310/566-4375
Email: justin@sobodashlaw.com

PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2012 | 1 | COMPLAINT against Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan with Jury Demand (Filing fee $ 350 receipt number ORL-19262) filed by Jeannette Martello, JYM, LLC. (Attachments: # 1 Civil Cover Sheet)(LMM) (Entered: 08/27/2012) |
| 08/27/2012 | 2 | Summons issued as to Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (LMM) (Entered: 08/27/2012) |
| 08/28/2012 | 3 | ORDER that the Clerk of the Court is directed to REASSIGN this case to another District Judge for all further proceedings. Signed by Senior Judge G. Kendall Sharp on 8/28/2012. (DB) (Entered: 08/28/2012) |
| 08/29/2012 | 4 | Case Reassigned to Chief Judge Anne C. Conway. New case number: 6:12-cv-1304-ORL-22GJK. Senior Judge G. Kendall Sharp no longer assigned to the case. (RDO) (Entered: 08/29/2012) |
| 08/29/2012 | 5 | RELATED CASE ORDER, NOTICE OF DESIGNATION under Local Rule 3.05 - Track 2, INTERESTED PERSONS ORDER and ORDER Requiring Electronic Filing. Notice of pendency of other actions due by 9/12/2012. Certificate of interested persons and corporate disclosure statement due by 9/12/2012. Signed by Chief Judge Anne C. Conway on 8/29/2012. (SR) (copies mailed/emailed) (Entered: 08/29/2012) |
| 09/07/2012 | 6 | RETURN of service executed on August 31, 2012 by Jeannette Martello, JYM, LLC as to John T. Regan. (Sierra, Richard) (Entered: 09/07/2012) |
| 09/07/2012 | 7 | RETURN of service executed on August 31, 2012 by Jeannette Martello, JYM, LLC as to Product Quest Manufacturing, Inc.. (Sierra, Richard) (Entered: 09/07/2012) |
| 09/07/2012 | 8 | RETURN of service executed on August 31, 2012 by Jeannette Martello, JYM, LLC as to Product Quest Manufacturing, LLC. (Sierra, Richard) (Entered: 09/07/2012) |

| 09/14/2012 | 9 | ORDER directing compliance to 5 Related Case Order and Interested Persons Order. Responses due by 9/21/2012. Signed by Chief Judge Anne C. Conway on 9/14/2012. (SR) (Entered: 09/14/2012) |
|---|---|---|
| 09/20/2012 | 10 | CERTIFICATE of interested persons and corporate disclosure statement re 5 Related case/Interested persons/ECF-2, 9 Order directing compliance by JYM, LLC, Jeannette Martello. (Sierra, Richard) (Entered: 09/20/2012) |
| 09/20/2012 | 11 | NOTICE of pendency of related cases re 5 Related case/Interested persons/ECF-2, 9 Order directing compliance per Local Rule 1.04(d) by JYM, LLC, Jeannette Martello. Related case(s): no (Sierra, Richard) (Entered: 09/20/2012) |
| 09/20/2012 | 12 | RESPONSE re 9 Order directing compliance filed by JYM, LLC, Jeannette Martello. (Sierra, Richard) (Entered: 09/20/2012) |
| 09/21/2012 | 13 | NOTICE of Appearance by Richard E. Mitchell on behalf of Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan (Mitchell, Richard) (Entered: 09/21/2012) |
| 09/21/2012 | 14 | Unopposed MOTION for extension of time to file answer or otherwise plead (through and including October 11, 2012) re 1 Complaint by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Mitchell, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 9/21/2012 (SR). (Entered: 09/21/2012) |
| 09/21/2012 | 15 | NOTICE of Appearance as Co-Counsel by Justin Marshall on behalf of Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan (Marshall, Justin) Modified on 9/24/2012 (JET). (Entered: 09/21/2012) |
| 09/24/2012 | 16 | ORDER granting 14 Motion for extension of time to answer or respond. Product Quest Manufacturing, Inc. answer due 10/11/2012; Product Quest Manufacturing, LLC answer due 10/11/2012; John T. Regan answer due 10/11/2012. Signed by Magistrate Judge Gregory J. Kelly on 9/24/2012. (PAB) (Entered: 09/24/2012) |
| 09/25/2012 | 17 | NOTICE by JYM, LLC, Jeannette Martello re 5 Related case/Interested persons/ECF-2, 10 Certificate of interested |

| | | |
|---|---|---|
| | | persons and corporate disclosure statement, <u>11</u> Notice of pendency of related cases *Notice of Service* (Sierra, Richard) (Entered: 09/25/2012) |
| 09/25/2012 | <u>18</u> | RELATED CASE ORDER, INTERESTED PERSONS ORDER and ORDER Requiring Electronic Filing directed to defendants. Notice of pendency of other actions due by 10/9/2012. Certificate of Interested persons and corporate disclosure statement due by 10/9/2012. Signed by Chief Judge Anne C. Conway on 9/25/2012. (SR) (Entered: 09/25/2012) |
| 09/27/2012 | <u>19</u> | Unopposed MOTION for Jeremy S. Rogers to appear pro hac vice by JYM, LLC, Jeannette Martello. (Sierra, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 09/27/2012) |
| 09/28/2012 | <u>20</u> | ORDER granting <u>19</u> motion to appear pro hac vice. Signed by Magistrate Judge Gregory J. Kelly on 9/28/2012. (PAB) (Entered: 09/28/2012) |
| 09/28/2012 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Jeremy S. Rogers appearing on behalf of JYM, LLC, Jeannette Martello (Filing fee $10 receipt number ORL-19997.) Related document: <u>19</u> Unopposed MOTION for Jeremy S. Rogers to appear pro hac vice (MAL) (Entered: 10/01/2012) |
| 10/09/2012 | <u>21</u> | CERTIFICATE of interested persons and corporate disclosure statement re <u>18</u> Related case/Interested persons/ECF by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Mitchell, Richard) (Entered: 10/09/2012) |
| 10/09/2012 | <u>22</u> | NOTICE of pendency of related cases re <u>18</u> Related case/Interested persons/ECF per Local Rule 1.04(d) by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. Related case(s): No (Mitchell, Richard) (Entered: 10/09/2012) |
| 10/10/2012 | <u>23</u> | Unopposed MOTION for extension of time to file answer or otherwise plead re <u>1</u> Complaint *(Second)* by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Mitchell, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 10/10/2012) |

| 10/10/2012 | 24 | ORDER granting 23 Motion for extension of time to answer or respond. Product Quest Manufacturing, Inc. answer due 10/22/2012; Product Quest Manufacturing, LLC answer due 10/22/2012; John T. Regan answer due 10/22/2012. Signed by Magistrate Judge Gregory J. Kelly on 10/10/2012. (PAB) (Entered: 10/10/2012) |
|---|---|---|
| 10/22/2012 | 25 | ANSWER and affirmative defenses to 1 Complaint with Jury Demand by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Mitchell, Richard) (Entered: 10/22/2012) |
| 11/05/2012 | 26 | Unopposed MOTION to Appear Telephonically *and Extend Time* by JYM, LLC, Jeannette Martello. (Rogers, Jeremy) (Entered: 11/05/2012) |
| 11/06/2012 | 27 | ORDER granting 26 Motion to Appear Telephonically. Lead counsel may attend by telephone provided local counsel attends in person. The deadline is extended to December 5, 2012. Signed by Chief Judge Anne C. Conway on 11/6/2012. (Conway, Anne) (Entered: 11/06/2012) |
| 12/11/2012 | 28 | JOINT CASE MANAGEMENT REPORT. (Mitchell, Richard) Modified on 12/12/2012 (AA). (Entered: 12/11/2012) |
| 12/13/2012 | 29 | CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 1/14/2013, Joinder of Parties due by 1/14/2013, Discovery due by 1/3/2014, Dispositive motions due by 1/31/2014, Pretrial statement due by 4/30/2014, All other motions due by 2/28/2014, Plaintiff disclosure of expert report due by 10/16/2013, Defendant disclosure of expert report due by 11/15/2013, Jury Trial set for 7/1/2014 at 09:00 AM in Orlando Courtroom 6 A before Chief Judge Anne C. Conway. Conduct mediation hearing by 1/15/2014. Lead counsel to coordinate dates. Signed by Chief Judge Anne C. Conway on 12/13/2012. (SR) (Entered: 12/13/2012) |
| 12/13/2012 | | CASE REFERRED to mediation. (SR) (Entered: 12/13/2012) |
| 12/27/2012 | 30 | NOTICE of mediation conference/hearing to be held on June 14, 2013 before Hon. Emery H. Rosenbluth, Jr.. (Rogers, Jeremy) (Entered: 12/27/2012) |
| 03/21/2013 | 31 | Unopposed MOTION for Jeremy S. Rogers to withdraw as attorney by JYM, LLC, Jeannette Martello. (Rogers, Jeremy) |

| | | |
|---|---|---|
| | | Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 03/21/2013) |
| 03/26/2013 | 32 | ORDER granting 31 Motion to Withdraw as Attorney. Richard Douglas Sierra, Esq. remains counsel of record for Plaintiffs. Signed by Magistrate Judge Gregory J. Kelly on 3/26/2013. (PAB) (Entered: 03/26/2013) |
| 05/29/2013 | 33 | Unopposed MOTION for Justin Sobodash to appear pro hac vice by JYM, LLC, Jeannette Martello. (Sierra, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 05/29/2013) |
| 05/30/2013 | 34 | ORDER granting 33 motion to appear pro hac vice. Signed by Magistrate Judge Gregory J. Kelly on 5/30/2013. (PAB) (Entered: 05/30/2013) |
| 06/03/2013 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Justin Sobodash, appearing on behalf of Jeannette Martello (Filing fee $10 receipt number ORL025675.) Related document: 33 Unopposed MOTION for Justin Sobodash to appear pro hac vice. (RDO) (Entered: 06/03/2013) |
| 07/09/2013 | 35 | ORDER: By July 26, 2013, the parties SHALL FILE with the Court an Amended Notice of Mediation, setting forth a new date and time for their mediation. Signed by Chief Judge Anne C. Conway on 7/9/2013. (SR) (Entered: 07/09/2013) |
| 07/29/2013 | 36 | NOTICE of mediation conference/hearing to be held on December 10, 2013 before Emery H. Rosenbluth, Jr.. (Sobodash, Justin) (Entered: 07/29/2013) |
| 10/15/2013 | 37 | NOTICE of Appearance by Robert M. Norway on behalf of Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC (Norway, Robert) (Entered: 10/15/2013) |
| 10/28/2013 | 38 | MOTION to Strike *or Exclude Testimony and Opinions of Plaintiffs' Expert Witness* by All Defendants. (Attachments: # 1 Exhibits 1 to 10)(Norway, Robert) (Entered: 10/28/2013) |
| 11/12/2013 | 39 | MEMORANDUM in opposition re 38 Motion to Strike *Report of Expert* filed by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit Sobodash Dec, Exs. 1-6, # 2 Exhibit Exs 7-10, # 3 Exhibit Ex. 11)(Sobodash, Justin) |

| | | (Entered: 11/12/2013) |
|---|---|---|
| 11/13/2013 | 40 | MOTION for judgment on the pleadings *as to Counts I to VI and Counts IX to XVI of the Verified Complaint* by All Defendants. (Attachments: # 1 Exhibit A)(Norway, Robert) (Entered: 11/13/2013) |
| 11/14/2013 | 41 | MOTION for leave to file reply to response to 38 Motion to exclude testimony by All Defendants. (Norway, Robert) (referred to magistrate judge) Modified on 11/15/2013 (LAK) (Entered: 11/14/2013) |
| 11/14/2013 | 42 | MOTION to extend time to *Disclose Defendants' Expert Witnesses* by All Defendants. (Norway, Robert) (Entered: 11/14/2013) |
| 11/18/2013 | 43 | STATEMENT of Non-Opposition to 41 MOTION for leave to file Reply , 42 MOTION to extend time to *Disclose Defendants' Expert Witnesses Statement of Non-Opp to Relief Sought* filed by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit Sobodash Dec, Exs. 1-6, # 2 Exhibit 1 to Sobodash Dec)(Sobodash, Justin) Text modified on 11/19/2013 (RDO). (Entered: 11/18/2013) |
| 11/18/2013 | 44 | ORDER granting in part and denying in part 41 Motion for Leave to File to file reply. On or before November 22, 2013, Defendant shall file a reply not to exceed three (3) pages in length. Signed by Magistrate Judge Gregory J. Kelly on 11/18/2013. (PAB) (Entered: 11/18/2013) |
| 11/22/2013 | 45 | Unopposed Motion for Leave to File Sur-Reply in support of opposition to Motion to Exclude Testimony and Opinions of Plaintiff's Expert Witnesses filed by JYM, LLC, Jeannette Martello. (Sobodash, Justin) Text modified on 11/25/2013 (RDO). (Entered: 11/22/2013) |
| 11/22/2013 | 46 | REPLY to Response to Motion re 38 MOTION to Strike *or Exclude Testimony and Opinions of Plaintiffs' Expert Witness* filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibits A to I)(Norway, Robert) (Entered: 11/22/2013) |
| 11/25/2013 | 47 | ORDER granting 45 Motion for Leave to File Sur-Reply. Signed by Chief Judge Anne C. Conway on 11/25/2013. (Conway, Anne) (Entered: 11/25/2013) |

| | | |
|---|---|---|
| 11/27/2013 | 48 | MEMORANDUM in opposition re 40 Motion for judgment on the pleadings filed by JYM, LLC, Jeannette Martello. (Sobodash, Justin) (Entered: 11/27/2013) |
| 12/02/2013 | 49 | SUR-REPLY re 38 MOTION to Strike *or Exclude Testimony and Opinions of Plaintiffs' Expert Witness*, 46 Reply to Response to Motion *Sur-Reply of Plaintiffs* filed by JYM, LLC, Jeannette Martello. (Sobodash, Justin) Modified on 12/3/2013 (MAA). (Entered: 12/02/2013) |
| 12/09/2013 | 50 | First MOTION to Compel Documents *and for Sanctions* by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibit Notice of Taking Videotape Deposition, # 2 Exhibit Transcript, # 3 Exhibit Emails, # 4 Exhibit Emails) (Norway, Robert) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 12/09/2013) |
| 12/10/2013 | 51 | ORDER denying 38 Motion to Strike; granting 42 Motion to extend time. The Defendants' expert report deadline is January 3, 2014; the discovery deadline is January 31, 2014; and the dispositive motions deadline is February 14, 2014. On Wednesday, December 18, 2013 at 1:30 P.M. the court will conduct a telephonic hearing on the Defendants' first motion to compel (Doc. No. 50) and all other outstanding discovery disputes. The parties shall arrange a conference call on their own and call the Courtroom at the telephone number listed herein at least five (5) minutes prior to the hearing. Signed by Magistrate Judge Paul A. Zoss on 12/10/2013. (PAB) (Entered: 12/10/2013) |
| 12/10/2013 | | Reset scheduling order deadlines: Discovery due by 1/31/2014, Dispositive motions due by 2/14/2014, Defendant disclosure of expert report due by 1/3/2014 (MAA) (Entered: 12/11/2013) |
| 12/10/2013 | | Set deadlines as to 50 First MOTION to Compel Documents *and for Sanctions*: Telephonic Motion Hearing set for 12/18/2013 at 01:30 PM before Magistrate Judge Paul A. Zoss. (MAA) (Entered: 12/11/2013) |
| 12/16/2013 | 52 | MOTION to extend time to 1/10/14 to disclose Defendants' Expert Report by All Defendants. (Norway, Robert) Modified on 12/17/2013 (MAA). (Entered: 12/16/2013) |

| 12/16/2013 | 53 | MOTION to Amend *Affirmative Defenses* by All Defendants. (Attachments: # 1 Exhibit A, Martello Trans. Vol. I, # 2 Exhibit A, Martello Trans. Vol. II, # 3 Exhibit A, Martello Trans. Vol. III)(Norway, Robert) Modified on 12/31/2013 (LAK). (Entered: 12/16/2013) |
|---|---|---|
| 12/17/2013 | 54 | Second MOTION to Compel Production of Documents *from Plaintiffs and Request for Award of Attorneys' Fees* by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibit First Request for Production, # 2 Exhibit Responses to First Request for Production, # 3 Exhibit Correspondence, # 4 Exhibit Correspondence, # 5 Exhibit Correspondence, # 6 Exhibit Correspondence)(Norway, Robert) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 12/17/2013) |
| 12/18/2013 | 55 | Minute Entry. Proceedings held before Magistrate Judge Paul A. Zoss: Telephonic Disovery HEARING held on 12/18/2013. (digital) (KKA) (Entered: 12/18/2013) |
| 12/18/2013 | 56 | ORDER granting 52 Motion to extend time. Defendants shall have until January 10, 2014, to serve their expert report. As sert forth on the record at the hearing, it is further ORDERED that: the parties shall contact chambers on or before NOON on Thursday, December 19, 2013, if they have been unable to agree upon the scheduling of the remaining depositions and the Court will unilaterally schedule the depositions; on or before December 31, 2013, Plaintiff shall serve responses and produce all responsive discovery to Defendants' requests for production in ESI format and a proper privilege log; and a ruling on the Defendants First and Second Motions to Compel (Doc. Nos. 50, 54)is ABATED pending Plaintiff's production set foth above, Plaintiff's responses to the motions, and the parties' continuing good faith conferences to resolve the issues raised in the motions. The Court expects the parties to resolve the issues and, to the extent they cannot resolve the issues, to narrow the remaining issues so they may be better presented to the Court in an amended motion(s). Failure of Plaintiff to provide the above-referenced discovery and privilege log will result in sanctions, which may include dismissal of the case for failure to prosecute. Signed by Magistrate Judge Paul A. Zoss on 12/18/2013. |

| | | |
|---|---|---|
| | | (PAB) (Entered: 12/18/2013) |
| 12/26/2013 | 57 | MEDIATION report Hearing held on 12/4/13. Hearing outcome: Impasse.. (Rosenbluth, Emery) (Entered: 12/26/2013) |
| 12/30/2013 | 58 | MEMORANDUM in opposition re 53 Motion to Amend filed by Jeannette Martello. (Attachments: # 1Declaration of Justin Sobodash in Support of Opposition, # 2Exhibits A through D to Declaration, # 3Exhibit E to Declaration, # 4 Exhibit F to Declaration)(Sobodash, Justin) Modified on 12/31/2013 (LAK). (Entered: 12/30/2013) |
| 01/03/2014 | 59 | ORDER re 56 on or before Tuesday, January 7, 2014, the parties shall file a joint status report as to the status of the discovery ordered on December 18, 2013. Signed by Magistrate Judge Paul A. Zoss on 1/3/2014. (PAB) (Entered: 01/03/2014) |
| 01/06/2014 | 60 | ORDER denying 53 motion to amend/correct. No good cause shown. Signed by Chief Judge Anne C. Conway on 1/6/2014. (Conway, Anne) (Entered: 01/06/2014) |
| 01/07/2014 | 61 | RESPONSE re 59 Order *directing parties to file status report* filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 01/07/2014) |
| 01/07/2014 | 62 | PLAINTIFF'S BRIEF re 59 Order *of January 3* filed by JYM, LLC, Jeannette Martello. (Sobodash, Justin) (Entered: 01/07/2014) |
| 01/09/2014 | 63 | ORDER setting telephonic hearing for January 10, 2014 at 1:30 P.M. in Courtroom No. 3C regarding the Court's prior order (Doc. No. 56), and the parties' status reports regarding discovery (Doc. Nos 61-62). The parties shall coordinate a conference call and jointly call the Courtroom at the telephone number provided herein at least five (5) mintues prior to the hearing. Otherwise, counsel may appear in person. Signed by Magistrate Judge Paul A. Zoss on 1/9/2014. (PAB) (Entered: 01/09/2014) |
| 01/09/2014 | 64 | Second MOTION to extend time to *disclose defendants' experts' opinions* by All Defendants. (Norway, Robert) (Entered: 01/09/2014) |

| 01/10/2014 | | Set/reset hearings: Miscellaneous Hearing set for 1/10/2014 at01:30 PM in Orlando Courtroom 3 C before Magistrate Judge Paul A. Zoss. (LMM) (Entered: 01/10/2014) |
|---|---|---|
| 01/10/2014 | 65 | Minute Entry. Proceedings held before Magistrate Judge Paul A. Zoss: MOTION HEARING held on 1/10/2014 re 50 First MOTION to Compel Documents *and for Sanctions* filed by Product Quest Manufacturing, LLC, Product Quest Manufacturing, Inc., John T. Regan, 54 Second MOTION to Compel Production of Documents *from Plaintiffs and Request for Award of Attorneys' Fees* filed by Product Quest Manufacturing, LLC, Product Quest Manufacturing, Inc., John T. Regan. (digital) (KKA) (Entered: 01/10/2014) |
| 01/10/2014 | 66 | ORDER denying without prejudice 50 Defendants' Motion to Compel ; denying without prejudice 54 Defendants' Motion to Compel; granting 64 Motion to extend time for Defendants to serve expert reports. On or before January 17, 2014, Plaintiff shall serve Defendants with discovery and a new privilege log as set forth herein. Failure of Plaintiff or Plaintiff's counsel to fully comply with this order will result in sanctions. After conferring by telephone, on or before January 24, 2014, Defendants shall, if necessary, file an amended motion to compel and for sanctions. On or before January 31, 2014, Plaintiff shall file a response to the amended motion and file under seal all disputed documents withheld on the basis of privilege so that the Court may conduct an in camera review. Failure of the parties and/or attorneys to comply with this order will result in sanctions. Signed by Magistrate Judge Paul A. Zoss on 1/10/2014. (PAB) (Entered: 01/10/2014) |
| 01/20/2014 | 67 | MOTION to Compel *documents in response to Requests for Production Nos. 15, 16 and 24 and for costs* by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit, # 2 Exhibit)(Sobodash, Justin) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 1/21/2014 (MAA). (Entered: 01/20/2014) |
| 01/20/2014 | 68 | MOTION to extend time to *File Amended Motions to Compel and for Order Setting Continued Deposition of Plaintiff Jeannette Martello* by All Defendants. (Attachments: # 1 Exhibits A and B)(Norway, Robert) (Entered: 01/20/2014) |

| 01/20/2014 | 69 | Third MOTION to Compel by All Defendants. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Norway, Robert) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 01/20/2014) |
| --- | --- | --- |
| 01/21/2014 | 70 | RESPONSE re 68 MOTION to extend time to *File Amended Motions to Compel and for Order Setting Continued Deposition of Plaintiff Jeannette Martello* filed by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit, # 2 Exhibit)(Sobodash, Justin) (Entered: 01/21/2014) |
| 01/21/2014 | 71 | First MOTION for Extension of Time to Complete Discovery by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit)(Sobodash, Justin) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 01/21/2014) |
| 01/21/2014 | 72 | EXHIBITS TO 71 MOTION for Extension of Time to Complete Discovery *Exhibits to* by JYM, LLC, Jeannette Martello. (Sobodash, Justin) *Filed incorrectly as a motion; Terminated motion and Modified text on 1/21/2014 (MAA). (Entered: 01/21/2014) |
| 01/21/2014 | 73 | ORDER denying 68 Defendants' motion for enlargement of time to file amended motion to compel and for order setting the continued deposition of Plaintiff Jeannette Martello; denying 71 Plaintiffs' motion to postpone taking of depositions and to enlarge time. Signed by Magistrate Judge Paul A. Zoss on 1/21/2014. (PAB) (Entered: 01/21/2014) |
| 01/23/2014 | 74 | MOTION for protective order by JYM, LLC, Jeannette Martello. (Attachments: # 1 Affidavit, # 2 Exhibit) (Sobodash, Justin) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 01/23/2014) |
| 01/23/2014 | 75 | MEMORANDUM in opposition re 74 Motion for protective order filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 01/23/2014) |
| 01/24/2014 | 76 | TRANSCRIPT of Hearing held on 1-10-14 before Judge Paul A. Zoss. Court Reporter/Transcriber Amie R. First, RPR, CRR, AmieFirst.CourtReporter@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that |

| | | |
|---|---|---|
| | | date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 2/14/2014, Redacted Transcript Deadline set for 2/24/2014, Release of Transcript Restriction set for 4/24/2014. (ARF) (Entered: 01/24/2014) |
| 01/24/2014 | 77 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Amie First (ARF) (Entered: 01/24/2014) |
| 01/24/2014 | 78 | Minute Entry. Proceedings held before Magistrate Judge Paul A. Zoss: MISCELLANEOUS TELEPHONIC CONFERENCE held on 1/23/2014. Parties presented issue that arose during deposition to magistrate judge telephonically. Defendants withdrew objections and court concluded teleconference without entering an order. Hearing transcribed via court reporter that was present at deposition. (PAB) (Entered: 01/24/2014) |
| 01/24/2014 | 79 | ORDER granting 74 Motion for Protective Order. The Court will enter the protective order attached to the motion. Signed by Magistrate Judge Paul A. Zoss on 1/24/2014. (PAB) (Entered: 01/24/2014) |
| 01/24/2014 | 80 | Protective Order entered by the Court. See Doc. Nos. 74, 79. Signed by Magistrate Judge Paul A. Zoss on 1/24/2014. (PAB) (Entered: 01/24/2014) |
| 01/24/2014 | 81 | MOTION for sanctions *Against Plaintiffs and Alternative Motion to Compel* by All Defendants. (Attachments: # 1 Exhibits 1-14)(Norway, Robert) (Entered: 01/24/2014) |
| 02/03/2014 | 82 | (stricken per 86 order) MOTION to substitute attorney by Jeannette Martello. (filed pro se) (LAK) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 2/14/2014 (LAK). (Entered: 02/04/2014) |
| 02/03/2014 | 83 | (stricken per 86 order) MOTION for extension of time to file response to 81 MOTION for sanctions *and alternative* |

| | | *Motion to compel* by Jeannette Martello. (filed pro se) (LAK) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 2/14/2014 (LAK). (Entered: 02/04/2014) |
|---|---|---|
| 02/04/2014 | 84 | RESPONSE to Motion re 82 MOTION to Substitute Attorney, 83 MOTION for Extension of Time to File Response/Reply as to 81 MOTION for sanctions *Against Plaintiffs and Alternative Motion to Compel* filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 02/04/2014) |
| 02/06/2014 | 85 | RESPONSE in Opposition re 67 MOTION to Compel *documents in response to Requests for Production Nos. 15, 16 and 24 and for costs* filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibits A through D)(Norway, Robert) (Entered: 02/06/2014) |
| 02/13/2014 | 86 | ORDER striking 82 Motion to Substitute Attorney; striking 83 Plaintiffs' Motion for Extension of Time to File Response to Defendants' renewed motion to compel and for sanctions. The Court will enter a subsequent order setting a hearing, at which all parties and their counsel will be required to appear in-person to resolve all outstanding discovery issues, as well as all matters pertaining to Plantiffs' representation. The Clerk is directed to send a copy of this order to Dr. Martello by regular mail at the address provided herein. Plaintiffs' counsel are also ORDERED to immediately provide a copy of this order to Plaintiffs. Signed by Magistrate Judge Gregory J. Kelly on 2/13/2014. (PAB) (Entered: 02/13/2014) |
| 02/13/2014 | 87 | ORDER and NOTICE of hearing before the undersigned on TUESDAY, MARCH 11, 2014 at 10:30 A.M. in Courtrooom No. 3C. All parties and their counsel, including pro hace vice and local counsel, shall appear in-person. As set forth herein, the hearing will address all outstanding discovery issues, as well as all matters pertaining to Plaintiffs' reprsentation. This order does not affect, continue, or suspend any deadline, including any deadline to respond to outstanding motions. The Clerk is directed to send a copy of this order to Dr. Martello at the address provided herein by Regular Mail. Plaintiffs' counsel shall immediately provide Plaintiffs with a copy of this order. The parties |

| | | shall comply with directives contained herein. Signed by Magistrate Judge Gregory J. Kelly on 2/13/2014. (PAB) (Entered: 02/13/2014) |
|---|---|---|
| 02/13/2014 | 88 | TRANSCRIPT of Motion Hearing held on 12-18-13 before Judge Paul A. Zoss. Court Reporter/Transcriber Amie R. First, RPR, CRR, AmieFirst.CourtReporter@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 3/6/2014, Redacted Transcript Deadline set for 3/17/2014, Release of Transcript Restriction set for 5/14/2014. (ARF) Modified on 2/18/2014 (LAK). (Entered: 02/13/2014) |
| 02/13/2014 | 89 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Amie First (ARF) (Entered: 02/13/2014) |
| 02/14/2014 | | Set hearings: Discovery Hearing set for 3/11/2014 at 10:30 AM in Orlando Courtroom 3 C before Magistrate Judge Gregory J. Kelly. (LAK) (Entered: 02/14/2014) |
| 02/14/2014 | 90 | MOTION to Substitute Attorney by Augustus Sol Invictus on behalf of JYM, LLC, Jeannette Martello (Invictus, Augustus) Modified on 2/18/2014 (MAA). (Entered: 02/14/2014) |
| 02/14/2014 | 91 | MOTION in limine *to Exclude Expert Reports and Testimony of Charles P. Adams* by All Defendants. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, Richard) (Entered: 02/14/2014) |
| 02/14/2014 | 92 | AMENDED MOTION to Substitute Attorney by Augustus Sol Invictus on behalf of JYM, LLC, Jeannette Martello (Invictus, Augustus) Modified on 2/18/2014 (MAA). (Entered: 02/14/2014) |

| | | |
|---|---|---|
| 02/14/2014 | 93 | MOTION for summary judgment by All Defendants. (Attachments: # 1 Exhibit A - Part 1, # 2 Exhibit A - Part 2, # 3 Exhibit A - Part 3, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibits H - M)(Norway, Robert) (Entered: 02/14/2014) |
| 02/17/2014 | 94 | RESPONSE by JYM, LLC, Jeannette Martello re 92 Amended Motion for Substitution of Counsel and *NOTICE of February 2 2014 Termination of Justin Sobodash as counsel by Plaintiffs* (Sobodash, Justin) Modified on 2/18/2014 (MAA). (Entered: 02/17/2014) |
| 02/18/2014 | 95 | NOTICE by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan *of Filing Original Exhibits H through M in Support of Defendants' Motion for Summary Judgment* (Norway, Robert) (exhibits of 4 magazines, book and video filed separately on shelf in brown folder) (RDO). Modified on 4/17/2014 (LAK). (Entered: 02/18/2014) |
| 02/28/2014 | 96 | ORDER denying motion for substitution of counsel (Doc. No. 90) as moot. It is further ORDERED that: 1) the Court will resolve the amended motion for substitution of counsel (Doc. No. 92) at the March 11, 2014 hearing; 2) Messrs. Invictus and Sierra shall appear at the hearing in-person; 3) Mr. Sobodash may appear at the hearing telephonically; 4) If any of Plaintiffs' counsel fail to appear or are unprepared to fully discuss the issues set forth herein and in Court's prior order (Doc. No. 87), sanctions may be imposed; 5) Messrs. Invictus, Sobodash, and Sierra are counsel of record for Plaintiffs until further order of the Court; 6) the parties are directed to immediately confer in a good faith effort to resolve or narrow all outstanding discovery issues, including Defendants' request for sanctions; 7) on or before March 5, 2014, the parties shall file a joint statement identifying any issues that have been resolved or narrowed, and all remaining issues for the Court to resolve at the March 11, 2014 hearing; and 8) Plaintiffs' counsel shall immediately provide a copy of this order to Dr. Martello. Signed by Magistrate Judge Gregory J. Kelly on 2/28/2014. (PAB) Modified on 2/28/2014 (MAA). (Entered: 02/28/2014) |
| 02/28/2014 | 97 | MOTION for Justin Sobodash to withdraw as attorney by JYM, LLC, Jeannette Martello. (Sobodash, Justin) Motions |

| | | |
|---|---|---|
| | | referred to Magistrate Judge Gregory J. Kelly. (Entered: 02/28/2014) |
| 02/28/2014 | 98 | MOTION in limine by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Norway, Robert) (Entered: 02/28/2014) |
| 03/04/2014 | 99 | ORDER denying 97 Motion to Withdraw as Attorney. As previously ordered (Doc. No. 96), Mr. Sobodash shall appear at the March 11, 2014 hearing, either in person or by telephone. The Court will resolve Plaintiffs' motion for substitution of counsel (Doc. No. 92) at the March 11, 2014 hearing. Signed by Magistrate Judge Gregory J. Kelly on 3/4/2014. (PAB) (Entered: 03/04/2014) |
| 03/05/2014 | 100 | STATUS report *of all parties* by JYM, LLC, Jeannette Martello. (Sobodash, Justin) (Entered: 03/05/2014) |
| 03/07/2014 | 101 | MOTION for Richard D. Sierra to withdraw as attorney *for Plaintiffs* by JYM, LLC, Jeannette Martello. (Sierra, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 03/07/2014) |
| 03/10/2014 | 102 | Unopposed MOTION for to withdraw as attorney *for Plaintiffs* by All Plaintiffs. (Invictus, Augustus) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 03/10/2014) |
| 03/11/2014 | 103 | Minute Entry. Proceedings held before Magistrate Judge Gregory J. Kelly: Evidentiary Hearing held on 3/11/2014. (digital) (KKA) (Entered: 03/11/2014) |
| 03/11/2014 | 106 | AFFIDAVIT of Robert Rase by Jeannette Martello. (Attachments: # 1 Exhibit)(MAA) (Entered: 03/13/2014) |
| 03/11/2014 | 107 | DECLARATION of Jeanette Martello by Jeannette Martello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, Part 1, # 17 Exhibit 16, Part 2, # 18 Exhibit 17, Part 1, # 19 Exhibit 17, Part 2, # 20 Exhibit 17, Part 3, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, Part 1, # 26 |

| | | |
|---|---|---|
| | | Exhibit 22, Part 2, # 27 Exhibit 22, Part 3, # 28 Exhibit 23, # 29 Exhibit 24, # 30 Exhibit 25, # 31 Exhibit 26, # 32 Exhibit 27, # 33 Exhibit 28, Part 1, # 34 Exhibit 28, Part 2, # 35 Exhibit 29, # 36 Exhibit 30, # 37 Exhibit 31, # 38 Exhibit 32, Part 1, # 39 Exhibit 32, Part 2, # 40 Exhibit 32, Part 3)(MAA) (Entered: 03/13/2014) |
| 03/12/2014 | 104 | ORDER granting in part and denying in part 92 Motion to Substitute Attorney; denying as moot 101 Motion to Withdraw as Attorney; granting 102 Motion to Withdraw as Attorney; Granting Justin Sobodash's ore tenus motion to withdraw as counsel for Plaintiffs [Doc. No. 103]. It is further ORDERED that Dr. Martello will continue to proceed in this case pro se; all future pleadings, motions, orders, and other papers may be served on Dr. Martello at the address provided herein; on or before March 28, 2014, Dr. Martello shall file responses to the Motions at Docket Entry Nos. 91, 93, and 98; and the Clerk is directed to send Dr. Martello a copy of this order by Certified and Regular U.S. Mail at the address provided herein. Signed by Magistrate Judge Gregory J. Kelly on 3/12/2014. (PAB) (Entered: 03/12/2014) |
| 03/13/2014 | 105 | ORDER dismissing and terminating JYN, LLC as a party in this case. Signed by Chief Judge Anne C. Conway on 3/13/2014. (SR) (Entered: 03/13/2014) |
| 03/13/2014 | | Set deadlines as to 98 MOTION in limine, 91 MOTION in limine, 93 MOTION for summary judgment. Responses due by 3/28/2014. (LAK) (Entered: 03/13/2014) |
| 03/13/2014 | 108 | ORDER as to Plaintiff Dr. Jeannette Martello's obligations as a pro se plaintiff. The Clerk is directed to send Dr. Martello a copy of this order by both Certified and Regular U.S. Mail at the address provided herein. Signed by Magistrate Judge Gregory J. Kelly on 3/13/2014. (PAB) (Entered: 03/13/2014) |
| 03/18/2014 | 109 | ORDER granting in part and denying in part 67 Plaintiffs' Motion to Compel Documents in Response to Requests for Production; granting in part and denying in part 69 Defendants' Third Motion to Compel. Defendants are directed to immediately produce to Dr. Martello the vendor agreement(s) between Defendants and Walgreens that governed the sale of the products at issue in this case. On |

| | | |
|---|---|---|
| | | or before Friday, March 28, 2014, Dr. Martello shall produce to Defendants all documents responsive to Request Nos. 1-2 (See Doc. No. 69). The Clerk is directed to send Dr. Martello a copy of this order by both Certified and Regular U.S. Mail.. Signed by Magistrate Judge Gregory J. Kelly on 3/18/2014. (PAB) (Entered: 03/18/2014) |
| 03/21/2014 | 110 | TRANSCRIPT of a hearing on discovery, sanctions and representation held on March 11, 2014, before Judge Gregory J. Kelly. Court Reporter/Transcriber Diane Peede, FlaDiane@att.net,Telephone number 407-615-0305. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter.. Redaction Request due 4/11/2014, Redacted Transcript Deadline set for 4/21/2014, Release of Transcript Restriction set for 6/19/2014. (DP) (Entered: 03/21/2014) |
| 03/21/2014 | 111 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT (doc. no. 110). The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Diane Peede. (DP) (Entered: 03/21/2014) |
| 03/27/2014 | 112 | NOTICE of change of address by Justin Sobodash (Sobodash, Justin) (Entered: 03/27/2014) |
| 03/28/2014 | 113 | RESPONSE in Opposition re 93 MOTION for summary judgment filed by Jeannette Martello. (LAK) (Entered: 03/31/2014) |
| 03/28/2014 | 114 | MOTION for reconsideration and OBJECTION to 104 Order on Motion to withdraw as attorney and to give plaintiff time to find new counsel. (LAK) (Entered: 03/31/2014) |
| 03/28/2014 | 115 | MOTION for reconsideration and OBJECTION to 105 Order dismissing JYM, LLC as party. (LAK) (Entered: 03/31/2014) |

| 03/28/2014 | 116 | NOTICE that Jeannette Martello will be filing an objection to 109 Order. (LAK) (Entered: 03/31/2014) |
|---|---|---|
| 03/31/2014 | 117 | MOTION for order to show cause *why plaintiff should not be held in contempt* by All Defendants. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Norway, Robert) (Entered: 03/31/2014) |
| 03/31/2014 | 118 | RESPONSE in Opposition re 98 MOTION in limine filed by Jeannette Martello. (MAA) (Entered: 04/01/2014) |
| 03/31/2014 | 119 | RESPONSE in Opposition re 91 MOTION in limine *to Exclude Expert Reports and Testimony of Charles P. Adams* filed by Jeannette Martello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, Part 1, # 8 Exhibit 7, Part 2, # 9 Exhibit 7, Part 3, # 10 Exhibit 8, Part 1, # 11 Exhibit 8, Part 2, # 12 Exhibit 8, Part 3, # 13 Exhibit 8, Part 4, # 14 Exhibit 9, # 15 Exhibit 10, # 16 Exhibit 11, Part 1, # 17 Exhibit 11, Part 2, # 18 Exhibit 11, Part 3, # 19 Exhibit 11, Part 4, # 20 Exhibit 11, Part 5, # 21 Exhibit 12, # 22 Exhibit 13, # 23 Exhibit 14, Part 1, # 24 Exhibit 14, Part 2, # 25 Exhibit 14, Part 3, # 26 Exhibit 15, # 27 Exhibit 16, # 28 Exhibit 17, Part 1, # 29 Exhibit 17, Part 2, # 30 Exhibit 17, Part 3, # 31 Exhibit 17, Part 4)(MAA) (Entered: 04/01/2014) |
| 04/01/2014 | 120 | DECLARATION of Jeannette Martello. (MAA) (Entered: 04/01/2014) |
| 04/02/2014 | 121 | ORDER referring motion to Magistrate Judge for ruling, or if necessary, issuance of a Report and Recommendation: 98 MOTION in limine filed by Product Quest Manufacturing, LLC, Product Quest Manufacturing, Inc., John T. Regan. Signed by Chief Judge Anne C. Conway on 4/2/2014. (SR) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 04/02/2014) |
| 04/02/2014 | 122 | NOTICE by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan *of Lack of Service* (Norway, Robert) (Entered: 04/02/2014) |
| 04/02/2014 | 123 | (strike and return per 132 order) NOTICE of filing CD of exhibits by Jeannette Martello in support of 119 Response in Opposition to Motion. (LAK) Modified on 4/8/2014 (LAK). (Entered: 04/03/2014) |

| 04/02/2014 | 124 | (strike and return per 132 order) NOTICE of filing CD of exhibits by Jeannette Martello in support of 120 Declaration. (LAK) Modified on 4/8/2014 (LAK). (Entered: 04/03/2014) |
| 04/02/2014 | 125 | (strike and return per 132 order) NOTICE of filing CD of exhibits by Jeannette Martello in support of 113 Response in Opposition to Motion. (LAK) Modified on 4/8/2014 (LAK). (Entered: 04/03/2014) |
| 04/02/2014 | 126 | (strike and return per 132 order) NOTICE of filing CD of exhibits by Jeannette Martello in support of 114 OBJECTION and MOTION for Reconsideration. (LAK) Modified on 4/8/2014 (LAK). (Entered: 04/03/2014) |
| 04/02/2014 | 127 | (strike and return per 132 order) NOTICE of filing CD of exhibits by Jeannette Martello to 115 OBJECTION and MOTION for Reconsideration. (LAK) Modified on 4/8/2014 (LAK). (Entered: 04/03/2014) |
| 04/04/2014 | 128 | Unopposed MOTION to extend time to File Reply in Support of Summary Judgment by All Defendants. (Norway, Robert) (Entered: 04/04/2014) |
| 04/04/2014 | 129 | RESPONSE re 122 Notice Regarding Lack of Service filed by Jeannette Martello. (RDO) (Entered: 04/04/2014) |
| 04/04/2014 | 130 | OBJECTION to 109 Order by Jeannette Martello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 6a, # 8 Exhibit 6b, # 9 Exhibit 6c, # 10 Exhibit 7)(LAK) (Entered: 04/07/2014) |
| 04/07/2014 | 131 | ORDER granting 128 Motion to extend time. Signed by Chief Judge Anne C. Conway on 4/7/2014. (Conway, Anne) (Entered: 04/07/2014) |
| 04/07/2014 | 132 | ORDER STRIKING AND RETURNING re 124 Notice (Other) filed by Jeannette Martello, 125 Notice (Other) filed by Jeannette Martello, 127 Notice (Other) filed by Jeannette Martello, 123 Notice (Other) filed by Jeannette Martello, 126 Notice (Other) filed by Jeannette Martello. For the reasons set forth herein, the Clerk is directed to STRIKE and RETURN the CDs filed by Dr. Materllo at Docket Entry Nos. 123-127. If Dr. Martello wishes to amend or supplement any motion, response, or declaration that she has previously filed, Dr. Martello must first, after |

| | | |
|---|---|---|
| | | complying with Local Rule 3.01(g), file a motion requesting leave to amend or supplement. Signed by Magistrate Judge Gregory J. Kelly on 4/7/2014. (PAB) (Entered: 04/07/2014) |
| 04/11/2014 | 133 | MOTION for protective order by Jeannette Martello. (CD with exhibits submitted) (LAK) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 04/14/2014) |
| 04/14/2014 | 134 | MEMORANDUM in opposition re 115 Motion for Reconsideration, 114 Motion for Reconsideration filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 04/14/2014) |
| 04/14/2014 | | Mail returned "attempted-not known" re: 121 Order. Mail not resent to Justin Sobodash. Now receiving electronically. (LAK) (Entered: 04/14/2014) |
| 04/14/2014 | 135 | MEMORANDUM in opposition re 117 Motion for order to show cause filed by Jeannette Martello. (2 CDs of exhibits attached to document and placed in file folder) (RDO) (Entered: 04/15/2014) |
| 04/15/2014 | 136 | NOTICE by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan *of Supplemental Certificate of Service* (Norway, Robert) (Entered: 04/15/2014) |
| 04/15/2014 | 137 | MOTION to modify *CMSO to Permit Defendant's Lead Trial Counsel to Attend a Portion of the Final Pretrial Meeting Telephonically* by All Defendants. (Norway, Robert) (Entered: 04/15/2014) |
| 04/15/2014 | 138 | NOTICE by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan *of Supplemental Local Rule 3.01(g) Certification for Defendants' Motion to Modify CMSO* (Norway, Robert) (Entered: 04/15/2014) |
| 04/21/2014 | 139 | MEMORANDUM in opposition re 130 Objection *to U.S. Magistrate Judge's Order of March 18, 2014* filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 04/21/2014) |
| 04/21/2014 | 140 | REPLY in support of 93 MOTION for summary judgment filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) Text |

| | | |
|---|---|---|
| | | modified on 4/22/2014 (RDO). (Entered: 04/21/2014) |
| 04/21/2014 | | Mail returned as Undeliverable (marked unclaimed) re: 105 Order, 108 Order, 109 Order on motion to compel. Mail not resent to Jeanette Martello. (MAA) Modified on 4/22/2014 (MAA). (Entered: 04/22/2014) |
| 04/22/2014 | 141 | ORDER granting 137 Motion to modify CMSO. Signed by Chief Judge Anne C. Conway on 4/22/2014. (Conway, Anne) (Entered: 04/22/2014) |
| 04/22/2014 | 142 | Unopposed MOTION to extend time until 5/14/14 to *file joint Final Pretrial Statement and for the court to set a Rule 16 Conference* prior to trial by All Defendants. (Attachments: # 1 Exhibits 1 & 2)(Norway, Robert) Modified on 4/23/2014 (LAK). (Entered: 04/22/2014) |
| 04/23/2014 | 143 | ORDER granting 142 Motion to extend time until May 14, 2014 to file joint final pretrial statement. This matter is referred to the Magistrate Judge to conduct a Pretrial Conference. Signed by Chief Judge Anne C. Conway on 4/23/2014. (Conway, Anne) (Entered: 04/23/2014) |
| 04/23/2014 | | Reset scheduling order deadlines: Pretrial statement due by 5/14/2014 (MAA) (Entered: 04/24/2014) |
| 04/24/2014 | 144 | DECLARATION of Jeannette Martello in support of 142 Motion to Extend Time. (2 discs of exhibits attached) (RDO) Text modified on 4/24/2014 (RDO). (Entered: 04/24/2014) |
| 04/28/2014 | 145 | MEMORANDUM in opposition re 133 Motion for protective order filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Exhibit 1)(Norway, Robert) (Entered: 04/28/2014) |
| 04/29/2014 | 146 | DECLARATION of by Jeannette Martello regarding Defendant's Sanctionable Conduct. (2 discs of exhibit attached) (RDO) Text modified on 4/29/2014 (RDO). (Entered: 04/29/2014) |
| 04/30/2014 | 147 | NOTICE of Defendant's Bad Faith Dilatory Tactics filed by Jeannette Martello (2 discs of exhibits attached) (RDO) Text modified on 5/1/2014 (RDO). (Entered: 05/01/2014) |
| 04/30/2014 | 148 | Notice of filing DECLARATION of Jeannette Martello in support of 113 Response in Opposition to Motion by Jeannette Martello. (RDO) (Entered: 05/01/2014) |

| | | |
|---|---|---|
| 04/30/2014 | 149 | Notice of Filing AFFIDAVIT of Charles P. Adams in support of 113 Response in Opposition to Motion by Jeannette Martello. (Attachments: # 1 Exhibits 1-3, # 2 Exhibit 4, # 3 Exhibit 5)( 2 discs of exhibit attached) (RDO) Modified on 5/1/2014 (RDO). (Entered: 05/01/2014) |
| 05/05/2014 | 150 | MOTION to supplement Exhibits to 113 Response in Opposition by Jeannette Martello.(4 CDs of exhibits filed separately in accordion folder) (RDO) (Entered: 05/06/2014) |
| 05/05/2014 | 151 | MOTION to supplement an Exhibit in support of 114 MOTION for Reconsideration and Objection to Order by Jeannette Martello. (4 CDs of exhibits filed separately in accordion folder) (RDO) (Entered: 05/06/2014) |
| 05/05/2014 | 152 | MOTION to supplement an Exhibit in Support of 115 MOTION to Reconsider and Objection to Order by Jeannette Martello. (4 CDs of exhibits filed separately in accordion folder) (RDO) (Entered: 05/06/2014) |
| 05/05/2014 | 153 | MOTION to supplement an Exhibit to 118 Response to Motion by Jeannette Martello. (4 CDs filed separately in accordion folder) (RDO) (Entered: 05/06/2014) |
| 05/05/2014 | 154 | MOTION to supplement an Exhibit in support of 120 Declaration of by Jeannette Martello. (4 CDs of exhibits filed separately in accordion folder) (RDO) (Entered: 05/06/2014) |
| 05/06/2014 | 155 | MOTION for miscellaneous relief, specifically for Order Directing Plaintiff to Comply with Case Management and Scheduling Order or, in the Alternative, for Relief from the Pretrial Deadlines and Continuation of Trial by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 05/06/2014) |
| 05/07/2014 | 156 | MOTION to produce Exhibits 74 & 75 of Adams' Deposition by Jeannette Martello. (MAA) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 5/8/2014 (MAA). (Entered: 05/07/2014) |
| 05/08/2014 | 157 | MOTION requesting leave to supplement an Exhibit in support of 116 Declaraton by Jeannette Martello. (Attachments: # 1 Attachments/Exhibits)(RDO) (Entered: 05/08/2014) |

| 05/08/2014 | 158 | CERTIFICATE/NOTICE of service by Jeannette Martello re 154 MOTION to supplement an Exhibit in support of 120 Declaration of Jeanette Martello, 149 Affidavit, 147 Notice (Other), 148 Declaration, 152 MOTION to supplement an Exhibit in Support of 115 MOTION to Reconsider and Objection to Order, 151 MOTION to supplement an Exhibit in support of 114 MOTION for Reconsideration and Objection to Order, 153 MOTION to supplement an Exhibit to 118 Response to Motion, 150 MOTION to supplement Exhibits to 113 Response in Opposition. (RDO) (Entered: 05/08/2014) |
|---|---|---|
| 05/14/2014 | 159 | DEFENDANT'S PRETRIAL statement by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D, # 5 Appendix E, # 6 Appendix F, # 7 Appendix G, # 8 Appendix H, # 9 Appendix I, # 10 Appendix J, # 11 Appendix K, # 12 Appendix L, # 13 Appendix M, # 14 Appendix N, # 15 Appendix O, # 16 Appendix P, # 17 Appendix Q, # 18 Appendix R)(Norway, Robert) Modified on 5/22/2014 (MAA). (Entered: 05/14/2014) |
| 05/14/2014 | 160 | NOTICE of Evidentiary Proffer by Jeannette Martello (2 CDs of exhibits filed separately in brown folder) (RDO) (Entered: 05/15/2014) |
| 05/20/2014 | 161 | SEPARATE FILING OF THE JOINT PRETRIAL statement claims and damages section by Jeannette Martello. (EJS) (Entered: 05/21/2014) |
| 05/20/2014 | 162 | CLAIMS AND DAMAGES SECTION to the joint pretrial statement by Jeannette Martello (EJS) (Entered: 05/21/2014) |
| 05/22/2014 | 163 | MEMORANDUM in opposition re 154 Motion to supplement, 157 Motion to supplement, 152 Motion to supplement, 151 Motion to supplement, 153 Motion to supplement, 150 Motion to supplement filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan. (Norway, Robert) (Entered: 05/22/2014) |
| 05/27/2014 | 164 | RESPONSE in Opposition re 156 MOTION to produce Exhibits 75 & 75 of Adams' Deposition filed by Product Quest Manufacturing, Inc., Product Quest Manufacturing, |

| | | |
|---|---|---|
| | | LLC, John T. Regan. (Attachments: # 1 Exhibit Declaration) (Mitchell, Richard) (Entered: 05/27/2014) |
| 05/28/2014 | 165 | Proposed Jury Instructions by Jeannette Martello. (2 discs received and filed separately in brown folder)(RDO) (Entered: 05/29/2014) |
| 05/30/2014 | 166 | ORDER overruling 114 Objection to the Magistrate Judge's Order permitting her attorney to withdraw. The Magistrate Judge's March 12 Order (Doc. No. 104 ) is AFFIRMED. Plaintiff's Motion for Reconsideration of the undersigned's Order dismissing JYM, LLC as a party to this action (Doc. No. 115 ), filed March 28, 2014, is DENIED. Plaintiff's Motions to Supplement (Doc. Nos. 151 and 152 ), filed May 5, 2014, are DENIED. Signed by Chief Judge Anne C. Conway on 5/29/2014. (SR)(ctp) (Entered: 05/30/2014) |
| 05/30/2014 | 167 | ORDER denying 133 Motion for Protective Order. The reference of Plaintiff's Motion for Protective Order (Doc. No. 133 ) to the Magistrate Judge is WITHDRAWN. Plaintiff Jeannette Martello's Objection to the Magistrate Judge's March 18 Order(Doc. No. 130 ), filed April 4, 2014, is OVERRULED. The Magistrate Judge's Order (Doc. No. 109 ) is AFFIRMED. On or before 5 p.m. EDT on Wednesday, June 4, 2014, Plaintiff shall produce the tax return documents identified in the Magistrate Judge's Order of March 18, 2014 (Doc. No. 109 ). Failure to produce those documents by 5 p.m. on June 4, 2014 will immediately result in the imposition of SANCTIONS against Plaintiff which may result in the dismissal of this case.Signed by Chief Judge Anne C. Conway on 5/29/2014. (SR) (Entered: 05/30/2014) |
| 05/30/2014 | 168 | EMERGENCY MOTION to stay 167 order by Jeannette Martello. (Attachments: # 1 Exhibit)(LAK) (Entered: 05/30/2014) |
| 05/30/2014 | 169 | MOTION for order to show cause why defendants should not be held in contempt by Jeannette Martello. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(LAK) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 05/30/2014) |

| 05/30/2014 | 170 | NOTICE OF INTERLOCUTORY APPEAL as to 167 Order on Motion for Protective Order, 166 Order on Motion for Reconsideration by Jeannette Martello. Filing fee not paid. (LAK) (Entered: 05/30/2014) |
| 05/30/2014 | 171 | ORDER denying 168 Motion for an Emergency Stay of Order. Signed by Chief Judge Anne C. Conway on 5/30/2014. (SR) (Entered: 05/30/2014) |
| 05/30/2014 | 172 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 170 Notice of Interlocutory Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LAK) (Entered: 05/30/2014) |
| 06/02/2014 | 173 | ORDER denying 117 Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt. See Doc. No. 167 at 4. Signed by Magistrate Judge Gregory J. Kelly on 6/2/2014. (PAB) (Entered: 06/02/2014) |
| 06/04/2014 |  | USCA appeal fees received $505 - receipt number ORL034485, re 170 Notice of Interlocutory Appeal filed by Jeannette Martello (RDO) (Entered: 06/04/2014) |
| 06/04/2014 | 174 | ORDER of USCA as to 170 Notice of Interlocutory Appeal filed by Jeannette Martello. EOD: 6/4/14; USCA number: 14-12410. Issued as the mandate. Emergency motion for stay pending appeal is denied as moot. THE CLERK IS DIRECTED TO TREAT ANY MOTION FOR RECONSIDERATION OF THIS ORDER AS A NON-EMERGENCY ORDER. ORDER OF DISMISSAL ISSUED AS THE MANDATE. (LAK) (Entered: 06/04/2014) |
| 06/04/2014 | 175 | EMERGENCY MOTION to stay re 167 Order on Motion for Protective Order by Jeannette Martello. (with exhibits 1-4 on disk) (MAA) (Entered: 06/04/2014) |
| 06/04/2014 | 176 | NOTICE by Product Quest Manufacturing, Inc., Product Quest Manufacturing, LLC, John T. Regan re 167 Order on Motion for Protective Order, 171 Order on motion to stay of Plaintiff's Failure to Comply with Court Orders (Attachments: # 1 Exhibits 1 and 2)(Norway, Robert) (Entered: 06/04/2014) |

| 06/05/2014 | 177 | ORDER denying as moot 175 motion to stay signed by Chief Judge Anne C. Conway on 6/5/2014. (AKJ) (Entered: 06/05/2014) |
| 06/06/2014 | 178 | ORDER dismissing case for Plaintiff's failure to comply with court orders - re 176 Notice (Other). All pending motions are denied as moot and the clerk is directed to close the file signed by Chief Judge Anne C. Conway on 6/6/2014. (AKJ) (Entered: 06/06/2014) |
| 06/11/2014 | 179 | NOTICE OF APPEAL as to 178 Order dismissing case by Jeannette Martello. Filing fee not paid. (Attachments: # 1 Exhibits 1-3)(RDO) (Entered: 06/11/2014) |